1   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    JOHN L. BARBER, SB# 160317
2      E-Mail: John.Barber@lewisbrisbois.com
    650 Town Center Drive, Suite 1400
3   Costa Mesa, California 92626
    Telephone: 714.545.9200
4   Facsimile: 714.850.1030

5   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    GARY K. BRUCKER, JR., SB# 238644
6      E-Mail: Gary.Brucker@lewisbrisbois.com
    701 B Street, Suite 1900
7   San Diego, California 92101
    Telephone: 619.233.1006
8   Facsimile: 619.233.8627

9   Attorneys for Defendant AVIDAS
    PHARMACEUTICALS, LLC, a
10  limited liability company

11

12              UNITED STATES DISTRICT COURT

13            SOUTHERN DISTRICT OF CALIFORNIA

14

15  LA JOLLA SPA MD, INC., a            CASE NO.   **'17 CV 1124 MMA WVG**
    corporation, and DIANNE YORK-
16  GOLDMAN, an individual,             **DEFENDANT AVIDAS**
                                        **PHARMACEUTICALS, LLC's**
17            Plaintiffs,               **NOTICE OF REMOVAL BASED**
                                        **ON DIVERSITY JURISDICTION**
18         vs.
                                        **[28 U.S.C. §§ 1441, 1446, 1332]**
19  AVIDAS PHARMACEUTICALS,
    LLC, a limited liability company, and   **DEMAND FOR JURY TRIAL**
20  DOES 1 through 10 inclusive,
                                        Trial Date:     None Set
21            Defendants.

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-8062-0105.1

1   TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
2   DISTRICT OF CALIFORNIA AND TO THE PLAINTIFFS AND THEIR
3   COUNSEL OF RECORD:
4   PLEASE TAKE NOTICE that defendant Avidas Pharmaceuticals, LLC
5   ("Avidas") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1146,
6   asserting original federal jurisdiction under 28 U.S.C. § 1332(a), to effect the
7   removal of the above-captioned action, which was originally commenced in the
8   Superior Court of the State of California in and for the County of San Diego.  The
9   Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332(a) for
10   the following reasons:

**BACKGROUND**

11
12   1.   On or about April 20, 2017, plaintiffs La Jolla Spa MD, Inc. and
13   Dianne York-Goldman ("Plaintiffs") filed a Complaint (the "Complaint") against
14   defendant Avidas in the Superior Court of the State of California, County of San
15   Diego, Case No. 37-2017-00014484-CU-BC-CTL.
16   2.   The Complaint alleges: (a) breach of contract; (b) breach of the
17   covenant of good faith and fair dealings; (c) fraud/deceit; (d) unjust enrichment;
18   (e) unfair competition (Bus. & Prof. Code Section 17200 et seq.); and (f) intentional
19   interference with prospective economic relations.  Copies of all of the pleadings and
20   papers filed in the Superior Court of San Diego County, California of which Avidas
21   is aware are attached hereto as Exhibits A through E.
22   3.   The Complaint seeks the following relief: (a) general and compensatory
23   damages; (b) punitive damages; (c) attorney fees; (d) interest; (e) restitution and/or
24   disgorgement; and (f) costs of suit.  (Ex. A hereto.)

**GROUNDS FOR REMOVAL**

25
26   4.   This action is removable under 28 U.S.C. § 1441(a)-(b), which
27   provides for the removal of state court civil actions over which U.S. District Courts
28   have original jurisdiction.  As explained below, the Court has original jurisdiction

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-8062-0105.1                                             1
DEFENDANT'S NOTICE OF REMOVAL BASED ON DIVERSITY JURISDICTION

over this case pursuant to 28 U.S.C. § 1332(a) because:  (a) Plaintiffs and Avidas are citizens of different states; and (b) the matter in controversy more likely than not exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).

