# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA JOLLA SPA MD, INC., and DIANNE YORK-GOLDMAN,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>AVIDAS PHARMACEUTICALS, LLC,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 17cv1124-MMA (WVG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**<br><br>[Doc. No. 4] |

On April 20, 2017, Plaintiffs La Jolla Spa MD, Inc. ("La Jolla Spa") and Dianne York-Goldman (collectively, "Plaintiffs") filed this action alleging multiple causes of action against Defendant Avidas Pharmaceuticals, LLC ("Avidas") in the San Diego Superior Court. *See* Doc. No. 1, Exhibit A ("Compl."). On June 2, 2017, Avidas filed a notice of removal based on diversity jurisdiction in this Court. *See* Doc No. 1. Avidas now moves to dismiss all claims brought by Plaintiff York-Goldman, Plaintiffs' first, second, third, fourth, and sixth causes of action, and Plaintiffs' prayer for attorney fees, punitive damages, and disgorgement of profits pursuant to Federal Rules of Civil Procedure 12(b)(6), 8(a), and 9(b). Doc. No. 4-1 ("MTD"). Plaintiffs filed a response in opposition to Avidas' motion to dismiss [Doc. No. 7 ("Oppo.")] and Avidas filed a reply in support of its motion to dismiss [Doc. No. 8 ("Reply")]. The Court found this matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Avidas' motion to dismiss.

# BACKGROUND[1]

Plaintiff York-Goldman incorporated Plaintiff La Jolla Spa. Compl. ¶ 1. On September 29, 2008, Avidas signed a contract titled "Know-How and Trademark License and Purchase Agreement" ("Contract") with Plaintiffs. Compl. ¶ 4. Under the Contract, Plaintiffs agreed to grant Avidas licenses to the "Know-How" and trademark related to Vitaphenol[2] and provided that Plaintiff would transfer ownership of the "Know-How" and trademark for Vitaphenol to Avidas upon payment of $1,500,000 in royalty payments. *Id.* After payment of the $1,500,000, Avidas was to continue paying Plaintiff a 5% royalty. *Id.* In the event of termination of the Contract, Avidas was to discontinue its use of the Vitaphenol trademark and the Know-How, and all rights were to revert to Plaintiff York-Goldman. Compl. ¶ 9.

Avidas paid royalties until mid-2014. *Id.* On May 8, 2014, Avidas wrote a letter terminating the agreement effective July 11, 2014, because of the death of the "lead person" for Vitaphenol. *Id.* Avidas indicated it did not intend to replace the "lead person" and would instead discontinue promoting and selling Vitaphenol after selling the remaining Vitaphenol products on hand and paying the appropriate royalties. *Id.* Avidas continued marketing and selling Vitaphenol products in contradiction to its letter and the Contract's termination provision. Compl. ¶ 9.

Accordingly, Plaintiffs allege the following causes of action: (1) breach of contract; (2) breach of covenant of good faith and fair dealing; (3) fraud; (4) unjust enrichment and/or *quantum meruit*; (5) unfair competition in violation of California Business Code § 17200 *et seq.*; and (6) intentional interference with prospective economic relations. *See* Compl. Plaintiff prays for compensatory and punitive damages,

---

[1] The Court must accept as true the allegations set forth in the Complaint in determining the pending motion to dismiss. *See Hosp. Bldg. Co. v. Trs. Of Rex Hosp.*, 425 U.S. 738, 740 (1976). However, the Court does not make any findings of fact.

[2] Vitaphenol products are skincare products. *See* Oppo., Exhibit A at 9.

2

attorneys' fees and costs, restitution and/or disgorgement of profits, for costs of suit, and for further relief the court deems just and proper. *See id.*

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims made in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (20009) (internal quotations omitted). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Under Rule 9(b), when the complaint includes allegations of fraud, a party must "state with particularity the circumstances constituting fraud or mistake," even though "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Failure to satisfy this heightened pleading requirement can result in dismissal of the claim. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). In general, the plaintiff's averments of fraud must be "specific enough to give defendant[] notice of the particular misconduct . . . so that [defendant] can defend against the charge and not just deny that they have done anything wrong." *Id.* at 1106 (internal quotation marks and citation omitted). Specifically, plaintiffs are required to supplement allegations of fraud with "the who, what, when, where, and how" of the misconduct charged or, in other words, to specify the time, place, and content of the alleged misrepresentation, in addition to why the statement in question is false or misleading. *Id.* at 1106-07.

