**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
  E-Mail: John.Barber@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
GARY K. BRUCKER, JR., SB# 238644
  E-Mail: Gary.Brucker@lewisbrisbois.com
MARY K. WYMAN, SB# 260104
  E-Mail: Mary.Wyman@lewisbrisbois.com
701 B Street, Suite 1900
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

Attorneys for Defendant AVIDAS PHARMACEUTICALS, LLC, a limited liability company

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA JOLLA SPA MD, INC., a corporation, and DIANNE YORK-GOLDMAN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>AVIDAS PHARMACEUTICALS, LLC, a limited liability company, and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO. 3:17-cv-01124-MMA-WVG<br><br>**DEFENDANT AVIDAS PHARMACEUTICALS, LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>The Hon. Michael M. Anello |

Defendant Avidas Pharmaceuticals ("Avidas") hereby files this Answer to the Second Amended Complaint ("Complaint") filed by Plaintiff La Jolla Spa MD, Inc. ("Plaintiff"), and asserts as follows:

## CERTIFICATION OF PROPER VENUE

Answering the unnumbered certification of proper venue section of Plaintiff's Complaint, Avidas admits that the United States District Court, Southern District of California is the proper venue for this action. Avidas lacks sufficient information or belief to answer the remaining allegations, and, basing its denial on that ground, denies each and every allegation therein.

## GENERAL ALLEGATIONS

1. Answering paragraph 1 of Plaintiff's Complaint, Avidas lacks sufficient information or belief to answer the allegations, and, basing its denial on that ground, denies each and every allegation therein.

2. Answering paragraph 2 of Plaintiff's Complaint, Avidas admits that it is a limited liability company. Avidas further admits that it entered into an agreement with Plaintiff entitled Sales and Distribution Agreement dated August 19, 2008. Avidas denies that it breached the Agreement. The Sales and Distribution Agreement is not attached to the First Amended Complaint, as alleged, and therefore Avidas lacks sufficient information or belief to answer the remaining allegations, and, basing its denial on that ground, denies each and every allegation therein.

3. Answering paragraph 3 of Plaintiff's Complaint, Avidas asserts that the allegation states a legal contention to which no response is required. To the extent a response is required, Avidas denies each and every allegation therein.

4. Answering paragraph 4 of Plaintiff's Complaint, Avidas admits that it entered into an agreement with Plaintiff entitled Know-How and Trademark License and Purchase Agreement dated August 19, 2008 and signed by Avidas on September 29, 2008 (the "Agreement"). The Agreement required Avidas to make royalty payments on its sales of Vitaphenol Products until the payments totaled $1,500,000,

1  at which point the "know-how" and a trademark for Vitaphenol was to be conveyed
2  to Avidas.  Avidas denies that it breached the Agreement.  The Agreement is not
3  attached to the Second Amended Complaint, as alleged, and therefore Avidas lacks
4  sufficient information or belief to answer the remaining allegations, and, basing its
5  denial on that ground, denies each and every allegation therein.

6        5.    Answering paragraph 5 of Plaintiff's Complaint, Avidas admits the
7  allegations contained therein, except for line 18 which misquotes the Agreement.
8  The part of the Agreement quoted on line 18 correctly states: "…royalty and agrees
9  to pay York-Goldman a royalty of five percent (5%) of Avidas's Profit on…"

10       6.    Answering paragraph 6 of Plaintiff's Complaint, Avidas admits the
11 allegations contained therein, except for line 25 which misquotes the Agreement.
12 The part of the Agreement quoted on line 25 correctly states: "…Avidas as
13 reasonably requested to provide Avidas with all the relevant information
14 contemplated by this Agreement including any marketing tools and information..."

15       7.    Answering paragraph 7 of Plaintiff's Complaint, Avidas admits the
16 allegations contained therein, except for line 4 which misquotes the Agreement.  The
17 part of the Agreement quoted on line correctly states: "…York-Goldman agrees to
18 promptly furnish Avidas all additional information and data…"

19       8.    Answering paragraph 8 of Plaintiff's Complaint, Avidas admits that on
20 May 8, 2014, Margaret Gardner of Avidas wrote a letter terminating the agreement
21 effective July 11, 2014, in part, because of the death of the "lead person" for
22 Vitaphenol.  Avidas further admits that the letter noted Avidas's right to dispose of
23 the remaining stock and that all sales from the stock disposal would be subject to
24 royalties.  Avidas further admits that it did not return any remaining inventory as the
25 Agreement specifically states: "[i]n the event of early termination, Avidas has the
26 right to dispose of its stock of Product and shall have the right to manufacture such
27 finished Product as may be necessary to balance out inventory or to convert raw
28

materials, or goods in process, into finished goods." Avidas denies the remaining allegations contained therein.

