# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA JOLLA SPA MD, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVIDAS PHARMACEUTICALS, LLC, <br><br> Defendant. | Case No.: 17cv1124-MMA (WVG) <br><br> **ORDER GRANTING MOTION OF LEWIS BRISBOIS BISGAARD & SMITH LLP FOR LEAVE TO WITHDRAW AS COUNSEL** <br><br> [Doc. No. 27] |

Defendant's counsel, Gary K. Brucker, Jr. and Mary Kathleen Wyman of Lewis Brisbois Bisgaard & Smith LLP ("Lewis Brisbois"), move to withdraw as counsel of record for Defendant Avidas Pharmaceuticals, LLC ("Avidas"). Doc. No. 27. No party has opposed the motion. *See* Docket. For the reasons stated herein, the Court **GRANTS** Lewis Brisbois' motion to withdraw.

## BACKGROUND

On April 20, 2017, Plaintiff filed this action alleging the following causes of action against Avidas in the San Diego Superior Court: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) fraud; (4) unjust enrichment and/or *quantum meruit*; (5) unfair competition in violation of California Business Code § 17200 *et seq.*; and (6) intentional interference with prospective economic relations. Doc. No. 1, Exhibit

A. On June 2, 2017, Avidas filed a notice of removal based on diversity jurisdiction in this Court. Doc. No. 1. On June 9, 2017, Avidas filed a motion to dismiss Plaintiff's Complaint. Doc. No. 4. On October 27, 2017, the Court granted in part and denied in part Avidas' motion and ordered Plaintiff to file an Amended Complaint on or before November 13, 2017. Doc. No. 10. On November 14, 2017, Plaintiff filed an Amended Complaint alleging only breach of contract. Doc. No. 12. Avidas answered the Amended Complaint on November 28, 2018. Doc. No. 15. The parties have since attended an Early Neutral Evaluation Conference and a Case Management Conference. Doc. Nos. 18-21, 23. As such, the parties are currently engaged in discovery.[1] *See* Doc. No. 24.

On June 7, 2018, Lewis Brisbois filed the instant motion to withdraw as Avidas' counsel of record. Doc. No. 27. In the accompanying declaration, Gary K. Brucker, Jr., a partner at Lewis Brisbois, states that representation of Avidas has become unreasonably difficult. Doc. No. 27-2 ("Brucker Decl.") ¶ 12; Doc. No. 27-1 at 4. In particular, Mr. Brucker states that Lewis Brisbois has been unable to obtain guidance and approval from Avidas on various defense strategies. Brucker Decl., ¶¶ 4-5. Shortly after notifying Avidas that Lewis Brisbois would have to withdraw as counsel if it did not obtain guidance and approval, Julie Chovanes, Esq. emailed Mr. Brucker on May 2, 2018 and advised him that she would be making an appearance for Avidas within two weeks and requested that Lewis Brisbois stay on as local counsel for that time period. Brucker Decl., ¶ 5. Mr. Brucker agreed to stay on as local counsel for two weeks until Ms. Chovanes appeared. *Id.* Ms. Chovanes then contacted counsel for Plaintiff to advise as to her retention and to commence meet and confer efforts regarding discovery. Brucker Decl., ¶ 6.

---

[1] Fact discovery ended on June 18, 2018, but discovery pertaining to expert witnesses does not end until August 27, 2018. Doc. No. 24 at 2.

