# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA JOLLA SPA MD, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVIDAS PHARMACEUTICALS, LLC, <br><br> Defendant. | Case No.: 17cv1124-MMA (WVG) <br><br> **ORDER:** <br><br> **(1) DENYING IN PART PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER; AND** <br><br> [Doc. No. 38] <br><br> **(2) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT** <br><br> [Doc. No. 39] |

On November 9, 2018, Plaintiff La Jolla Spa MD, Inc. ("Plaintiff") filed an *ex parte* application to amend the scheduling order (Doc. No. 38) and moved the Court for leave to file a Third Amended Complaint ("TAC"). Doc. No. 39. Defendant Avidas Pharmaceuticals, LLC ("Defendant") filed a response in opposition to Plaintiff's motion for leave to file a TAC, arguing amendment would be unduly prejudicial, and Plaintiff replied. Doc. Nos. 47, 48. The Court, in its discretion, decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1.d.1. For the

1

reasons set forth below, the Court **DENIES IN PART** Plaintiff's *ex parte* application to amend the scheduling order (Doc. No. 38) and **DENIES** Plaintiff's motion for leave to file a TAC (Doc. No. 39).

## PROCEDURAL BACKGROUND

On April 20, 2017, Plaintiff and Dianne York-Goldman filed this action alleging the following causes of action against Defendant in San Diego Superior Court: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) fraud; (4) unjust enrichment and/or *quantum meruit*; (5) unfair competition in violation of California Business Code § 17200 *et seq.*; and (6) intentional interference with prospective economic relations. *See* Doc. No. 1, Exhibit A ("Compl."). On June 2, 2017, Defendant filed a notice of removal based on diversity jurisdiction in this Court. *See* Doc. No. 1. Defendant subsequently moved to dismiss all claims brought by Dianne York-Goldman, the first, second, third, fourth, and sixth causes of action, and the prayer for attorneys' fees, punitive damages, and disgorgement of profits. Doc. No. 4. The Court granted in part and denied in part Defendant's motion. Doc. No. 10. Specifically, the Court dismissed without prejudice the second, fourth, and sixth causes of action, the prayer for attorneys' fees, and all claims brought by Dianne York Goldman, and dismissed with prejudice the third cause of action for fraud and the prayer for punitive damages. *Id.* at 15.

On November 14, 2017, Plaintiff filed the operative Second Amended Complaint ("SAC"), alleging only breach of contract. Doc. No. 12 ("SAC"). Defendant answered on November 28, 2017. Doc. No. 15. The Court held an Early Neutral Evaluation and Case Management Conference and subsequently issued a Scheduling Order. *See* Doc. Nos. 18, 19, 24 ("Scheduling Order"). The Scheduling Order set May 1, 2018 as the deadline to amend pleadings or add parties, June 18, 2018 as the deadline to conduct fact discovery, and August 27, 2018 for expert discovery. Scheduling Order at 1-2.

On June 7, 2018, Defendant's counsel filed a motion to withdraw as counsel, citing to unreasonable difficulty due to Defendant's refusal to participate in the litigation. Doc.

No. 27. Defendant purportedly retained new counsel on May 2, 2018 who planned to file a notice of appearance within two weeks. *See* Doc. No. 27-2 ("Brucker Decl.") ¶ 5. Accordingly, the Court granted the motion to withdraw and ordered Defendant to enter an appearance of new counsel on or before August 1, 2018. Doc. No. 30. By October 26, 2018, Defendant had not entered an appearance of new counsel. *See* Docket. Accordingly, the Court issued an order to show cause why sanctions should not issue for Defendant's failure to enter the appearance of new counsel and noted that failure to respond to the order may result in the Clerk's entry of default. Doc. No. 34. The Court gave Defendant until November 16, 2018 to respond. *Id.*

On November 9, 2018, Plaintiff filed an *ex parte* motion to amend the scheduling order and a motion for leave to file a TAC. Doc. Nos. 38, 39. Plaintiff seeks leave to file a TAC to add claims for trademark infringement, breach of contract, and misappropriation of Dianne York-Goldman's name, thereby adding Dianne York-Goldman back as a plaintiff in this action. Mtn. at 2. On November 15, 2018, Defendant entered an appearance of new counsel, and the next day responded to the Court's order to show cause. Doc. Nos. 41, 43. As a result, the Court vacated the order to show cause. Doc. No. 44.

## **LEGAL STANDARD**

Once the district court issues a pretrial scheduling order establishing the deadline for the amendment of pleadings, motions to amend filed after the deadline are governed by Federal Rule of Civil Procedure 16 rather than Rule 15. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although Rule 15(a) sets the standard for determining when to allow a motion to amend a pleading, [Rule 16(b)] requires that when a scheduling order must be modified, 'good cause' be shown." *Cano v. Schriro*, 236 F.R.D. 437, 439 (D. Ariz. 2006) (citing *Johnson*, 975 F.2d at 608). "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of amendment under . . . Rule 15." *Johnson*, 975 F.2d at 609 (internal quotation marks and citation omitted). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the

bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* If the moving party was not diligent, the inquiry should end. *Id.* In other words, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012) (internal quotation marks and citation omitted).

"[T]o demonstrate diligence under Rule 16's 'good cause' standard, the movant may be required to show the following: (1) that [it] was diligent in assisting the Court in creating a workable Rule 16 order; (2) that [its] noncompliance with a Rule 16 deadline occurred or will occur notwithstanding [its] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [it] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [the movant] could not comply with the order." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (internal citations omitted).

