# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA JOLLA SPA MD, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVIDAS PHARMACEUTICALS, LLC, <br><br> Defendant. | Case No.: 17-CV-1124-MMA(WVG) <br><br> **ORDER FOLLOWING TELEPHONIC DISCOVERY CONFERENCE** <br><br> **[Doc. Nos. 57 & 58.]** |

The Court held a telephonic discovery conference on February 7, 2019, and entertained argument regarding Defendant's responses to Plaintiff's special interrogatory ("ROG") 16 and requests for production of documents ("RFP") 7, 8, and 11-16. Having considered the parties' briefing (Doc. Nos. 57 & 58), arguments, the Second Amended Complaint, and the Answer thereto, the Court rules as follows:

1. With respect to SROG 16, Defendant shall supplement its responses no later than **February 21, 2019**. By this date, Defendant shall have completed a review of at least 50% of the documents related to this case.

Defendant shall then continue its review and complete a review of 100% of the documents by **March 7, 2019**. Another supplemental response shall then be made by this date. Of course, Defendant may—and is encouraged to—respond sooner than these deadlines.

2. With respect to RFP 7, Defendant withdrew its objection and shall accordingly respond to this RFP by **February 14, 2019**.

3. With respect to RFPs 8 and 11-16:

    a. The parties shall submit a proposed protective order to this Court no later than **February 13, 2019**.

    b. **Within 7 days** of the date the protective order issues, Defendant shall produce all non-privileged responsive documents.

    c. Defendant shall provide Plaintiff a privilege log for withheld documents no later than **February 14, 2019**.

4. The parties dispute whether the scope of discovery—as prescribed by the allegations in the Second Amended Complaint and Answer thereto—is properly limited to the time period after July 11, 2014, the termination date of the contract at issue in this case. Based on the Court's review, the Court limits the scope of discovery to the time period after May 8, 2014—the date of Defendant's letter providing notice of termination of the contract.

The plain language of the Second Amended Complaint demonstrates a singular focus on the breach of royalty payment obligations after May 8, 2014. There is no language from which the Court could find that the time period before this date is at issue. The SAC first alleges that "[p]ursuant to the Contract, Avidas paid royalties until around mid-2014." (SAC ¶ 8.) In other words, Plaintiff alleges that Defendant paid—*in accordance with the terms of the contract*—the royalty payments it owed Plaintiff. Thus, this allegation simply states that Defendant complied with its contractual obligations until around mid-2014. If Defendant complied with its obligations during this period, it logically did not breach the contract and does not owe unpaid royalty during a time period when Plaintiff alleges Defendant complied with its contractual obligations.

After explaining that Defendant paid its royalties, the SAC continues: Defendant's May 8, 2014 contract termination letter conveyed Defendant's "election to sell the remaining stock [of product] on hand and pay appropriate royalties." (*Id.*) However,

"[t]hereafter[—*i.e.*, after the May 8, 2014 contract termination letter—], additional product was sold, but the royalties were not paid." (*Id.*)

The sum of the above allegations is that Defendant had complied with the contract up to May 8, 2014. On that date, Defendant told Plaintiff it would sell the remaining product it had on hand and would pay the royalty it owed Plaintiff. However, after May 8, 2014, Defendant sold more product and failed to pay the royalty it owed Plaintiff. Thus, the Second Amended Complaint itself sets the scope of Defendant's alleged violative conduct to the time period after May 8, 2014.[1] Accordingly, the discovery in this case shall be limited to this time period.[2,3]

**IT IS SO ORDERED.**

DATED: February 8, 2019

Hon. William V. Gallo
United States Magistrate Judge

---

[1] The Court's review of the Answer does not change this result. Although the thirteenth affirmative defense claims full contractual performance, this was *in response to* the allegations that Defendant failed to pay royalties *after May 8, 2014*. Because Plaintiff alleges that royalties were paid before that date, it would make little sense to interpret the thirteenth affirmative defense as applying to a period when Plaintiff itself contends contractual obligations were met.

[2] Plaintiff convincingly noted that to determine the amount of unpaid royalties after May 8, 2014, it is necessary to know how many units of product Defendant had on hand on that date. However, this data is within the scope of discovery herein limited to May 8, 2014 and beyond and does not necessitate discovery prior to that date.

[3] To be clear, Court does not make any rulings on the merits of Plaintiff's case, but simply limits discovery based on a fair reading of the four corners of the SAC, which is consistent with Rule 26. *See* Fed. R. Civ. P. 26(b)(1) (parties may obtain discovery "that is relevant to any party's claim or defense"—complaints contain claims).