UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA JOLLA SPA MD, INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AVIDAS PHARMACEUTICALS, LLC,<br><br>　　　　　　　　　　Defendant. | Case No.: 17cv1124-MMA (WVG)<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FEBRUARY 8, 2019 ORDER**<br>[Doc. No. 64] |

Plaintiff La Jolla Spa MD, Inc. ("Plaintiff") filed this action against Defendant Avidas Pharmaceuticals, LLC ("Defendant") alleging breach of contract. Doc. No. 12 ("SAC"). On February 8, 2019, Magistrate Judge William V. Gallo issued an order limiting the scope of discovery to the time period after May 8, 2014. Doc. No. 60 at 2. On February 19, 2019, Plaintiff filed objections to Judge Gallo's order pursuant to Federal Rule of Civil Procedure 72(a). Doc. No. 64. For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections to Judge Gallo's February 8, 2019 order.

## F<span style="font-variant:small-caps">actual</span> B<span style="font-variant:small-caps">ackground</span>

On August 19, 2008, Plaintiff and Defendant signed a Sales and Distribution Agreement relating to Vitaphenol products.[1] SAC ¶ 14. The parties subsequently signed

---

[1] Vitaphenol products are skincare products. *See* Doc. No. 10 at 2 n.2.

1

a related contract on September 29, 2008, which provided that Plaintiff agreed to grant Defendant licenses to the "Know-How" and trademark related to Vitaphenol. SAC ¶ 4. Under the contract, Plaintiff would transfer ownership of the "Know-How" and trademark for Vitaphenol to Defendant upon payment by Defendant of $1,500,000.00 in royalty payments. *Id.* Specifically, the contract provides for an 8% royalty on Defendant's profit of its sale of Vitaphenol products until $1,500,000.00 is paid. SAC ¶ 5. After payment of the $1,500,000.00, Defendant would continue to pay Plaintiff a 5% royalty. SAC ¶¶ 4-5. "Pursuant to the [c]ontract, [Defendant] paid royalties until around mid-2014. On May 8, 2014, [Defendant] wrote a letter terminating the agreement effective July 11, 2014, because of the death of the 'lead person' for Vitaphenol." SAC ¶ 8. Defendant stated it would sell the remaining stock of Vitaphenol on hand, pay the appropriate royalties, and would discontinue promoting and selling Vitaphenol. *Id.* "Thereafter, additional product was sold, but the royalties were not paid" and Defendant "did not return the remaining inventory" pursuant to a provision of the contract. *Id.* Additionally, Defendant allegedly continued to market and sell Vitaphenol. SAC ¶ 9. Plaintiff contends that Defendant "has knowingly continued exercising its licensing rights without honoring its obligation to pay royalties or return the inventory" and has "also intentionally deceived Plaintiff by secretly marketing and selling the Vitaphenol product line after telling Plaintiff that [it] was terminating its handling of the Vitaphenol product." SAC ¶ 10.

     Plaintiff asserts that Defendant breached the contract by continuing to market and sell the Vitaphenol product following its May 8, 2014 termination letter, which materially changed its position. SAC ¶¶ 11-13. "By changing its position, [Defendant] breached the [c]ontract and deprived Plaintiff of money earned under the contract." SAC ¶14. Thus, "Plaintiff seek[s] to recover the damages resulting from Defendant[']s breach. Plaintiff requested an accounting in 2012[, but Defendant] has not provided an accounting in violation of its Sales and Distribution Agreement dated August 19, 2008." *Id.*

2

17cv1124-MMA (WVG)

## PROCEDURAL BACKGROUND

On January 28, 2019, Defendant served discovery responses on Plaintiff. *See* Doc. No. 57 at 2. The parties held a 1.5 hour teleconference on February 1, 2019, regarding disputes arising out of Defendant's January 28th discovery responses. *Id.* The parties were unable to reach an agreement regarding the discovery dispute and subsequently filed "supplemental briefings" before Judge Gallo for resolution of the dispute. *See id.*; Doc. No. 58. On February 7, 2019, Judge Gallo held a telephonic discovery conference regarding Plaintiff's requests for production of documents ("RFP") Nos. 8 and 11-16. *See* Doc. No. 60. Thereafter, Judge Gallo issued an order limiting the scope of discovery to the time period after May 8, 2014. *Id.* at 2. Plaintiff filed the instant objections to Judge Gallo's order on February 19, 2019. Doc. No. 64.

