James T. Ryan, Esq. (SBN 210515)
JAMES T. RYAN, P.C.
1110 Glenville Dr. # 307
Los Angeles, California 90035
Tel:  310.990.2889
Email:  jr@jamestryan.com

For Plaintiff LA JOLLA SPA MD, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA JOLLA SPA MD INC., <br><br>  Plaintiff, <br>  vs. <br><br> AVIDAS PHARMACEUTICALS, LLC, a limited liability company; and DOES 1 through 10 inclusive, <br><br>  Defendants. | CASE NO. 17-cv-1124-MMA (WVG) <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANT'S COUNSEL <br><br> Judge:  Hon. William V. Gallo <br> Date:  August 16, 2019 <br> Time:  9:00 a.m. <br> Courtroom:  2B |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Avidas Pharmaceuticals, LLC's counsel, Julie Chovanes, violated Rule 30 over 125 times during the deposition of Avidas' 30(b)(6) witness Margaret Gardner. The deposition transcript and related video contain example after example of obstructionist behavior by Ms. Chovanes which impeded, delayed and frustrated the fair examination of Ms. Gardner. The misconduct included instructing the witness not to answer questions on impermissible grounds, instructing the examiner on how to pose questions, initiating or attempting to initiate unnecessary colloquy, unnecessarily "noting" things "for the record," making suggestive objections and engaging in discourteous and bellicose behavior.

Plaintiff La Jolla Spa requests that the Court impose appropriate monetary sanctions pursuant to Rule 30(d)(2) and 28 U.S.C. § 1927 on Ms. Chovanes, including the attorney's fees, travel-related costs and court reporter fees incurred in connection with the deposition and litigating this motion.

## II. AUTHORITY FOR IMPOSING SANCTIONS

Under Rule 30(d)(2), a court may "impose an appropriate sanction–including the reasonable expenses and attorney's fees incurred by any party–on a person who impedes, delays, or frustrates the fair examination of the deponent." Rule 30's advisory committee notes make clear that the sanction may be imposed on parties and attorneys alike. Rule 30(d)(2) sanctions do not require a finding of bad faith. *See, e.g., BNSF Ry. Co. v. San Joaquin Valley Rr. Co.*, 2009 WL 3872043, at *3 (E.D. Cal. Nov. 17, 2009) (ordering obstructionist attorney to pay all fees incurred, including preparation for and attending the deposition and preparing, making, and attending the hearing on the motion for sanctions); *Robinson v. Chefs' Warehouse*, 2017 WL 1064981, at *3 (N.D. Cal. Mar. 21, 2017), on reconsideration, 2017 WL 2617905 (N.D. Cal. June 16, 2017); *see also Funk v. Town of Paradise*, 2011 WL 2580357, at *2 (E.D. Cal. June 28, 2011) (denying motion for reconsideration of

order sanctioning counsel for "appalling" behavior where counsel "repeatedly interrupted the proceedings, interjected editorial comments, and coached or suggested information to the witnesses").

28 U.S.C. Section 1927 provides that any attorney who "unreasonably and vexatiously" "multiplies the proceedings" in a federal action may be required by the court "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *See Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001) (holding that "recklessness suffices for § 1927, but bad faith is required for sanctions under the court's inherent power").[1]

### III. DEFENDANT'S COUNSEL SHOULD BE SANCTIONED FOR VEXATIOUSLY IMPEDING, DELAYING AND FRUSTRATING THE FAIR EXAMINATION OF AVIDAS.

#### a. Defendant's counsel repeatedly instructed the witness to not answer questions on impermissible grounds.

Under Rule 30, an attorney may instruct a client not to answer "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)" to terminate or limit the deposition on grounds of bad faith, oppression, and the like. Fed. R. Civ. P. 30(c)(2), (d)(3). If none of the enumerated objection grounds exists, the objection may be noted on the record, "but the examination still proceeds; the testimony is taken subject to any objection." *Id*. at Fed. R. Civ. P. 30(c)(2).

Avidas' counsel repeatedly violated Rule 30's limit on instructions not to answer. Instead, Avidas' counsel repeatedly instructed the witness not to answer

---

[1] Under its inherent power, a court may impose sanctions on an attorney "if the court specifically finds bad faith or conduct tantamount to bad faith." *Fink*, 239 F.3d at 994. "Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id*.

from the very beginning of the deposition on impermissible grounds.  For example:

> Q.  Are you a managing member of Avidas?
>
> MS. CHOVANES:  Objection; **don't answer the question**. (Ryan Decl., Exhibit 1 ["Ex. 1"] at 15:6-8.)

