1  Jennifer J. McGrath, Esq. (State Bar No. 211388)
2  THEODORA ORINGHER PC
   1840 Century Park East, Suite 500
3  Los Angeles, California 90067-2120
   Telephone: (310) 557-2009
4  Facsimile: (310) 551-0283

5

6  Julie Chovanes, Esq. (pro hac vice)
   CHOVANES LAW LLC
7  P.O. Box 4307
   Philadelphia, PA 19119
8  Telephone:(267) 235-4570
9  Facsimile: (888) 966-0126

10
   Attorneys for Defendant Avidas
11 Pharmaceuticals, LLC

12

13

14           **UNITED STATES DISTRICT COURT**

15          **SOUTHERN DISTRICT OF CALIFORNIA**

16

17 LA JOLLA SPA MD, INC.,              Case No. 3:17-cv-01124-MMA-WVG

18        Plaintiff,                    **DEFENDANT AVIDAS
                                        PHARMACEUTICALS, LLC'S**
19     vs.                             **OPPOSITION TO PLAINTIFF'S
                                        MOTION FOR SANCTIONS**
20 AVIDAS PHARMACEUTICALS, LLC,

21        Defendant.                    Judge: Hon. William V. Gallo
                                        Date: August 16, 2019
22                                      Time: 9:00 a.m.
                                        Courtroom: 2B
23

24

25

26

27

28

1   Defendant Avidas Pharmaceuticals LLC ("Avidas") opposes Plaintiff's LaJolla

2   Spa MD, Inc's ("LaJolla") Motion For Sanctions (ECF No. 93).

3   Plaintiff's Motion fails to recite the events as they occurred and fails to prove any

4   sanctions should be imposed by this Court.  Therefore Defendant respectfully requests

5   the motion be denied.

6   On May 3, 2019 Plaintiff took the deposition of Ms. Gardner-Hunt, the 30(b)6

7   designee of defendant Avidas, in accord with Plaintiff's Amended Notice of Deposition

8   (Chovanes Declr. Ex. A hereto.)  The deposition came at the end of discovery in this

9   case, and the Court had issued numerous Orders during the case, including its Order

10  Dismissing nine of the ten Counts of the first Complaint (ECF No. 10), an Order

11  Denying Plaintiff's Motion for Leave to File a Third Amended Complaint (ECF No.

12  49), and various orders regarding the scope of discovery in light of the orders on the

13  merits of the various Complaints, including a ruling on proportionality in this case:

14  THE COURT: And Rule 26B that talks about the discovery scope and limits

15  says:  Unless otherwise limited by the court -- by court order, the scope of

16  discovery is as follows: Parties may obtain discovery regarding any

17  nonprivileged matter that is relevant to any party's claim or defense and

18  proportional to these of the case.  And then it goes on and lists a number of

19  criteria to  determine proportionality.

20  So I'm guided by the pleadings.

21  Tr. February 7, 2019, ECF No. 61 at p. 33, lines 11-21.

22  During the deposition counsel repeatedly disagreed about the scope and impact

23  of the Court's orders.  Counsel for the defendant asserted she was acting fully within

24  her client's rights in the scope of discovery and its limits generally and in this case in

25  light of the prior detailed orders; counsel for plaintiff disagreed; and so a call was

26  placed to the Court and the various objections addressed by the Court.  *See* Deposition

27  Margaret Gardner 30(b)6 witness attached as  Ex. 1 to the Ryan declaration (ECF 93-6)

28  at pp. 120 to 128.

THEODORA ORINGHER
COUNSELORS AT LAW

1    Following the Court's directions, the deposition resumed, and counsel for

2  plaintiff asked counsel for defendant what to do:

3    MR. RYAN:· I asked you during the break whether you would allow me to ask

4    questions of the witness that you previously instructed her not to answer.  Will

5    you allow me to do that now?

6    MS. CHOVANES:· I don't think it's up to me to allow you to do anything.· Why

7    don't you just start the deposition.

8    BY MR. RYAN:

9    Q.· ·Okay.· Other than licensing and selling the Vitaphenol products, has

10   Avidas ever licensed and sold other products that it has not developed and

11   produced?

12   A.· ·Yes, we have.

13   Q.· ·What are those other products?

14   A.· ·One product was Avidoxy, and another product was Scalacort.

15   Q.· ·How do you spell those?

16   A.· ·S-C-A-L-A-C-O-R-T.

17   …

18   *Id.* at pp. 129 -130.

19

20    Counsel for plaintiff then either asked the questions he wished to reask, and got

21  an answer, or did not; in any event it was wholly his choice to reask questions he

22  thought were now answerable in light of the Court's directions.  The few examples he

23  cites after the Court's direction were *all* answered after appropriate correction in light

24  of counsel's objections.  *See, e.g,* counsel's very first example after the Court's ruling,

25  at page 150 of the deposition.  The deposition immediately *after* his citation reads:

26   BY MR. RYAN:

27   Q.· ·Do you understand the question that I asked?

28   A.· ·I'm not sure.  What I know that SciDerma did was, they had a new label for

*DEFENDANT AVIDAS PHARMACEUTICALS, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS*

THEODORA ORINGHER
COUNSELORS AT LAW

1 the bottles and they had a new box to replace the old carton. That's what I know.