## DIVERSE CITIZENSHIP OF THE PARTIES

### Plaintiffs' Citizenship

5.      Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"  Plaintiff La Jolla Spa MD, Inc. alleges that it is a California Corporation, with its principal place of business in San Diego County, California.  (Complaint ¶ 1.)  Avidas is therefore informed and believes, and on that basis alleges, that La Jolla Spa MD, Inc. is and at all relevant times herein was a citizen of the State of California.

6.      For purposes of establishing diversity, a person is a "citizen" of the state in which she is domiciled.  *Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A party's residence is *prima facie* evidence of her domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

7.      Plaintiff Dianne York-Goldman alleges that she is a resident of San Diego County, California. (Complaint ¶ 1.)  Avidas is therefore informed and believes, and on that basis alleges, that Ms. York-Goldman is and at all relevant times herein was a resident of the State of California.

8.      Ms. York-Goldman's California residence is *prima facie* evidence of her domicile, which, for diversity purposes, constitutes her citizenship.  *Kantor*, 704 F.2d at 1090; *State Farm*, 19 F.3d at 520.  Avidas is informed and believes, and on that basis alleges, that Ms. York-Goldman is and at all relevant times herein was a resident of the State of California.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-8062-0105.1

2

DEFENDANT'S NOTICE OF REMOVAL BASED ON DIVERSITY JURISDICTION

**Defendant Avidas' Citizenship**

9.      Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"  Avidas is Delaware Limited Liability Company, with its principal place of business in Doylestown, Pennsylvania.  (Declaration of Margie Gardner ("Gardner Dec.") ¶ 2.)

10.      "Principal place of business," for purposes of 28 U.S.C. § 1332(c)(1) refers to the "place where the corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  In practice, this is "normally [. . .] the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds it board meetings." *Id.*

11.      Avidas' principal place of business is Pennsylvania because that is where Avidas' officers direct, control, and coordinate Avidas' activities.  (Gardner Dec. ¶ 2.)  Avidas' corporate headquarters, where its high-level executive management and administrative functions are performed, is located in Pennsylvania. (*Id.*)

12.      Consequently, under the headquarters test set forth in *Hertz Corp.*, Avidas' principal place of business is located in Pennsylvania and, as a result, Avidas is not now, and was not at the time of the filing of the complaint, a citizen of the State of California within the meaning of the Acts of Congress relating to the removal of cases.

## AMOUNT IN CONTROVERSY

13.      To satisfy the $75,000 amount in controversy requirement set forth in 28 U.S.C. § 1332(a), the removing party must demonstrate that the amount in controversy "more likely than not" exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996).  The District Court may consider

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  whether it is facially apparent from the Complaint that the jurisdictional amount is

2  met.  *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997);

3  *Conrad Assoc. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198

4  (N.D. Cal. 1998).

5      14.    It is facially apparent from the Complaint that the alleged amount in

6  controversy in this case more likely than not exceeds $75,000 based on the fact that

7  the Complaint seeks damages for, *inter alia*, breach of a licensing and sales

8  agreement that values the intellectual property rights at issue (i.e., "know-how" and

9  a trademark for Vitaphenol Products) at no less than $1,500,000, as well as fraud

10  related to the alleged failure to pay royalties.  (Complaint ¶¶ 5, 14, 22.)

11      15.    With regard to Plaintiffs' claim for breach of contract alone, their

12  alleged damages more likely than not satisfies the $75,000 amount in controversy

13  test.  First, the agreement at issue required Avidas to make royalty payments of eight

14  percent of Avidas' profit on its sales of Vitaphenol Products until the royalty

15  payments total $1,500,000, at which point the "know-how" and a trademark for

16  Vitaphenol Products was to be conveyed to Avidas.  (Agreement ¶ 5, Ex. 1 to

17  Gardner Dec.)  Second, Avidas has paid approximately $90,000 in royalties per the

18  agreement to date.  (Gardner Dec. ¶ 3.)  Finally, Plaintiffs allege that, despite

19  Avidas' termination of the agreement in 2014 (Compl. ¶ 11), that Avidas continued

20  the "unlawful using of Plaintiffs['] trademark."  (*Id.* ¶ 14.)  Consequently, under the

21  contact, the amount in controversy ranges anywhere from zero to approximately

22  $1,410,000 in damages.