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## JUDICIAL NOTICE

Avidas requests the Court judicially notice the "Know-How and Trademark License and Purchase Agreement," which is alleged as the Contract in dispute in the Complaint, and the "Trademark Status and Document Retrieval ('TSDR') report for Vitaphenol trademark," generated on June 1, 2017. Doc. No. 4-2 at 2. Avidas contends the Court may take judicial notice of the Contract because it is referenced in Plaintiffs' Complaint and is central to Plaintiffs' claims, and may judicially notice the TSDR reports because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* (citations omitted).

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.*; *see also* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002). "[E]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers

extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908 (internal citations omitted). A court "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds in abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Complaint relies on and references the Contract, which accordingly is appropriate for incorporation by reference. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159-61 (9th Cir. 2012). Additionally, the TSDR report is a matter of public record and appropriate for judicial notice. *See* Fed. R. Evid. 201(b); *see also Dahon N. Am., Inc. v. Hon*, No. 2:11-CV-05835-ODW (JCGx), 2012 WL 1413681, at *8 n.4 (C.D. Cal. Apr. 24, 2012) (taking judicial notice of documents filed on the United States trademark website); *see also Clearly Food & Beverage Co. v. Top Shelf Bevs., Inc.*, 102 F. Supp. 3d 1154, 1161 (W.D. Wash. 2015) (taking judicial notice of trademark applications obtained from the U.S. Patent and Trademark Electronic Search System); *Sebastian Brown Prods. LLC v. Muzooka Inc.*, No. 15-cv-1720-LHK, 2016 WL 5910817, at *2 n.1 (N.D. Cal. Oct. 11, 2016) (judicially noticing TSDR documents).

Plaintiffs do not oppose Avidas' request, but claim that the Contract submitted by Avidas omits a modification entered into on September 19, 2008. Oppo. at 7. Plaintiffs attach the Contract, which is the same as Avidas' document, and the modification to the Contract ("Modification") to their opposition. Oppo., Exhibit A ("Mod."). Accordingly, the Court **GRANTS** Avidas' request for judicial notice. The Court also incorporates the Modification provided by Plaintiffs into the Complaint by reference. *Parrino*, 146 F.3d at 706; *Swartz*, 476 F.3d at 763.

//

5

17cv1124-MMA (WVG)

# DISCUSSION

Avidas moves the Court to dismiss all claims by Plaintiff Dianne York-Goldman, Plaintiffs' breach of contract, breach of covenant of good faith and fair dealing, fraud, unjust enrichment or *quantum meruit*, and intentional interference with prospective economic relations claims, as well as Plaintiffs' prayer for punitive damages, attorney fees, and non-restitutionary disgorgement. *See* MTD.

## 1. *The Second, Fourth, and Sixth Causes of Action*

Avidas argues that Plaintiffs' second, fourth, and sixth causes of action and prayer for attorney fees should be dismissed with prejudice. MTD at 11-15, 17-18; Reply at 8. In response, Plaintiffs "voluntarily agree to the dismissal, without prejudice" of these causes of action after reviewing relevant legal authority, relevant facts, and in considering the likelihood of success of these claims upon amending the Complaint. Oppo. at 14, 16-17, 19. Avidas contends that these claims and prayer for relief should be dismissed with prejudice because Plaintiffs "confessed" that amending the Complaint would likely be unsuccessful. Reply at 5. Based on Plaintiffs' non-opposition, the Court **DISMISSES** Plaintiffs' breach of the covenant of good faith and fair dealing, unjust enrichment and/or *quantum meruit*, and intentional interference with prospective economic relations claims, as well as Plaintiffs' prayer for attorney fees. Dismissal is without prejudice; however, the Court cautions Plaintiffs that any future amendments will require the stipulation of the parties or leave of court. *See* Fed. R. Civ. P. 15(a)(2).