9. Answering paragraph 9 of Plaintiff's Complaint, Avidas denies the allegations contained therein.

10. Answering paragraph 10 of Plaintiff's Complaint, Avidas denies the allegations contained therein.

## CAUSES OF ACTION

### First Cause of Action

### (Breach of Contract (against all Defendants))

11. Answering paragraph 11 of Plaintiff's Complaint, Avidas admits that on May 8, 2014, Margaret Gardner of Avidas wrote a letter terminating the agreement effective July 11, 2014, in part, because of the death of the "lead person" for Vitaphenol. Avidas further admits that the letter noted Avidas's right to dispose of the remaining stock and all sales from the stock disposal shall be subject to royalties. Avidas denies the remaining allegations contained therein.

12. Answering paragraph 12 of Plaintiff's Complaint, Avidas admits that it terminated the Agreement and that it has a valid reason for such termination pursuant to the terms of the Agreement. Avidas denies the remaining allegations contained therein.

13. Answering paragraph 13 of Plaintiff's Complaint, Avidas denies the allegations contained therein.

14. Answering paragraph 14 of Plaintiff's Complaint, Avidas denies the allegations contained therein.

15. Any allegations contained in the Complaint or prayer not hereby specifically responded to are hereby denied.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiff's Complaint, and by way of separate and additional defenses, Avidas alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

(**Failure to State a Cause of Action**)

The Complaint fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(**Complaint is Uncertain**)

The Complaint is uncertain, ambiguous, and unintelligible.

### THIRD AFFIRMATIVE DEFENSE

(**Lack of Standing**)

Plaintiff lacks standing to maintain the claims in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

(**Good Faith**)

Defendant, at all times, acted reasonably, in good faith, and in a legitimate exercise of business discretion.

### FIFTH AFFIRMATIVE DEFENSE

(**Offset**)

To the extent that Plaintiff has suffered any damages, which Defendant expressly denies, such purported damages are subject to a set-off, either partially, or in the full amount of the purported damages.

### SIXTH AFFIRMATIVE DEFENSE

(**Failure To Mitigate**)

To the extent that Plaintiff has suffered any damages, which Defendant expressly denies, it has failed to take reasonable steps to mitigate those purported damages.

### SEVENTH AFFIRMATIVE DEFENSE

(**Accord And Satisfaction**)

The claims of Plaintiff are barred, or recovery reduced, by the doctrine of accord and satisfaction.

## EIGHTH AFFIRMATIVE DEFENSE

### (Novation)

The claims of Plaintiff are barred, or recovery reduced, by the doctrine of novation.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breaches of covenant, if any, as set forth in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

The claims alleged in the Complaint are barred in whole or in part by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Conduct Justified)

The conduct of Defendant in regard to the matters alleged in the Complaint was justified, and by reason of the foregoing, Plaintiff is barred from any recovery thereon.

## TWELFTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiff, by its conduct and the conduct of its agents, has acquiesced to the conduct of answering Defendant, and is therefore barred from maintaining this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Full Performance)

Defendant alleges that it performed and fully discharged any and all obligations arising under the contract.

/ / /

/ / /

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Substantial performance)

Defendant alleges that there was no breach of contract due to the doctrine of substantial performance.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

The claims of Plaintiff are barred, or recovery reduced, because granting Plaintiff the relief it requests would lead to unjust enrichment, and would result in Plaintiff receiving relief to which it is not entitled and which was not contemplated by the parties' written agreement(s).

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Necessary and/or Indispensable Parties)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has failed to join all necessary and/or indispensable parties to this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unknown Defense)

Discovery may reveal additional defenses that Defendant is not aware of at this time. Defendant therefore reserves the right to seek leave of Court to amend its answer to assert additional affirmative defenses.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff takes nothing by the Complaint;

2. That the Complaint be dismissed with prejudice, or alternatively, that judgment be entered in favor of Defendant;

3. That Defendant be awarded costs of suit; and

4. For any other and further relief as the Court may deem just and proper.

///

///

///

DATED: November 28, 2017            Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:      /s/ Mary K. Wyman
       Gary K. Brucker, Jr.
       Mary K. Wyman
       Attorneys for Defendant AVIDAS
       PHARMACEUTICALS, LLC