On May 15, 2018, Ms. Chovanes told Mr. Brucker she would appear within about a week. Brucker Decl., ¶ 7. On May 21, 2018, Mr. Brucker conveyed a copy of discovery served by Plaintiff to Ms. Chovanes, reminded her of the expedited discovery deadlines, and confirmed that she would handle the discovery responses. Brucker Decl., ¶ 8. On May 29, 2018, Ms. Chovanes told Mr. Brucker she planned on making an appearance by June 1, 2018. Brucker Decl., ¶ 9. On May 31, 2018, Mr. Brucker advised Ms. Chovanes that settlement statements were due the following week and asked whether she would handle the settlement statements. Brucker Decl., ¶ 10. Ms. Chovanes did not reply and did not make an appearance by June 1, 2018. *Id.* On June 4, 2018, a dispute arose between Ms. Chovanes and Mr. Brucker regarding the appropriate handling of the matter and Mr. Brucker advised Ms. Chovanes that Lewis Brisbois would "have no choice but to withdraw on June 6, 2018 if she did not enter her appearance by June 5, 2018." Brucker Decl., ¶ 11. Ms. Chovanes stated she could not appear without local counsel and that she would attempt to secure new local counsel that week. *Id.* Mr. Brucker then notified the principal of Avidas, Margie Gardner, that Lewis Brisbois could no longer remain as counsel "in light of the lack of client guidance and client authority to undertake a defense of the action, the serious disagreement over the appropriate handling of the matter with Avidas' new counsel, Ms. Chovanes, and Ms. Chovanes' repeated failures to timely appear in the matter on behalf of Avidas." Brucker Decl., ¶ 12. Ms. Gardner has not objected. *See* Docket.

### DISCUSSION

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992); *see also* S.D. Cal. Civ. R. 83.3(f)(3). The decision to grant or deny a motion for withdrawal is within the court's sound discretion, and courts consider the following factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which

withdrawal will delay the resolution of the case." *Garrett v. Ruiz*, No. 11cv2540-IEG (WVG), 2013 WL 163420, at *2 (S.D. Cal. Jan. 14, 2013).

Here, the Court finds that good cause for withdrawal exists. Pursuant to the California Rules of Professional Conduct, an attorney may seek to withdraw from representation if the client "renders it unreasonably difficult for the member to carry out the employment effectively." Cal. Rules of Professional Conduct Rule 3-700(C)(1)(d). "Refusal to participate in the litigation is undoubtedly one such example." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09cv1301-IEG (POR), 2010 WL 444708, at *2 (S.D. Cal. Feb. 2, 2010). In his accompanying declaration, Mr. Brucker states that Ms. Gardner would not provide guidance and approval on various defense strategies following Mr. Brucker's advisement of his estimated defense costs. Brucker Decl., ¶¶ 4-5. Shortly thereafter, Ms. Chovanes informed Mr. Brucker that she would appear as counsel of record for Avidas. Brucker Decl., ¶ 5. The Court finds that this constitutes good cause for withdrawal. Further, Plaintiff does not oppose the motion, and it appears that neither party will suffer prejudice as a result of Lewis Brisbois' withdrawal from this matter given that Ms. Chovanes confirmed that she will handle the discovery in this case. Brucker Decl., ¶ 8. Accordingly, the Court **GRANTS** Lewis Brisbois' motion to withdraw as defense counsel.

The Court cautions Avidas that pursuant to Local Rule 83.3(j) and federal common law, corporations and other legal entities cannot represent themselves. *See* Civil Local Rule 83.3(j) ("Only natural persons representing their individual interests in propria persona may appear in court without representation by an attorney . . . . All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3."); *Laskowitz v. Shellenberger*, 107 F. Supp. 397, 398 (S.D. Cal. 1952) ("Since a corporation cannot practice law, and can only act through agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney."); *see also Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part

of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities.") (internal citations omitted). Defendant Avidas must therefore enter in the appearance of new counsel on or before **August 1, 2018**. *See, e.g., McNally v. Commonwealth Fin. Sys., Inc.*, No. 12cv2770-IEG (MDD), 2013 WL 685364, at *1 (S.D. Cal. Feb. 25, 2013).

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defense counsel's motion to withdraw as counsel of record for Defendant Avidas. Accordingly, the Court **VACATES** the July 9, 2018 hearing in this matter. The Clerk of Court is instructed to terminate Lewis Brisbois attorneys of record, Gary K. Brucker Jr. and Mary Kathleen Wyman, for Defendant Avidas.

Defendant Avidas must enter in the appearance of new counsel on or before **August 1, 2018**. The Clerk of Court is instructed to mail a copy of this Order to the following addresses:

> Margie Gardner
> President, Avidas Pharmaceuticals LLC
> 196 West Ashland Street
> Doylestown, PA 8901
>
> Julie Chovanes
> Chovanes Law LLC
> P.O. Box 4307
> Philadelphia, PA 19118

**IT IS SO ORDERED**.

Dated: July 5, 2018

Hon. Michael M. Anello
United States District Judge