Upon a showing of good cause to modify the scheduling order, a party seeking amendment of its pleading must then demonstrate that a court should grant leave under Rule 15. *Johnson*, 975 F.2d at 608. Under Rule 15(a) of the Federal Rules of Civil Procedure, "the decision of whether to grant leave to amend . . . remains within the discretion of the district court, which may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### DISCUSSION

Plaintiff's motion for leave to file a TAC did not analyze good cause pursuant to Rule 16, but instead focused on Rule 15(a). *See generally*, Doc. No. 39. However,

Plaintiff does analyze the Rule 16 standard in its *ex parte* application to amend the scheduling order. *See generally*, Doc. No. 38. As a result, the Court supplants Plaintiff's motion for leave to file a TAC with Plaintiff's *ex parte* application to determine whether Plaintiff has established good cause to modify the deadline to amend pleadings and for leave to file a TAC.[1]

As indicated previously, the Scheduling Order mandated that motions to amend the pleadings be filed on or before May 1, 2018. Doc. No. 24 at 1. Plaintiff did not file the *ex parte* application to amend the scheduling order or the motion for leave to file a TAC until November 9, 2018. Doc. No. 38. First, the Court notes that there is nothing to suggest Plaintiff was not "diligent in assisting the Court in creating a workable Rule 16 order." *Jackson*, 186 F.R.D. at 608. Therefore, the first good cause factor is met.

However, the Court finds that the second good cause factor has not been met. Plaintiff explains that Defendant's insurer withdrew coverage on February 13, 2018. Doc. No. 38-1 at 2. Plaintiff's counsel and Defendant's counsel then began experiencing "difficulties starting in April and continuing through July," which resulted in "Defendant's lack of responsiveness on discovery and lack of counsel." *Id.* at 3. For example, Plaintiff explains that "a number of discovery issues remain outstanding" and that "little discovery has been done by either side and no depositions have been taken." Doc. No. 39-1 at 5. Moreover, Plaintiff recently substituted in new counsel who "analyzed the SAC and determined that additional claims, some of which could invoke insurance coverage, should be alleged if leave is granted." Doc. No. 38-1 at 23; *see also* Doc. No. 39-1 at 5. Plaintiff asserts that these circumstances were unforeseen and that "no one could anticipate that the insurance company would withdraw coverage[,] that there would be a rift between Defendant and its former counsel[,] that Defendant would not appear through counsel after the Court permitted former counsel to withdraw," or that

---

[1] The Court **REFERS** the remainder of Plaintiff's *ex parte* application to amend the scheduling order to Magistrate Judge Gallo.

5

Plaintiff would need to substitute new counsel. Doc. No. 38-1 at 7; *see also* Doc. No. 39-1 at 4-5. As an initial matter, Defendant's issues with its counsel and insurance have no bearing on Plaintiff's ability to file a timely motion for leave to file an amended complaint or a timely request to extend the deadline to amend. Moreover, the fact that Plaintiff recently retained new counsel does not establish good cause. *See Moore v. Sylvania Elec. Prods., Inc.*, 454 F.2d 81, 83-84 (3rd Cir. 1972) (finding there is no merit to a request for additional time for substituted counsel and that counsel is bound by pretrial representations of original counsel); *Yazzie v. Mohave Cnty.*, No. CV 14-08153-PCT-JAT, 2015 WL 7567488, at *7 (D. Ariz. Nov. 25, 2015) (finding that Rule 16's good cause standard was not met because "obtaining new counsel is not a valid reason for delay"). As a result, the Court finds that Plaintiff has not met the second good cause factor.

     As to the third factor, Plaintiff has not met the burden of showing that it "was diligent in seeking amendment of the Rule 16 order, once it became apparent that [the movant] could not comply with the order." *Jackson*, 186 F.R.D. at 608. The Court notes that Plaintiff's counsel was only recently engaged in this action and, therefore, only recently determined that additional causes of action should be alleged. Doc. No. 38-1 at 5. However, "[t]he arrival of new counsel [typically] does not entitle parties to conduct additional discovery or otherwise set aside valid and binding orders of the court, regardless of the efficacy of any new strategy counsel seeks to follow." *Alvarado Orthopedic Research, L.P. v. Linvatec Corp.*, No. 11cv0246 IEG(RBB), 2012 WL 6193834, at *3 (S.D. Cal. Dec. 12, 2012) (internal citations and quotations omitted). In addition, "[t]he good cause standard typically will not be met where the [movant] has been aware of the facts and theories supporting amendment since the inception of the action." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). Here, Plaintiff explains that "the premise of [its proposed amended allegations and new claims] were already present in the [SAC]." *See* Doc. No. 39-1 at 5-6. As such, the fact that Plaintiff's new counsel only recently determined that additional

claims should be alleged is insufficient because "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

Accordingly, the Court finds that Plaintiff has not shown the necessary diligence under Rule 16. "[I]f [the moving party] was not diligent, the inquiry should end." *Id.* Therefore, the Court need not analyze Rule 15(a). *Morgal*, 284 F.R.D. at 460.

## CONCLUSION

Based on the foregoing, the Court **DENIES IN PART** Plaintiff's *ex parte* application to modify the scheduling order. Doc. No. 38. Specifically, the Court **DENIES** Plaintiff's request to extend the deadline to amend the pleadings and **REFERS** the remainder of Plaintiff's *ex parte* application to Magistrate Judge Gallo. Additionally, the Court **DENIES** Plaintiff's motion for leave to file a TAC. Doc. No. 39.

**IT IS SO ORDERED.**

Dated: December 12, 2018

Hon. Michael M. Anello
United States District Judge