## LEGAL STANDARD

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless "it has been shown that the magistrate [judge]'s order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS (MDD), 2017 WL 3335736, at *1 (S.D. Cal. Aug. 4, 2017) (quoting *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000)).

"Under Rule 72(a), [a] finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Waterfall Homeowners Ass'n v. Viega, Inc.*, 283 F.R.D. 571, 575 (D. Nev. 2012) (internal quotation marks and citation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (citation omitted).

"When reviewing discovery disputes, however, the Magistrate is afforded broad

discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (internal citations and quotation omitted).

### DISCUSSION

Plaintiff requests the Court vacate Judge Gallo's order to the extent it limits all discovery to the time period after May 8, 2014, and to overrule Defendant's relevance objections to RFP Nos. 8 and 11-16. Doc. No. 64-1 at 4.

**A.      Scope of Discovery**

As an initial matter, Plaintiff objects to Judge Gallo's order limiting all discovery to the time period after May 8, 2014. *Id.* After reviewing Judge Gallo's order and the teleconference transcript, the Court cannot determine with certainty whether Judge Gallo intended to limit all discovery to this time period, or only responsive documents related to the RFPs at issue. On the one hand, Judge Gallo's February 8, 2019 order specifies that it relates to Plaintiff's RFPs. *See* Doc. No. 60 at 1. Moreover, the teleconference transcript suggests that the May 8, 2014 date relates only to documents responsive to Plaintiff's RFPs at issue. *See* Doc. No. 61 at 58 (stating "if you have these documents – and, again, my view of relevancy for this claim right now, as we're on the phone, is after July 11th of '14. That's what I'm ordering -- . . . . the defendant to produce. Documents -- . . . And those RFPs, consistent with that view right now"). On the other hand, the language in the order limiting the scope of discovery is in a separate paragraph from the rulings on Plaintiff's RFPs, suggesting that the limitation applies to discovery as a whole. *See* Doc. No. 60. Here, the appropriate remedy would be for Plaintiff to file a motion for clarification of that paragraph before Judge Gallo. Accordingly, the Court **OVERRULES WITHOUT PREJUDICE** Plaintiff's objection to the February 8, 2019 order to the extent Plaintiff contends all discovery has been limited to the time period after May 8, 2014.

**B.      Requests for Production of Documents Nos. 8 and 11-16**

Plaintiff also objects to the February 8, 2019 order to the extent it sustains Defendant's relevance objections to Plaintiff's RFP Nos. 8 and 11-16. Doc. No. 64-1 at

4. Plaintiff objects to Judge Gallo's order on two grounds: (1) the conclusion that Plaintiff's breach of contract claim is limited to events after May 8, 2014 is clearly erroneous; and (2) Judge Gallo misapplied the relevance standard of discovery under Federal Rule of Civil Procedure 26(b). *See generally, id.* The RFPs and objections at issue are outlined below:

**REQUEST NO. 8:**
All DOCUMENTS and ESI REFLECTING [Plaintiff's] actual receipt of royalty payments from [Defendant] pursuant to the Know-How and Trademark License and Purchase Agreement and/or the Sales and Distribution Agreement, including without limitation, correspondence, delivery confirmations, accountings to [Plaintiff], cancelled checks, and bank statements showing checks cashed by [Plaintiff].

. . .

**REQUEST NO. 11:**
All DOCUMENTS and ESI that REFLECT agreements REGARDING VITAPHENOL PRODUCTS, including without limitation, agreements with SciDerma Medical, LLC, Topix Pharmaceuticals, Inc. and Harmony Labs, Inc.

. . .

**REQUEST NO. 12:**
All DOCUMENTS and ESI that REFLECT COMMUNICATIONS REGARDING the manufacturing, sales and/or distribution of VITAPHENOL PRODUCTS with SciDerma Medical, LLC, Topix Pharmaceuticals, Inc. and/or Harmony Labs, Inc. (including anyone acting on behalf of those entities).

. . .

**REQUEST NO. 13:**
All DOCUMENTS and ESI that REFLECT financial records and accountings from third parties RELATING TO THE manufacturing, sales and/or distribution of VITAPHENOL PRODUCTS, including without limitation SciDerma Medical, LLC and every other company that had a sub-license to sell VITAPHENOL PRODUCTS.