A second example:

> Q.  Did Avidas Pharmaceuticals exist prior to 2008?
>
> MS. CHOVANES:  Objection; irrelevant.  **We're not going to go there.**  Please get to the Court -- what the Court proscribed the boundaries of the deposition.  Thank you.
>
> MR. RYAN:  When you say "we're not going to go there," you mean the witness is instructed not to answer the question?
>
> MS. CHOVANES:  What?
>
> MR. RYAN:  You said "we're not going to go there."  Are you instructing the witness not to answer the question?
>
> MS. CHOVANES:  **Yes.  Anything beyond the scope of the Court's orders, the witness will not answer.**
>
> MR. RYAN:  **Which Court orders are you referring to?**
>
> MS. CHOVANES:  If you want to go off the record, we can discuss this.  **But I'm not prepared to go through an argument with you right now, sir.**  You're here to take a deposition.  We noted at the last conference before the judge that the scope was going to be within the scope of the Court orders. Now, there are many Court orders that are in this, but right now we're looking at the time Court order.  Are you familiar with any Court order with regard to time?  Are you familiar with that, Mr. Ryan?  (Ex. 1 at 19:3-20:8.)

Even after the Court was available to intervene during the deposition and advise Avidas' counsel to not instruct the witness not to answer on impermissible grounds and to *concisely* state objections are required by Rule 30 (Ex. 1 at 120:7-

1   128:5)², counsel continued to engage in improper conduct:

2       Q.  Well, there's a difference between taking a bottle that's existing
3       and pouring it into a new bottle, and taking the existing bottle and
4       then putting a new label on it.  I'm trying to understand which of
5       those two things, or something else, that SciDerma did.  Do you have
6       an understanding --
7       MS. CHOVANES:  Objection.  **Can you ask a question that makes**
8       **sense?  That made no sense.  I'm not going to let her answer it**
9       **because it's inconsiderate of her to give her questions that make**
10      **no sense.  Come on.**  (Ex. 1 at 150:7-18.)

11  A second example:

12      Q.  How was -- how were the Vitaphenol products being sold in early
13      2014, before May of 2014?
14      MS. CHOVANES:  Objection.  Please clarify the question.  **"How"**
15      **means so many things. I'm not going to let her answer it because**
16      **it's too ambiguous.**  (Ex. 1 at 220:24-221:5.)

17  A third example:

18      Q.  Where in the sales and distribution agreement between Avidas
19      and La Jolla Spa does it reflect that Avidas was going to pay off
20      amounts owed by La Jolla Spa to Harmony.
21      MS. CHOVANES:  I'm going to object to that question because it's
22      calling for a legal because he just gave his legal opinion.  **So you're**
23      **not going to answer that question because it's improper.**  (Ex. 1 at
24      271:14-22.)

---

² The examiner attempted have the Court intervene early in the deposition, but because the deposition was taking place on the East Coast, the Court could not be reached until 8:00 a.m. on the West Coast.  (Ex. 1 at 15:11-16:10; 54:5-56:13.)

1  Avidas' counsel repeatedly instructed the witness not to answer on
2  impermissible grounds on at least 39 occasions.  (*See* Appendix A.)

3  **b. Defendant's counsel repeatedly instructed the examiner on how to**
4  **pose questions and disrupted the flow of the deposition.**

5  Under Rule 30(c)(2), an objection "must be made concisely in a
6  nonargumentative … manner."  Avidas' counsel repeatedly violated this rule by
7  making argumentative objections that were an attempt to instruct *the examiner* on
8  how to pose questions and disrupt the flow of the deposition.  For example:

9      MS. CHOVANES:  Mr. Ryan, **I'm going to ask you to speed this**
10      **up**.  Your constant pauses are just extending this dep.  **If you're not**
11      **prepared with other questions**, we can take a break while you
12      formulate the rest of them, **but please move it along**.  The gaps
13      between questions are becoming longer and longer, and **we'll start**
14      **timing them soon**.  (Ex. 1 at 230:1-8.)