2 Q. · ·What's the basis of your knowledge?

3 A. · ·I was sent the product and shown it.· And then all of their promotional

4 material had the ·photographs of the new packaged product.

5 *Id.* at p. 150, line 19 to p. 151, line 5.

6 Thus it was answered – something counsel didn't mention in his motion.

7 The other remaining few others after the Court's ruling are to the same effect.

8 There were *no* unanswered questions after the Court's intervention and directions.  If

9 there were, counsel had the opportunity to reask the questions and even to have the

10 Court reintervene.  He chose neither, and instead concluded the deposition by saying he

11 had no further questions.

12 MR. RYAN:· I don't have any further questions.· Thank you.

13 MS. CHOVANES:· We have nothing.  Deposition is over.

14 *Id.* at 280.

15 There are no unanswered questions.  Any that counsel chose to think up weeks

16 later were waived and any attempt to raise them now, after the conclusion of the

17 deposition and in light of this Court's Orders, is untenable and irresponsible.  *See* Ex.

18 B, Chovanes Declr.

19 The same argument apply to counsel's arguments B. – D.  There is no reason to

20 revisit the questions – which all were answered.   There is a lack of proof of any

21 prejudice.  If there was and as noted above, counsel had every opportunity to present

22 proofs that day to the Court but instead concluded the deposition noting he had no

23 further questions.

24 Moreover, as noted in the example Mr. Ryan cites *he was needlessly delaying*

25 *questions and simply seemed unprepared by the end*.  He doesn't contest that here.  The

26 timing of his questions became longer and longer which was objectionable and noted

27 by counsel for defendant.  He was wasting time and he doesn't disagree at all – he just

28 complains that defendant's counsel noted the fact.  There is nothing wrong though with

*DEFENDANT AVIDAS PHARMACEUTICALS, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS*

THEODORA ORINGHER
COUNSELORS AT LAW

1    noting that fact – it is necessary to protect defendant's client from further abuse.

2        Perhaps the most cynical argument is counsel's argument E.  His threatening

3    conduct – looming over the witness, who is an older woman and was ill, both facts well

4    known to Mr. Ryan and then attempting to talk to her directly ignoring her counsel's

5    presence is absolutely objectionable and for him to complain here it wasn't is

6    horrendously cynical and wrong.

7        Finally,  there is no attempt to prove any prejudice, any effect on the merits or

8    even that the discovery was justified despite the Court's Orders noted above and

9    elsewhere.  Rather this motion is simply a demand for thousands of dollars.

10       The sworn statements seeking the thousands of dollars lack any back up

11   documents and counsel and his client tell different stories about what happened and

12   their supposed expenses.  For example, on  May 1, 2019, counsel for plaintiff wrote to

13   counsel for defendants requesting the 30(b)6 deposition of Avidas, the one that is the

14   subject of the motion here, be delayed:

15       Ms. Chovanes:

16       My flight just got canceled.  I can rebook tomorrow and can take the deposition

17       on Friday same time and place.  Please let me know as soon as possible if the

18       deposition can proceed on Friday.

19       Thank you.

20       [James T. Ryan]

21       Ryan May 1 email, Ex. C to Chovanes Declaration

22

23       Ms. Chovanes agreed and Mr. Ryan then noted:

24       Thanks. I shifted my flights with the hope we can get it done.

25       Ryan May 1 email, Ex. D to Chovanes Declaration

26

27

28

THEODORA ORINGHER
COUNSELORS AT LAW

*DEFENDANT AVIDAS PHARMACEUTICALS, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS*

1

2      However Ms. York's sworn claim of monetary reimbursement for the airplane

3  bill attached to the motion says Mr. Ryan *did* travel May 1st:

4      On April 19, 2019, I purchased a round-trip ticket for Mr. Ryan to

5      travel to Philadelphia for the deposition of Avidas, which was re-set to take place

6      on May 2, 2019. That round-trip ticket cost $430.30, including a credit from the

7      cancelled one-way ticket and a ticket change fee. Attached as Exhibit 3 is a true

8      and correct copy of the ticket receipt [with the May 1st date.]

9      ECF No. 93-4, Declaration of Ms. York.

10

11      Therefore, Plaintiff's claims of expenses are contradictory.  Nor do they have any

12  bearing on anything.  They are just unsupported demands for thousands of dollars and

13  so should be denied.

14

15      CONCLUSION

16

17      Plaintiff's motion is unsupported and this Court should deny Plaintiff's motion.

18

19

20  DATED: June 28, 2019                    RESPECTFULLY SUBMITTED

21                                          Chovanes Law LLC

22                                          By: /s/ Julie Chovanes

23

24                                          Attorney for Plaintiff

25

26

27

28

*DEFENDANT AVIDAS PHARMACEUTICALS, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS*

THEODORA ORINGHER
COUNSELORS AT LAW