23      16.    In addition to contract damages, punitive damages are also properly

24  included in computing the jurisdictional amount.  *Gibson v. Chrysler Corp.*, 261

25  F.3d 927, 945 (9th Cir. 2001).  A removing defendant may demonstrate that it is

26  facially apparent from the complaint that the claims likely exceed $75,000 by

27  showing that punitive damages have been pleaded.  In this case, Plaintiffs have

28  demanded punitive damages.  (Ex. A hereto.)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-8062-0105.1

4

DEFENDANT'S NOTICE OF REMOVAL BASED ON DIVERSITY JURISDICTION

17.     Taking into consideration the value of Plaintiffs' breach of contract damages, as well as their demand for punitive damages, Avidas respectfully submits that the amount in controversy more likely than not exceeds $75,000.

## TIMELINESS OF REMOVAL

18.     The Complaint was served on Avidas on May 4, 2017.  A copy of the Proof of Service is attached hereto as <u>Exhibit E</u>.  Under California Code of Civil Procedure § 415.10, service is deemed complete at the time of such delivery.  This Notice of Removal is therefore timely because it is filed within thirty (30) days of the date of service on Avidas of a copy of the Complaint.  28 U.S.C. § 1446(b).

## VENUE IS PROPER

19.     Venue lies in the Southern District of California pursuant to 28 U.S.C. §§ 1441(a), 1391(a), and 84(c) because the state court action was filed in this District and Division.

## NOTICE OF REMOVAL

20.     This Notice of removal will be promptly served on Plaintiffs and filed with the Clerk of the Superior Court of the State of California in and for the County of San Diego.

21.     In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" on file in the state court action are attached hereto:

| EXHIBIT | DOCUMENT TITLE | DATE |
|---------|----------------|------|
| A. | Complaint | April 20, 2017 |
| B. | Civil Case Cover Sheet | April 20, 2017 |
| C. | Summons | April 20, 2017 |
| D. | Notice of Case Assignment | April 20, 2017 |
| E. | Proof of Service of Complaint | May 16, 2017 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    WHEREFORE, Avidas respectfully requests that the above-captioned action

2  pending before the Superior Court of the State of California for the County of San

3  Diego be removed to the United States District Court for the Southern District of

4  California.

5  DATED: June 2, 2017                 Respectfully submitted,

6                                      LEWIS BRISBOIS BISGAARD & SMITH LLP

7

8

9                                      By:          /s/ Gary K. Brucker, Jr.

10                                          Gary K. Brucker, Jr.
                                            Attorneys for Defendant AVIDAS
11                                          PHARMACEUTICALS, LLC, a limited
                                            liability company
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## **JURY TRIAL DEMANDED**

2          Defendant hereby demands a jury trial on all issues properly tried by a jury.

3    DATED: June 2, 2017                    Respectfully submitted,

4                                           LEWIS BRISBOIS BISGAARD & SMITH LLP

5

6

7                                          By:    /s/ Gary K. Brucker, Jr.

8                                                 Gary K. Brucker, Jr.
                                                  Attorneys for Defendant AVIDAS
9                                                 PHARMACEUTICALS, LLC, a limited
                                                  liability company
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

EXHIBIT "A"

EXHIBIT "A"

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/20/2017** at 02:58:31 PM
Clerk of the Superior Court
By Carla Brennan,Deputy Clerk

1  Sean Simpson, Esq. SBN 145514
   Jayme Simpson, Esq. SBN 290595
2  Rachel Jurad, Esq. SBN 299761
   Rich Mackie, Esq. SBN 314196
3  **SIMPSON LAW GROUP, LLP**
   121 Broadway, Sixth Floor
4  San Diego, California 92101
   Telephone: (619) 236-9696
5  Facsimile: (619) 236-9697