## 2. *Claims by Plaintiff Dianne York-Goldman*

Defendant contends that each claim is "presumably" being brought by both Plaintiffs and arises from Avidas' alleged failure to meet its contractual obligations. MTD at 9. Defendant asserts that Plaintiff York-Goldman is not a party to the Contract, and accordingly, each claim must be dismissed as to Plaintiff York-Goldman. *Id.* Plaintiffs counter that Plaintiff York-Goldman is a party to the Contract because the Modification "very clearly confer[s] rights and duties" upon Plaintiff York-Goldman. Oppo. at 7. Further, Plaintiffs assert that Plaintiff York-Goldman is a named party in the

Contract because she is the sole owner of La Jolla Spa, the registered owner of the Vitaphenol Trademark, and the sole interest holder in York-Goldman Enterprises, Inc., which are named parties in the Contract and Modification. Oppo. at 8. If not a party, Plaintiffs contend that the Contract intended a benefit be conferred upon Plaintiff York-Goldman and makes her a proper plaintiff. Oppo. at 9.

To assert a claim based upon a contract, the plaintiff must generally be a signatory to the contract or an intended third party beneficiary. *See Berclain America Latina v. Baan Co.*, 74 Cal. App. 4th 401, 405 (Cal. Ct. App. 1999) (citing *Eastern Aviation Group, Inc. v. Airborne Express, Inc.*, 6 Cal. App. 4th 1448, 1452 (Cal. Ct. App. 1992); Cal. Civ. Code § 1559). A review of the Contract and Modification evince that the signatories to both the Contract and Modification are La Jolla Spa, YGE, and Avidas. Doc. No. 4-2, Exhibit 1 ("Contract"); Mod. Plaintiff York-Goldman, in her individual capacity, is not listed as a party to the Contract or Modification, and did not sign either document. Contract; Mod. The general rule in California is that one who is not a party to a contract may not sue to enforce its terms. *See Gantman v. United Pac. Ins. Co.*, 232 Cal. App. 3d 1560, 1566 (Cal. Ct. App. 1991) ("Someone who is not a party to a contract has no standing to enforce the contract") (internal quotation marks and modifications omitted); Cal. Jur. 3d Contracts § 391 (2014) ("A person who is not a party or privy to a contract cannot show a wrong done to him or her for breach of any duty arising out of the contractual relation"); *see also*, 13 Williston on Contracts § 37:1 (4th ed.) ("It is essential to the maintenance of an action on any contract that there should subsist a privity between plaintiff and defendant in respect of the matter sued on") (internal quotation marks omitted).

Plaintiffs argue that Plaintiff York-Goldman is a party because she owns La Jolla Spa, YGE, and all right, title and interest in the "Vitaphenol Contract" as her sole and separate property. Oppo. at 7-8. Defendant correctly asserts that that Plaintiff York-Goldman's ownership interests in YGE, La Jolla Spa, and the "Vitaphenol Contract" are inconsequential to whether she has third-party standing to enforce the Contract or bring

claims based on the contractual relationship. *See* Reply at 5-9; *see also NovelPoster v. Javitch Canfield Group*, No. 13-cv-05186-WHO, 2014 WL 5687344, at *5 (N.D. Cal. Nov. 4, 2014); *Ambers v. Wells Fargo Bank, N.A.*, No. 13-cv-03940-N C, 2014 WL 883752, at *4 (N.D. Cal. Mar. 3, 2014) ("A person who is not a party to a contract does not have standing either to seek its enforcement or to bring tort claims based on the contractual relationship."). YGE and La Jolla Spa are both corporations. *See* Compl. ¶1; Contract (listing York-Goldman Enterprises, Inc. as a party to the Contract). "Because a corporation is a legal entity separate from its shareholders . . . , when a corporation has suffered an injury to its property the corporation is the party that possesses the right to sue for redress." *Desaigoudar v. Meyercord*, 108 Cal. App. 4th 173, 183 (Cal. Ct. App. 2003) (citing *Merco Constr. Engineers, Inc. v. Municipal Court*, 21 Cal. 3d 724, 729 (Cal. 1978); *Gagnon Co., Inc. v. Nevada Desert Inn*, 45 Cal. 2d 448, 453 (Cal. 1955)). Thus, YGE and La Jolla Spa, not Plaintiff York-Goldman in her individual capacity, would be proper plaintiffs to this action. *See id.*