**REQUEST NO. 14:**
All DOCUMENTS and ESI REFLECTING payments made by SciDerma Medical LLC to [Defendant] in connection with its purchase of VITAPHENOL PRODUCTS pursuant to Paragraph 6 of the Inventory and License Agreement between [Defendant] and SciDerma Medical, LLC.

**REQUEST NO. 15:**
All source DOCUMENTS and ESI that [Defendant] relied on and/or used to create the accounting summaries reflected in A_001001 to A_001066, which are attached as Exhibit "J" to the Declaration of Julie Chovanes filed December 3, 2018.

**REQUEST NO. 16:**
All DOCUMENTS and ESI that REFLECT COMMUNICATIONS between [Defendant] and [Plaintiff] (and anyone acting on its behalf without limitation Dianne York-Goldman, Mitchel Goldman, and Lillian Wells) REGARDING the manufacturing, sales and/or distribution of VITAPHENOL PRODUCTS.

Doc. No. 57 at 18-23. Defendant objects to each of these requests on the grounds that "there is no relevance to any documents at any time before July 11, 2014, the claimed breach date." *See id.*

### 1. *Clearly Erroneous*

Plaintiff first contends Judge Gallo's conclusion that Plaintiff's breach of contract claim is limited to events after May 8, 2014 is clearly erroneous because Plaintiff does not claim Defendant's May 8, 2014 termination letter is the only breach claim. Doc. No. 64-1 at 10. In support, Plaintiff states that it requested an accounting in 2012 and was not provided one. *Id.* "Under California law, the elements of a breach of contract claim are: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damage to plaintiff." *EPIS, Inc. v. Fidelity & Guaranty Life Ins. Co.*, 156 F. Supp. 2d 1116, 1124 (N.D. Cal. 2001) (citing *Reichert v. General Ins. Co.*, 68 Cal. 2d 822, 830 (1968)). In other words, any damage to Plaintiff must be a result of Defendant's breach. *See id.*

Here, Plaintiff contends Defendant "materially breached the [c]ontract by terminating the [c]ontract and indicating that it did not intend to replace the 'lead person' and would instead elect to discontinue promoting and selling Vitaphenol." SAC ¶ 11. While Plaintiff concedes that Defendant "does have an ostensibly valid reason for terminating the [c]ontract, pursuant to the terms of the [c]ontract[,]" Plaintiff contends that Defendant has unlawfully continued to market and sell the product using Plaintiff's

trademark. SAC ¶¶ 12-14. Plaintiff then identifies the damages caused by Defendant's alleged breach by explaining that Plaintiff cannot allege specific dollar amounts "because only [Defendant] has knowledge and records of the amounts gained *by the unlawful using of Plaintiff['s] trademark and exactly how much Vitaphenol was unlawfully sold without Plaintiff"[s] knowledge or royalty payment*." SAC ¶ 14 (emphasis added). There are no factual allegations in the operative complaint supporting any "unlawful using" of Plaintiff's trademark other than Defendant's alleged sale of the Vitaphenol product after termination of the contract. *See generally*, SAC.

Plaintiff also alleges Defendant did not provide an accounting at Plaintiff's request in 2012 "in violation of its Sales and Distribution Agreement dated August 19, 2008." SAC ¶ 14. However, Plaintiff's breach of contract claim is based on a contract entered into in September of 2008, not the Sales and Distribution Agreement entered into in August of 2008. *See generally*, SAC. Accordingly, this Court agrees with Judge Gallo's statement acknowledging the existence of that allegation, but finding that it does not change the breach of contract date from May 8, 2014 to sometime in 2012 or earlier. *See* Doc. No. 94-1 at 10 (citing Doc. Nos. 61 at 27:12-15, 36:6-19; 60 at 2.

Reviewing the operative complaint, the Court is not left with the definite and firm conviction that Judge Gallo clearly erred by finding that Plaintiff's breach of contract claim is limited to events after May 8, 2014.

### 2. **Contrary to Law**

Plaintiff next contends Judge Gallo misapplied the relevance standard in limiting discovery to the time period after May 8, 2014. Doc. No. 64-1 at 11-17. Federal Rule of Civil Procedure 26 gives the Court broad discretion to tailor discovery as it sees fit. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). The scope of discovery is limited to information relevant to a party's claims or defenses "and proportional to the needs of the case" in light of certain factors. Fed. R. Civ. P. 26(b)(1).