15  A second example:

16      Q.  When was the last time information was added to Exhibit 63?
17      MS. CHOVANES:  Objection; document speaks for itself, and **she**
18      **already said she has no way of knowing that** so it's asked and
19      answered as well.
20      MR. RYAN:  You're making a speaking objection.  Please don't --
21      MS. CHOVANES:  No, **I'm explaining the objection**.
22      MR. RYAN:  You don't need to explain it.
23      MS. CHOVANES:  **Don't characterize my objections, Counsel.**
24      **Ask your question and let's get out of here.**
25      MR. RYAN:  You keep making objections, we're not going to get
26      anywhere.
27      MS. CHOVANES:  Right.  If you keep asking questions that are
28      objectionable, we're really not getting anywhere.  So let's go, come

1  on Counsel. **Ask questions that are good ones.** (Ex. 1 at 227:18-
2  228:13.)
3  A third example:
4      BY MR. RYAN: Did Avidas agree to return all unsold inventory to
5      La Jolla Spa in the event of a termination?
6      MS. CHOVANES: I'm going to object to that in terms of vagueness,
7      agree with whom? **She can't answer that question. Ask a real**
8      **question with a noun, a topic and a date.** (Ex. 1 at 267:11-17.)
9  Avidas' counsel repeatedly engaged in this type of behavior on at least 39
10 occasions. (*See* Appendix A.) Counsel must "avoid the prohibited practice of
11 engaging in so-called Rambo tactics where counsel attacks or objects to every
12 question posed, thus interfering with, or even preventing, the elicitation of any
13 meaningful testimony and disrupting the orderly flow of the deposition." *In re*
14 *Stratosphere Corp. Securities Lit.*, 183 F.R.D. 614, 619 (D. Nev. 1998) (citing
15 *Amer. Directory Serv. Agency, Inc. v. Beam*, 131 F.R.D. 15, 18–19 (D. D.C. 1990)).
16     c. **Defendant's counsel often initiated unnecessary colloquy and**
17        **unnecessarily "noted" things "for the record."**
18     Under Rule 30(d)(2), sanctions may be imposed for impeding, delaying or
19 frustrating the fair examination of the deponent. Avidas' counsel did all of these
20 things by initiating or attempting to initiate unnecessary colloquy and unnecessarily
21 "noting" things during the deposition. (*See* Appendix A.) For example:
22     Q. What does Dan McCall do for Avidas at the present time?
23     A. He's a member of the LLC.
24     Q. Where does he live? Which state?
25     A. I really don't remember.
26     **MS. CHOVANES: Why is it relevant?** (Ex. 1 at 73:1-6.)
27 A second example:
28     Q. What was that agreement?

    A.  A letter of intent.

    MS. CHOVANES:  I'm going to object to the extent that the witness characterized it as an agreement.  **A letter of intent legally may or may not be an agreement.** (Ex. 1 at 102:6-11.)

A third example:

    MS. CHOVANES:  **Let the record reflect we're now a minute between questions.** (Ex. 1 at 235:1-3.)

Avidas' counsel repeatedly engaged in this type of behavior on at least 32 occasions.  (*See* Appendix A.)

        **d.  <u>Defendant's counsel repeatedly made speaking objections</u>.**

Under Rule 30(c)(2), an objection "must be made concisely in a … nonsuggestive manner."  Avidas' counsel repeatedly violated this rule by making suggestive, coaching objections that instructed the witness on how to answer.  For example:

    Q.  What are the brand names of the products that Avidas has developed and produced since 2008?

    A.  We have --

    MS. CHOVANES:  **To the best of your recollection.**

[discussion about speaking objections]

    Q.  Question is:  What are the brand names of the products that Avidas has developed and produced since 2008?

    A.  Avidas -- **to the best of my memory**, Avidas has a product that's called Pro D3.  We have some products that are called Pellesana skin care products.  And there's a product -- I think it's called Forteman.  **That's really all I can think of right now**.  (Ex. 1 at 26:11:27-20.)

A second example:

    Q.  Were there any sales of Vitaphenol products by SciDerma after May 8th of 2014?

> MS. CHOVANES: **To the extent you know.** Please, make the question fair, Mr. Ryan. (Ex. 1 at 220:8-11.)

A third example where Avidas' counsel coached and then answered for the witness:

> Q. Do you know how long the installment payments were made or how many months?
>
> MS. CHOVANES: Objection; asked and answered. **She said they stopped in May of 2012, I recall.** Come on, let's move this along.
>
> THE WITNESS: I -- I don't know how many months. (Ex. 1 at 277:25-278:2-7.)

*See Luangisa v. Interface Operations*, 2011 WL 6029880, at *11 (D. Nev. Dec. 5, 2011) ("[O]bjections that result in an incomplete answer or in the witness's adoption of counsel's statement are suggestive"). Avidas' counsel made at least 21 suggestive objections to the witness. (*See* Appendix A.)