6  Attorneys for Plaintiff
   LA JOLLA SPA, MD, INC. and;
7  DIANNE YORK-GOLDMAN

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF SAN DIEGO - CENTRAL

10

11  LA JOLLA SPA MD, INC., a corporation, and )   CASE NUMBER: 37-2017-00014484-CU-BC-CTL
    DIANNE YORK-GOLDMAN, an individual,     )
12                                          )
                                            )   **COMPLAINT FOR DAMAGES:**
13              Plaintiffs,                 )
                                            )   1.  **BREACH OF CONTRACT;**
14  v.                                      )   2.  **BREACH OF THE COVENANT OF**
                                            )       **GOOD   FAITH   AND   FAIR**
15                                          )       **DEALING;**
                                            )   3.  **FRAUD / DECEIT;**
16  AVIDAS PHARMACEUTICALS, LLC, a          )   4.  **UNJUST ENRICHMENT.**
    limited liability company, and DOES 1 through )  5.  **UNFAIR COMPETITION (Bus. &**
17  10 inclusive,                           )       **Prof. Code Section 17200 et seq.)**
                                            )   6.  **INTENTIONAL   INTERFERENCE**
18              Defendants.                 )       **WITH PROSPECTIVE ECONOMIC**
                                            )       **RELATIONS**
19                                          )
                                            )
20                                          )

21       COMES NOW Plaintiffs, LA JOLLA SPA MD, INC., and DIANNE YORK-GOLDMAN

22  (collectively "Plaintiffs") and for causes of action against defendants and each of them, complain and

23  allege as follows:

                        **CERTIFICATION OF PROPER VENUE**

24
        Plaintiffs certify that the downtown branch of the San Diego Superior Court
25
    is a proper venue for this action by virtue of: (1) Plaintiff LA JOLLA SPA MD, INC., was a
26
    corporation incorporated, located, and licensed in San Diego County, California at the time of the
27
    causes of action alleged herein took place; (2) Plaintiff DIANNE YORK-GOLDMAN is a resident
28

                                Complaint, page 1

1    of San Diego County, California; (3) the contract entered into by Plaintiffs and Defendant was entered

2    into in San Diego, California; (4) the acts and/or omissions upon which the causes of action herein

3    alleged are based took place in the County of San Diego, California; (5) pursuant to paragraph 11 (e)

4    the contract states "this Agreement shall be construed, interpreted, administered and governed in

5    accordance with the laws of California." Further, the amount in controversy exceeds the $25,000.00

6    jurisdictional minimum of the Superior Court.

7                                 **GENERAL ALLEGATIONS**

8        1.      Plaintiff LA JOLLA SPA MD, INC., was a spa incorporated, created, and existing

9    under California law, and at all times relevant in this complaint had its primary place of business in

10    the County of San Diego, State of California. Plaintiff DIANNE YORK-GOLDMAN is an individual

11    who resides in the County of San Diego, State of California, who incorporated LA JOLLA SPA MD,

12    INC.

13        2.      Defendants AVIDAS PHARMACEUTICALS, LLC, (hereinafter "Avidas") is a limited

14    liability company, who entered into a contract with Plaintiffs.  As alleged below, Plaintiffs and

15    Defendants entered into a contract for royalty payments from Defendant to Plaintiff for Defendant's

16    sale and eventual ownership of the Vitaphenol product line and for license to Plaintiffs' trademark,

17    which Defendant intentionally breached.

18        3.      Plaintiffs are unaware of the true names and capacities of the Defendants named as

19    DOES 1-10, and therefore sues these defendants as fictitious parties.  Plaintiffs will, upon learning

20    the true names and capacities of these DOE defendants, seek leave to amend the complaint so that the

21    true names and capacities of these individuals may be added to the complaint. At this time, Plaintiffs

22    state on information and belief that each of the fictitiously named defendants is and/or acted as the

23    agent of the other defendants and is responsible for the occurrences herein alleged, and is liable to

24    plaintiffs for the damages proximately caused thereby.