Furthermore, Plaintiff York-Goldman cannot bring a derivative action on behalf of La Jolla Spa because La Jolla Spa is a party in this case. *See Jones v. H.F. Ahmanson & Co.*, 1 Cal. 3d 93, 105-08 (Cal. 1969) (explaining that a shareholder derivative suit is appropriate where the corporation fails to act). Additionally, Plaintiffs have not alleged that Plaintiff York-Goldman is suing Avidas by way of a derivative action on behalf of YGE. *See Johnson v. Myers*, No. CV-11-00092 JF (PSG), 2011 WL 4533198, at *10 (N.D. Cal. Sept. 30, 2011) (stating the relevant requirements for establishing shareholder standing in a derivative suit under California law); *see also Fladeboe v. American Isuzu Motors, Inc.*, 150 Cal. App. 4th 42, 54-55 (Cal. Ct. App. 2007) (stating that even the sole shareholder of a corporation does not have standing to assert corporate claims, except in a derivative action). As a result, Plaintiffs have not sufficiently pleaded that Plaintiff York-Goldman is a party to the Contract and she may only proceed on a breach of contract claim if Plaintiffs sufficiently pleaded that she is a third-party beneficiary.

8

17cv1124-MMA (WVG)

Pursuant to California law, in order to prove that Plaintiff York-Goldman is a third party beneficiary, she would need to plead and prove that the Contract was made for her benefit and that the intent to do so appears in the language of the Contract. *See Martin v. Bridgeport Community Assn., Inc.*, 173 Cal. App. 4th 1024, 1034 (Cal. Ct. App. 2009) (citing *Schonfeld v. City of Vallejo*, 50 Cal. App. 3d 401, 420 (Cal. Ct. App. 1975)). The fact that a third party is incidentally named in the contract, or that the contract, if carried out according to its terms, would inure to her benefit, is not sufficient to entitle her to enforce it. *Id.* (citing *Jones v. Aetna Casualty & Surety Co.*, 26 Cal. App. 4th 1717, 1724-25 (Cal. Ct. App. 1994)).

Plaintiffs' causes of action arise out of Avidas' continued sale of Vitaphenol products and use of the trademark after terminating the Contract, thereby depriving Plaintiffs of royalties owed for the use of the Vitaphenol trademark and sale of Vitaphenol products. *See* Compl. ¶ 11-37. The "Term and Termination" provision of the Contract provides in relevant part that if Avidas terminates the Contract prior to paying $1,500,000 in royalties "Avidas shall discontinue its use of the Vitaphenol trademark and the Know-How and all rights in respect of the Know-How and Vitaphenol trademark shall revert to [YGE]" and if Avidas has paid $1,500,000 in royalties, it "shall have no further obligation to [YGE] unless Avidas resumes sale of the Vitaphenol Products or conveys or licenses the Know-How and, or Vitaphenol trademark to a third party in which case, the obligations of Section 4b shall become effective." Contract ¶ 8(g). Conversely, the Modification indicates that Plaintiff York-Goldman, as an individual, has a right to purchase products from Avidas for resale at La Jolla Spa, which is distinct from Plaintiffs causes of action alleged in the Complaint. *See* Mod. ¶ 1(d); *see also* Contract ¶ 4(c). Plaintiffs do not allege causes of action arising out of Avidas' conduct prohibiting Plaintiff York-Goldman from purchasing Vitaphenol products from Avidas; rather, Plaintiffs' causes of action all arise out of Avidas' alleged continued sale of Vitaphenol products and use of the Vitaphenol trademark following termination of the Contract without paying royalties. *See* Compl. After reviewing the Contract, Modification, and

the Complaint as currently pleaded, the Court finds that Plaintiffs fail to sufficiently plead that Plaintiff York-Goldman is more than an incidental beneficiary.