RFP No. 8 requests "DOCUMENTS and ESI REFLECTING [Plaintiff's] actual receipt of royalty payments from [Defendant]." Doc. No. 57 at 18. According to

7

Plaintiff's counsel, the information sought is relevant to determining the amount of royalties that should have been paid, but that were not paid. *See* Doc. No. 61 at 28 ("[T]hese requests, date and so on, the request for production are targeted at seeking information to show - - for example, for request No. 8, prove that the $90,000 worth of payments that you say were made were actually (A) sent to [Plaintiff] and/or cashed checks by [Plaintiff] because, from my side of the table, there was only $4,000 worth of checks that were received and kept. So that – that relates to the dispute over paid."). In light of the Court's finding that the breach of contract claim is limited to Defendant's breach in terminating the contract, the Court agrees with Judge Gallo that information relating to Plaintiff's receipt of royalty payments from Defendant prior to the alleged breach are irrelevant.

The remaining RFPs, Nos. 11-16, request documents relating to inventory, manufacturing, and sales. *See* Doc. No. 57 at 19-23. Plaintiff's counsel states that this information is relevant to determining the amount of damages resulting from Defendant's breach. *See* Doc. No. 61 at 28-29; *see also* Doc. No. 64-1 at 13. According to Plaintiff, these RFPs would permit it to determine the amount of Vitaphenol products in Defendant's possession at the time of the breach and whether the products were unlawfully sold. *See* Doc. No. 61 at 28-29; *see also* Doc. No. 64-1 at 11. Again, because the operative complaint limits the breach of contract claim to Defendant's termination of the contract, any information regarding Defendant's inventory and sales prior to the breach are irrelevant.

The Court acknowledges that the scope of discovery includes information relevant to a party's defenses as well as claims in the complaint. *See* Fed. R. Civ. P. 26(b)(1). However, as noted by Judge Gallo, Defendant's thirteenth affirmative defense of full contractual performance "was *in response to* the allegations that Defendant failed to pay royalties *after May 8, 2014*." Doc. No. 60 at 3 n.1. Defendant's counsel confirmed this at the teleconference. *See* Doc. No. 61 at 40 ("Our defenses, to the extent we say we paid royalties - - yes, because they alleged in the breach of contract case that (indiscernible)

following May [8]th. And as the contract will argue, darn right, I always say, (indiscernible) royalties were paid. We fully performed. Yes, that is - - with regard to what you say in defending this. But there's no allegation you have to go before May, as you pointed out, sir.").

The Court also acknowledges that in certain instances, "other incidents of the same type" as identified in the advisory committee notes of Federal Rule of Civil Procedure 26(b)(1), can be relevant to a party's claims. *See* Doc. No. 64-1 at 14. At the same time, the Court "has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." *See* Fed. R. Civ. P. 26, Notes of Advisory Committee on 2000 Amendments. Here, the breach of contract claim in the pleadings is limited to the allegedly unlawful sale of Vitaphenol products and use of Plaintiff's trademark after Defendant terminated the contract, which caused damages in the amount of royalties owed after Defendant notified Plaintiff it would terminate the contract. *See* SAC. A breach based on failure to pay "all" royalties under the contract is a breach of a different quality and would create different issues for trial. Plaintiff did not plead that Defendant did not pay some royalties due under the contract prior to receipt of the termination letter. In this regard, Plaintiff could have investigated its own records and alleged such a breach in its complaint. Accordingly, the Court cannot say that Judge Gallo misapplied the relevance standard.

## CONCLUSION

Based on the foregoing, the Court concludes that Judge Gallo acted within his discretion. Plaintiff has not shown Judge Gallo's February 8, 2019 order was clearly erroneous or contrary to law. Accordingly, the Court **OVERRULES** Plaintiff's objections to Judge Gallo's order sustaining in part Defendant's relevancy objections to RFP Nos. 8 and 11-16. However, for the reasons stated herein, the Court cannot conclusively determine whether the scope of discovery delineated in the February 8, 2019 order is limited to RFP Nos. 8 and 11-16, or whether it is a limitation on all discovery.

Therefore, the Court **OVERRULES** without prejudice Plaintiff's objection to the scope of discovery. Following clarification of the scope of discovery, Plaintiff may re-object.

**IT IS SO ORDERED**.

Dated: March 4, 2019

Hon. Michael M. Anello
United States District Judge