### e. <u>Defendant's counsel's conduct runs afoul of the Local Rules</u>.

This Court has mandated a Code of Conduct. Under Local Rule 83.4(a)(1), attorneys are supposed to "[b]e courteous and civil in all communications." Under the Local Rule 83.4(a)(2), attorneys practicing before this Court must not "[d]isparage the intelligence…or behavior" of counsel or "any person's gender." Avidas' counsel, by being permitted to practice in this Court, is subject to the Standards of Professional Conduct. Local Rule 83.4(b); *see also* Cal. Attorney Guidelines of Civility and Professionalism §§ 4, 9(a). Counsel permitted to practice in this Court are subject to discipline. Local Rule 83.5.

Avidas' counsel did not adhere to the Code of Conduct by disparaging the examiner and acting in a discourteous manner. For example, when the examiner asked the witness if she needed to take a break, Avidas' counsel erupted:

> MR. RYAN [to the witness]: Do you need to take a break?
>
> MS. CHOVANES: No, don't talk to my witness, ever. Don't you

| | |
|---|---|
| 1 | ever talk to my witness.  **Do you understand how threatening that** |
| 2 | **is?** |
| 3 | MR. RYAN:  Why are you standing up? |
| 4 | MS. CHOVANES:  **And how unprofessional that is?** |
| 5 | MR. RYAN:  Why are you standing up? |
| 6 | MS. CHOVANES:  **Because you're a male exercising male** |
| 7 | **privilege** and talking to my witness in a situation where she's already |
| 8 | nervous.  And you're talking to her directly?  That's, first of all, a |
| 9 | violation of the ethical rules, as you know. |
| 10 | MR. RYAN:  Why are you standing up? |
| 11 | MS. CHOVANES:  We're going to take a break. Come on, Margie, |
| 12 | let's take a break. |
| 13 | MR. RYAN:  You're leaning over the table. |
| 14 | MS. CHOVANES:  **Yes, because of your threatening nature** – |
| 15 | MS. CHOVANES:  Because you threatened my witness just now. |
| 16 | **Don't you ever talk to her directly.** |
| 17 | MR. RYAN:  I did not threaten the witness. (Ex. 1 at 81:14-82:17.) |
| 18 | A second example: |
| 19 | Q.  Did Avidas have Harmony manufacture new Vitaphenol anti- |
| 20 | aging toner? |
| 21 | A.  Yes. |
| 22 | MS. CHOVANES:  **You know what?  While there's no question,** |
| 23 | **I'm going to ask you to speed this up and say:  Are there any** |
| 24 | **products on that list that they did not manufacture? Can we do it** |
| 25 | **quicker?** |
| 26 | MR. RYAN:  No. |
| 27 | MS. CHOVANES:  **Why not, Counsel?** |
| 28 | MR. RYAN:  But I think it's important that we go through each one. |

      MS. CHOVANES:  Yeah, **I know you think it's important to waste our time**, but we're trying to get out of here and with concern – out of courtesy for everyone's time. (Ex. 1 at 58:9-24.)

A third example:

      MR. RYAN:  Right.  So you're preventing me from asking questions about inventory at Avidas; is that true?

      MS. CHOVANES:  Beyond the scope of the judge's order.  Okay.  **Stop it.  Go ask questions.**  We're not going to – **you've already wasted five minutes making meaningless arguments**.  Ask questions that are acceptable.  **Go.**  Otherwise, we're going to leave because **you're wasting our time**. (Ex. 1 at 48:9-18.)

A fourth example:

      Q.  Could you tell me their names?

      MS. CHOVANES:  No.  No.  I want to know why the documents are relevant, because we're going far before May of 2014.  Why don't you start with that date.  **She's not going to answer that question otherwise, because you're trying to extend discovery for your garbage case.  So, no, we're not going – we're not going to go there.**  (Ex. 1 at 68:18-25.)

Many of the other improper objections identified in Section III(a)-(d) also involved inappropriate behavior that violates the Code of Conduct, including attempting control the pace of the deposition and examination of the witness through discourteous and bellicose behavior.

## IV.  CONCLUSION

The Court should impose sanctions against Julie Chovanes in an amount not less than $28,502.03 to be paid to Plaintiff's counsel within 15 days and order Ms. Chovanes to file a declaration verifying payment within 7 days thereafter.

| | | |
|---|---|---|
| Dated: June 10, 2019 | | **JAMES T. RYAN, P.C.** |
| | By | *s/ James T. Ryan* |
| | | James T. Ryan, Attorney for Plaintiff |