25        4.      On September 29, 2008, Avidas signed a contract titled "Know-How and Trademark

26    License and Purchase Agreement" (hereinafter "Contract").   The Contract expressly provided that

27    Plaintiffs agreed to grant Avidas licenses to the "Know-How" and trademark related to Vitaphenol.

28    The Contract further provided that Plaintiff would transfer ownership of the "know-how" and

1   trademark for Vitaphenol to Avidas upon payment by Avidas of one million five-hundred thousand

2   dollars, ($1,500,000) in royalty payments. After the payment of one million five-hundred thousand

3   dollars, ($1,500,000,) in royalty payments, Avidas would continue to pay Plaintiff a five percent (5%)

4   royalty.

5        5.     The Contract specifically provides "Consideration for the York-Goldman Grant: a. In

6   consideration of the York-Goldman Grant, Avidas agrees to pay York-Goldman a royalty of eight

7   percent (8%) on Avidas' Profit on its sales of Vitaphenol Products until the total royalty paid by

8   Avidas to York-Goldman shall reach one million five-hundred thousand dollars, ($1,500,000.) The

9   Contract further provides:   "In consideration of the continuing right to use the La Jolla Spa MD

10   trademark as well as the endorsements of La Jolla Spa and/or Mitchel Goldman, MD on Vitaphenol

11   Product labeling and/or in promotion, following payment of one million five-hundred thousand

12   dollars, ($1,500,000.) in royalties as provided above, Avidas shall discontinue paying an eight percent

13   (8%) royalty and agrees to pay York-Goldman a royalty of five percent (5%) of Avidas's Profit on

14   Vitaphenol Products, calculated as above, on all subsequent sales of each Products. In the event

15   Avidas subsequently transfers ownership of, or licenses, the Know-How and Vitaphenol trademark

16   to a third party, Avidas agrees to obligate the purchaser or licensee to continue paying such five

17   percent (5%) royalty."

18        6.     The titled of "Cooperation" in the Contract states: "a. Following execution of this

19   Agreement, Mitchel Goldman agrees to cooperate with Avidas as reasonably requested to provide

20   Avidas with all the relevant information relating to the Vitaphenol Products. Mitchel Goldman agrees

21   to cooperate with Avidas as reasonably requested to facilitate Avidas' development of its business

22   utilizing the Know-How and Vitaphenol trademark. Compensation for Mitchel Goldman's time for

23   consultancy not related to this Agreement shall be provided pursuant to a consulting agreement

24   between Mitchel Goldman and Avidas."

25        7.     Further, the Contract states: "During the Term of this Agreement, York-Goldman

26   agrees to promptly furnish Avidas all additional information and data York-Goldman may develop

27   or acquire relating to the Know-How, processes for making the Vitaphenol Products, and their use,

28   including all information in the nature of improvement of modification to the Products."

8.     Mitchel Goldman and Plaintiffs fully complied with the stated "cooperation" requirements.   Pursuant to the Contract, Avidas paid royalties until around mid-2014.  On May 8, 2014, Avidas wrote a letter terminating the agreement effective July 11, 2014, because of the death of the "lead person" for Vitaphenol.  Avidas indicated that it did not intend to replace the "lead person" and would instead be electing to discontinue promoting and selling Vitaphenol.  Avidas' letter noted Avida's election to sell the remaining stock on hand and pay appropriate royalties.

9.     However, Avidas is continuing to market and sell Vitaphenol,  inconsistent with Avidas' representations made in their letter of May 8, 2014 to Plaintiffs and is also inconsistent with the Contract, which states that upon termination of the agreement "Avidas shall discontinue it's use of the Vitaphenol trademark and the Know-How and all rights in respect of the Know-How and Vitaphenol trademark shall revert to York-Goldman."