Plaintiffs' conclusory allegation that Plaintiff York-Goldman is a party to the Contract and Modification is insufficient to support a finding that she has standing to bring any claims raised in the Complaint. Because Plaintiff York-Goldman is not a party to the Contract or Modification with Avidas, and because Plaintiffs have not sufficiently pleaded that she is an intended beneficiary, Plaintiff York-Goldman is not a proper plaintiff in this action. Accordingly, the Court **GRANTS** Defendant's motion to dismiss claims brought by Plaintiff York-Goldman without prejudice and with leave to amend.

### 3. *Breach of Contract Claim*

Avidas contends that it did not commit a material breach by terminating the Contract because it had a valid reason for doing so and did not breach the Contract by selling its remaining stock of Vitaphenol Products after termination. MTD at 10-11. Plaintiffs explain that they "do not call into question the actual termination of the [Contract, but] rather the actions of Defendant Avidas that took place after said termination." Oppo. at 9. Specifically, Plaintiffs assert that Avidas breached the Contract by selling Vitaphenol products after representing to Plaintiffs that the remaining stock of Vitaphenol products had expired and were disposed of. *Id.* Thus, Plaintiffs argue that Avidas continued to sell Vitaphenol products and use the trademark without Plaintiffs' knowledge and without paying the requisite royalties. *Id.* at 9-10.

"Under California law, the elements of a breach of contract claim are: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damage to plaintiff." *EPIS, Inc. v. Fidelity & Guaranty Life Ins. Co.*, 156 F. Supp. 2d 1116, 1124 (N.D. Cal. 2001) (citing *Reichert v. General Ins. Co.*, 68 Cal. 2d 822, 830 (Cal. 1968)).

Avidas contends Plaintiffs' fail to sufficiently allege a material breach of the Contract because they allege the termination of the Contract was the material breach, and concede that the termination was permissible. Reply at 9. The Court disagrees.

According to Plaintiffs, "Avidas materially breached the Contract by terminating the Contract and indicating that it did not intend to replace the 'lead person' and would instead be electing to discontinue promoting and selling Vitaphenol." Compl. ¶ 11. Plaintiffs do concede that "Avidas does have a valid reason for terminating the Contract," but allege that "Avidas is continuing to market and sell Vitaphenol" without providing Plaintiffs royalty payments in breach of the Contract. Compl. ¶¶ 10, 12, 14. While their allegations could be clearer, Plaintiffs satisfactorily allege that after termination of the Contract, Avidas "continued exercising its licensing rights without honoring its obligation to pay royalties" and has been "selling the Vitaphenol product line." Compl. ¶ 10.

Accordingly, the Court finds that Plaintiffs have sufficiently pleaded a breach of contract cause of action and **DENIES** Avidas' motion to dismiss this claim from the Complaint.

### 4. *Fraud Claim*

In addition to the breach of contract claim, Plaintiffs bring a claim for fraud. Compl. ¶ 20-22. Under California law, "[t]he elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (Cal. 2004) (citing *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (Cal. 1996)). Rule 9(b) of the Federal Rules of Civil Procedure require that "a party must state with particularity the circumstances constituting the fraud."

Avidas asserts that Plaintiffs' third cause of action for fraud should be dismissed because the claim is not pleaded with particularity and because the economic loss rule precludes the fraud claim. MTD at 12. The Court finds that Plaintiffs' fraud claim is barred by the economic loss rule, and therefore does not reach Avidas' arguments with respect to the claim's particularity.