10.     Avidas has knowingly  continued exercising its licensing rights without honoring its obligation to pay royalties.   Avidas has also intentionally deceived Plaintiffs by secretly marketing and selling the Vitaphenol product line after telling Plaintiffs that Avidas was terminating its handling of the Vitaphenol product.

## FIRST CAUSE OF ACTION

### Breach of Contract (against all Defendants)

11.     On May 8, 2014, Avidas  wrote a letter terminating the Contract, effective July 11, 2014,  because of the death of the "lead person" for Vitaphenol.  Avidas materially breached the Contract by terminating the Contract and indicating that it did not intend to replace the "lead person" and would instead be electing to discontinue promoting and selling Vitaphenol.

12.     Avidas does not deny terminating the Contract with Plaintiffs on July 11, 2014 and Avidas does have a valid reason for terminating the Contract, pursuant to the terms of the Contract.

13.     Avidas materially changed its position and failed to continue performance as obligated under the Contract.

14.     By changing its  position, Avidas is breached the Contract and deprived Plaintiff of money earned under the contract.   Specific dollar amounts are known to Avidas, and cannot be alleged here with specificity here because only Avidas has knowledge and records of the amounts

1   gained by the unlawful using of Plaintiffs trademark and exactly how much Vitaphenol was

2   unlawfully sold without Plaintiff knowledge or royalty payment of .   Plaintiffs seek to recover the

3   damages resulting from Defendants' breach.

## SECOND CAUSE OF ACTION

### Breach of Covenant of Good Faith and Fair Dealing (against all Defendants)

6   15.   The preceding allegations, and all of them, are realleged and incorporated by this

7   reference.

8   16.   Plaintiffs did all or substantially all of the significant things that the contract required

9   them to do, or was excused from doing anything they did not do.

10   17.   All conditions required for Avidas to pay fees due according the subject Contract

11   have occurred.

12   18.   Avidas  has unfairly interfered with Plaintiff's  right to receive the benefit of the

13   Contract.

14   19.   Plaintiffs  have been harmed by Avidas' refusal to live up to its agreement with

15   Plaintiffs.  Wherefore, Plaintiffs pray for recovery of the full amount of damages.

## THIRD CAUSE OF ACTION

### Fraud (Against all defendants)

18   20.   The allegations of all preceding paragraphs are realleged and incorporated by

19   reference.

20   21.   Avidas  engaged in deceptive practices to deprive Plaintiffs of royalties owed.  In

21   particular, Plaintiffs relied on Avidas' representations made in the May 8, 2014 letter Avidas

22   wrote, terminating the Contract, effective July 11, 2014.  Plaintiff's relied on the representations

23   of the termination of the Contract, but Avidas continued to sell Vitaphenol and continued to use

24   Plaintiffs' trademark without Plaintiffs' knowledge and without royalties paid to Plaintiff.

25   22.   Plaintiffs  relied on Avidas'  misrepresentations and deceit and this was a substantial

26   factor in causing harm, including lost revenue and fair compensation for the use of Plaintiffs

27   trademark and selling of Vitaphenol for solely Avidas' benefit without Plaintiff being informed

28   their property was being used, while Plaintiffs' royalties  went unpaid, violating the Contract.

## FOURTH CAUSE OF ACTION

### Unjust Enrichment and/or for Quantum Meruit (Against all Defendants)

23.   Plaintiffs incorporate all preceding paragraphs by this reference as though fully alleged here.

24.   Plaintiffs entered in to an agreement to provide license to their trademark and selling of Vitaphenol to Avidas for return payment of royalties as outlined above.

25.   By failing to pay Plaintiffs the royalties agreed to under the Contract and owed for the use of Plaintiff's trademark and the continued sale of Vitaphenol, Avidas and Does 1-10 have been unjustly enriched.

26.   Plaintiff therefore prays for quantum meruit payment, interest, and for all other damages and equitable relief permitted under law.