California's economic loss doctrine "requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co., Inc.*, 34 Cal. 4th at 988. Thus, the economic loss rule prohibits the recovery of tort damages in a breach of contract case. *See Oracle USA, INc. v. XL Global Services, Inc.*, No. C 09-00537 MHP, 2009 WL 2084154, at *4 (N.D. Cal. July 13, 2009) (citing *Butler-Rupp v. Lourdeaux*, 134 Cal. App. 4th 1220, 1228-29 (Cal. Ct. App. 2005)). "Quite simply, the economic loss rule prevents the law of contract and the law of tort from dissolving one into the other." *Robinson Helicopter Co., Inc.*, 34 Cal. 4th at 988 (internal quotation marks and citation omitted). "Courts have applied the economic loss rule to bar fraud claims where 'the damages plaintiffs seek are the same economic losses arising from the alleged breach of contract.'" *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 991-92 (E.D. Cal. 2012) (quoting *Multifamily Captive Group, LLC v. Assurance Risk Managers, Inc.*, 629 F. Supp. 2d 1135, 1146 (E.D. Cal. 2009)); *see also Alvarado Orthopedic Research, L.P. v. Linvatec Corp.*, No. 11-cv-246-IEG (RBB), 2011 WL 3703192, at *3 (S.D. Cal. Aug. 23, 2011).

Plaintiffs' fraud claim is based on the same factual allegations as the breach of contract claim. *See* Compl. ¶¶11-14, 20-22. Plaintiffs allege that Avidas represented that they would no longer sell Vitaphenol or use Plaintiffs' trademark after termination of the Contract, but Avidas "continued to sell Vitaphenol and continued to use Plaintiffs' trademark" after termination of the Contract. Compl. ¶ 21. Further, Plaintiffs allege that they "relied on Avidas' misrepresentations and deceit," which caused lost revenue and fair compensation for the use of Plaintiffs' trademark and selling of Vitaphenol for solely Avidas' benefit via royalties. Compl. ¶ 22. Plaintiffs specify that this conduct "violat[ed] the Contract." Compl. ¶ 22.

To give rise to tort liability, the duty must be either completely independent of the contract or arise from conduct which is both intentional and intended to harm. *Robinson Helicopter Co., Inc.*, 34 Cal. 4th at 989-90 (quoting *Erlich v. Menezes*, 21 Cal. 4th 543,

551-52 (Cal. 1999)). Plaintiffs' fraud claim is identical to Plaintiffs' breach of contract claim, and therefore does not violate an independent duty. *See Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 515 (Cal. 1994); *see also JMP Securities LLP v. Altair Nanotechnologies Inc.*, 880 F. Supp. 2d 1029, 1042 (N.D. Cal. 2012) ("The economic loss rule, in summary, is that no tort cause of action will lie where the breach of duty is nothing more than a violation of a promise which undermines the expectations of the parties to an agreement.'"). Further, the economic loss rule permits tort recovery for "a defendant's affirmative misrepresentations on which a plaintiff relies and which expose a plaintiff to liability for personal damages *independent of* the plaintiff's economic loss." *Robinson Helicopter Co., Inc.*, 34 Cal. 4th at 993 (emphasis added). Plaintiffs offer no allegations that it has been exposed to liability for "personal damages," except its conclusory prayer for punitive damages for the fraud claim. *See JMP Securities LLP*, 880 F. Supp. 2d at 1043.

Accordingly, the Court **GRANTS** Avidas' motion to dismiss the fraud claim with prejudice and without leave to amend. *Knappenberger*, 566 F.3d at 942 (stating that a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading).

### 5. *Punitive Damages*

Plaintiffs pray for punitive damages with respect to the "fraud claim only." Compl. at Prayer ¶ 2. Avidas argues that Plaintiffs' prayer for punitive damages should be dismissed because the request fails to meet federal pleading standards. MTD at 15-17. Plaintiffs counter that they have sufficiently pleaded a prayer for punitive damages pursuant to California law. *See* Oppo. at 17-19. Although California law provides the governing substantive law for punitive damages, the Federal Rules of Civil Procedure govern the Court's determination regarding the adequacy of the pleadings. *Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016, 1018 (S.D. Cal. 2000).