## FIFTH CAUSE OF ACTION

### Unfair Competition in Violation of Cal. Bus. Code Section 17200 et seq.

### (against all Defendants)

27.   Plaintiffs incorporate all preceding paragraphs by this reference as though fully alleged here.

28.   Avidas represented that Avidas was terminating the Contract, in a May 8, 2014 letter Avidas wrote, terminating the Contract, effective July 11, 2014.

29.   After Avidas represented to Plaintiffs that Avidas was terminating the Contract, Avidas continued to use Plaintiffs' trademark and continued the sale of Vitaphenol.

30.   Plaintiffs relied on the fraudulent, unfair, deceptive, and untrue misrepresentations and business acts made by Avidas, as a result, Plaintiffs suffered lost royalties and suffered harms and damages to be proven at trial.

## SIXTH CAUSE OF ACTION

### Intentional Interference with Prospective Economic Relations

### (against all Defendants)

31.   Plaintiff was in an economic relationship with the public and consumer clients of Vitaphenol, that would have resulted in an economic benefit to Plaintiff.

32.    Avidas knew of Plaintiff's relationship with the public and consumer clients interested in the purchase of Vitaphenol.

33.    Avidas knew of Plaintiff's relationship with the public and consumer clients with regards to the purchase and sale of Vitaphenol, by virtue of the Contract between Plaintiff and Avidas in paragraph 7(a) stating "Following execution of this Agreement and for so long as Avidas or a successor continues to sell the Products, York-Goldman and its principal owners agree to use their best commercial efforts within the La Jolla Spa to ensure the success of the Vitaphenol Products and agree not to engage in the development and sale of products with identical or substantially equivalent formulations. York-Goldman further agrees not to use, or permit to be used, the La Jolla Spa MD trademark or reference to the La Jolla Spa to promote and sell products which contain substantially equivalent formulations to the Vitaphenol Products."

34.    Avidas intended to disrupt the relationship between Plaintiffs' relationship with the public and consumer clients interested in the purchase of Vitaphenol, by virtue of paragraph 7(a) as stated above.

35.    The relationship between Plaintiffs and the public and consumer clients with regard to the purchase and sale of Vitaphenol was disrupted, Plaintiff honoring the contract by refraining from any marketing, promotion, and sale of Vitaphenol to the public and consumer clients.

36.    Plaintiffs were financially harmed by Avidas' disruption of Plaintiffs' relationship with the public and past, current, and future consumer clients regarding the use and sale of Vitaphenol.

37.    Defendant's wrongful conduct was a substantial factor in causing Plaintiffs' harm, by virtue of Plaintiffs' harms being incurred solely from Plaintiffs' obeying of paragraph 7(a) of the Contract as stated above.

///

///

///

///

///

**PRAYER**

WHEREFORE, Plaintiffs LA JOLLA SPA MD, INC., and DIANNE YORK-GOLDMAN pray for judgment as follows:

1. For general and compensatory damages according to proof at trial, and for prejudgment and post-judgment interest thereon according to law.

2. For punitive damages according to proof (as to fraud claim only).

3. For attorneys fees under any statutory provision, i.e. CCP 1021.5.

4. For restitution and/or disgorgement of profits.

5. For costs of suit and for such other and further relief as the court deems just and proper.

SIMPSON LAW GROUP, LLP

DATED: ___04/12/17___  by_____

Jayme Simpson, Esq./ Sean Simpson, Esq.
or Rich Mackie, Esq.
Attorneys for Plaintiffs'

Complaint, page 8

**EXHIBIT "B"**

**EXHIBIT "B"**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Jayme Simpson, Esq. (290595)/Sean Simpson, Esq. (145514)/Rich Mackie, Esq(314196 SIMPSON LAW GROUP 121 Broadway, Sixth Floor San Diego, CA 92101 | **ELECTRONICALLY FILED** Superior Court of California, County of San Diego **04/20/2017** at 02:58:31 PM Clerk of the Superior Court By Carla Brennan, Deputy Clerk |

TELEPHONE NO.: (619) 236-9696   FAX NO.: (619) 236-9697
ATTORNEY FOR *(Name)*: Plaintiffs' La Jolla Spa, MD and Dianne York-Godman

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: same as above
CITY AND ZIP CODE: San Diego, CA
BRANCH NAME: Central

CASE NAME:
La Jolla Spa, MD, et al. v. Avidas Pharmaceuticals, LLC

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2017-00014484-CU-BC-CTL |
| | | | Judge Richard E. L. Strauss DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify)*: 06
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 20, 2017
Rich Mackie, Esq.