District courts are authorized to dismiss claims for damages when raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Whittlestone, Inc. v.*

*Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010); *Linares v. CitiMortgage, Inc.*, No. C-14-3435 EMC, 2015 WL 2088705, at *8 (N.D. Cal. May 5, 2015) (analyzing the dismissal of punitive damages as a motion to dismiss); *R Power Biofuels, LLC v. Chemex LLC*, No. 16-CV-00716-LHK, 2016 WL 6663002 , at *21 (N.D. Cal. Nov. 11, 2016) (same). Punitive damages are only available for contract claims if the breach of contract is also tortious. *Harris v. Atlantic Richfield Co.*, 14 Cal. App. 4th 70, 77-78 (Cal. Ct. App. 1993) (as modified) (stating that punitive damages are normally unavailable for breach of contract claims unless the breach is also tortious). The Court has dismissed Plaintiffs' claim for fraud, and therefore the prayer for punitive damages must also be dismissed. Accordingly, the Court **GRANTS** Avidas' motion to dismiss the prayer for punitive damages with prejudice and without leave to amend. *R Power Biofuels, LLC v. Chemex LLC*, 2016 WL 6663002 , at *21 (N.D. Cal. Nov. 11, 2016) (dismissing plaintiff's prayer for punitive damages because the underlying tortious breach of contract claim was dismissed).

### 6. *Disgorgement of Profits*

Plaintiffs also pray for restitution and/or disgorgement of profits. Compl. at Prayer ¶ 4. Plaintiffs specifically allege that they "suffered lost royalties and suffered harms and damages to be proven at trial." Compl. ¶ 30. Avidas argues that Plaintiffs' prayer for disgorgement of profits should be dismissed because it is not a proper remedy under California's Unfair Competition Law ("UCL"). MTD at 18. Plaintiffs oppose, contending that the law does permit them to seek "restitutionary disgorgement." Oppo. at 14.

"[N]onrestitutionary disgorgement is not an available remedy in an individual action under the UCL." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148-49 (Cal. 2003). Generally, restitutionary disgorgement focuses on the plaintiff's loss, while nonrestitutionary disgorgement focuses on the defendant's gain from the unfair practice. *Feitelberg v. Credit Suisse First Boston, LLC*, 134 Cal. App. 4th 997, 1013 (Cal. Ct. App. 2005). Plaintiffs' Complaint appears to include a request for

restitutionary disgorgement because it focuses on Plaintiffs' losses. *See* Compl. ¶ 30 (stating that "Plaintiffs suffered lost royalties and suffered harms and damages"). However, to the extent that Plaintiffs request nonrestitutionary disgorgement of profits, the request may not be granted as a matter of law. *Matoff v. Brinker Restaurant Corp.*, 439 F. Supp. 2d 1035, 1038-39 (C.D. Cal. 2006).

Accordingly, the Court **DENIES** Avidas' motion to dismiss Plaintiff's prayer for disgorgement of profits, except that Plaintiffs are precluded from seeking nonrestitutionary disgorgement of profits.

## CONCLUSION

For the foregoing reasons, Defendant Avidas' motion to dismiss is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Court **GRANTS** Avidas' motion and **DISMISSES WITHOUT PREJUDICE** the second, fourth, and sixth causes of action, Plaintiffs' prayer for attorney fees, and all claims brought by Plaintiff Dianne York-Goldman with leave to amend;

2. **DENIES** Avidas' motion to dismiss Plaintiffs' first cause of action for breach of contract and Plaintiffs' prayer for disgorgement of profits, except that Plaintiffs are precluded from seeking nonrestitutionary disgorgement of profits; and

3. **GRANTS** Avidas' motion and **DISMISSES WITH PREJUDICE**, the third cause of action for fraud and Plaintiffs' prayer for punitive damages without leave to amend.

Plaintiffs must file a First Amended Complaint ("FAC"), if any, on or before **November 13, 2017**.

**IT IS SO ORDERED**.

Dated: October 27, 2017

Hon. Michael M. Anello
United States District Judge