_____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**EXHIBIT "C"**

**EXHIBIT "C"**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>AVIDAS PHARMACEUTICALS, LLC, a limited liability company,<br>and DOES 1 through 10 inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>LA JOLLA SPA MD, INC., a corporation, and DIANNE<br>YORK-GOLDMAN, an individual, | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**04/20/2017** at 02:58:31 PM<br>Clerk of the Superior Court<br>By Carla Brennan, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  San Diego Superior Court | **CASE NUMBER:**<br>*(Número del Caso)*<br>37-2017-00014484-CU-BC-CTL |

330 W. Broadway
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Simpson Law Group, 121 Broadway, Ste. 644, San Diego, CA 92101, Tel: (619) 236-9696

| DATE: 04/21/2017<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | *C. Brennan* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|
| | | C. Brennan | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT "D"**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:      330 W Broadway
MAILING ADDRESS:     330 W Broadway
CITY AND ZIP CODE:   San Diego, CA 92101-3827
BRANCH NAME:         Central
TELEPHONE NUMBER:    (619) 450-7075

PLAINTIFF(S) / PETITIONER(S):   La Jolla Spa MD Inc et.al.

DEFENDANT(S) / RESPONDENT(S):   Avidas Pharmaceuticals LLC

LA JOLLA SPA MD INC VS AVIDAS PHARMACEUTICALS LLC [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>37-2017-00014484-CU-BC-CTL |
|---|---|

**CASE ASSIGNMENT**

Judge:  Richard E. L. Strauss                           Department: C-75

**COMPLAINT/PETITION FILED:** 04/20/2017

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 02/02/2018 | 10:30 am | C-75 | Richard E. L. Strauss |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS:  Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

EXHIBIT "E"

EXHIBIT "E"

## AFFIDAVIT OF SERVICE

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**05/16/2017** at 10:08:00 AM

Clerk of the Superior Court
By E- Filing, Deputy Clerk

| Case:<br>37-2017-00014484-CU-BC-CTL | Court:<br>Superior Court of California | County:<br>San Diego, CA |
|---|---|---|
| Plaintiff / Petitioner:<br>La Jolla Spa MD | | Defendant / Respondent:<br>Avidas Pharmaceuticals |
| Received by:<br>CSE Process Serving | | For:<br>Simpson Law Group |
| To be served upon:<br>Avidas Pharmaceuticals | | |

I, Blair Johnson, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:  Sandra Rodriquez (Authorized Agent of Service, Company: 196 W Ashland Street , Doylestown, PA 18901

Manner of Service:  Corporation, May 4, 2017, 5:09 pm PDT

Documents:  SUM-100, Notice Of Case Assignment, Notice Of Eligibility To eFile And Assignment To Imaging Department, CM-010, Complaint (pgs1-8), Alternative Dispute Resolution (ADR) Information, Blank Stipulation To Use Of Alternative Dispute Resolution

Additional Comments:
1) Successful Attempt: May 4, 2017,  at Company: 196 W Ashland Street , Doylestown, PA 18901 received by Sandra Rodriquez (authorized Agent of Service)
Time of Service was _____5:10_____ EST.

Fees:  $80.00

_____   5/12/17
Blair Johnson                                Date

4387 W Swamp Road
#207
Doylestown, PA, 18902
215-378-5928

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_____
Notary Public

5/12/17                              4/1/19
Date                   Commission Expires

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Christopher R. Watson, Notary Public
Doylestown Boro, Bucks County
My Commission Expires April 1, 2019
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES