James T. Ryan, Esq. (SBN 210515)
JAMES T. RYAN, P.C.
1110 Glenville Dr. # 307
Los Angeles, California 90035
Tel:  310.990.2889
Email:  jr@jamestryan.com

For Plaintiff LA JOLLA SPA MD, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| LA JOLLA SPA MD INC.,<br><br>Plaintiff,<br>vs.<br><br>AVIDAS PHARMACEUTICALS, LLC, a limited liability company; and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO. 17-cv-1124-MMA (WVG)<br><br>REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANT'S COUNSEL<br><br>Judge:  Hon. William V. Gallo<br>Date:  August 16, 2019<br>Time:  9:00 a.m.<br>Courtroom:  2B |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. AVIDAS' COUNSEL IS UNAPOLOGETIC AND HER OBSTRUCTIONIST CONDUCT IS INDEFENSIBLE.

"In general, counsel should not engage in any conduct during a deposition that would not be allowed in the presence of a judicial officer." *See* Fed.R.Civ.P. 30(d)(2), advisory committee notes (1993 amendments).

Avidas Pharmaceuticals, LLC's counsel, Julie Chovanes, does not deny that she:

1. repeatedly instructed the witness to not answer questions on impermissible grounds;
2. repeatedly instructed the examiner on how to pose questions and disrupted the flow of the deposition;
3. often initiated unnecessary colloquy and unnecessarily "noted" things "for the record";
4. repeatedly made speaking objections; and
5. engaged in conduct that runs afoul of the Local Rules.

Instead, Avidas opposes the motion by arguing that Plaintiff La Jolla Spa MD, Inc.'s counsel was able to re-ask questions and obtain some information. Avidas cites no authority for its novel argument that Rule 30 is not violated where, despite impeding, delaying, or frustrating the fair examination of the deponent, the examiner was able to obtain some answers in the deposition. That is because there is none.

Because Avidas' counsel has acted without explanation or contrition, the only conclusion that can be drawn is that she acted intentionally and in bad faith. Therefore, not only should the Court impose the monetary sanctions under Rule 30(d)(2) and 28 U.S.C. § 1927, but it should also consider imposing sanctions under its inherent authority in order to deter such conduct in the future. (*See* Motion, fn.1.)

## II. AVIDAS' ARGUMENTS IN OPPOSITION ARE UNPERSUASIVE.

### a. There are no Court orders limiting the scope of examination.

Avidas contends there were "various orders regarding the scope of discovery" as an apparent justification for violating Rule 30 over 125 times. In doing so, Avidas only references a transcript of a February 7, 2019 discovery dispute where the Court referenced Rule 26. The Order that issued after the February 7, 2019 discovery dispute was specifically limited to interrogatories and requests for production of documents. (Doc. No. 60, 72, 73.) During the deposition, La Jolla Spa's counsel *and the Court* reminded Avidas' counsel that the Order was limited to written discovery. (Doc. No. 93-6 [20:22-21:24; 126:16-20].) The Court even granted Avidas leave to file a protective order motion regarding the deposition (Doc. No. 82), but Avidas failed to move. As such, there were no Court orders limiting the scope of examination at the deposition.

### b. La Jolla Spa's counsel's ability to pry some answers out of Avidas after hours of obstructionist conduct does not negate the 125+ violations of Rule 30.

Avidas has the temerity to argue that La Jolla Spa's counsel was able to re-ask an unspecified number of questions[1] after the Court intervened, as if that negates all of its prior and subsequent conduct. The fact that La Jolla Spa's counsel was able to obtain some information in the deposition despite the non-stop objections does not mean that Avidas' counsel did not impede, delay, or frustrate the fair examination of the deponent both before and after the Court intervened. As explained in the Motion, *even after the Court intervened*, Avidas' counsel continued to repeatedly engage in over 50 instances of prohibited conduct (Doc. No. 93-2), including not stating objections "succinctly" as the Court recommended (Doc. No. 93-6 [123:23]) and Rule 30(c)(2) requires.

---

[1] Avidas only identifies two instances.

Rule 30 violations are not negated simply by the fact that the examination could be completed. Avidas cites no authority to the contrary because there is none. Avidas ignores that "an excessive number of unnecessary objections may itself constitute sanctionable conduct." *See* Fed.R.Civ.P. 30(d)(2), advisory committee notes (1993 amendments). Moreover, sanctions may be awarded under Section 1927 simply to deter such behavior in the future. *Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 899 F.2d 1171, 1177 (Fed.Cir.1990) (holding that a "principal purpose" of section 1927 is deterrence of intentional and unnecessary delay in the proceedings).

### c. **Avidas'** *ad hominem* **attacks on La Jolla Spa's counsel continue.**

In an effort to justify some of its counsel's prohibited behavior, Avidas doubles down and argues that La Jolla Spa's counsel "was needlessly delaying questions and simply seemed unprepared by the end" and "[t]here is nothing wrong though with noting that fact."

Beyond the disruption caused by unnecessarily "noting" things for the record 17 times, which impedes the natural flow of the deposition, Avidas' counsel's insistence on "hurrying" counsel at the end of the deposition after enduring 100 impermissible objections as well as many other permissible objections was clearly a new tactic in Ms. Chovanes' arsenal to continue frustrate the fair examination of the client. Rule 30(d) allows for a seven-hour deposition and La Jolla Spa completed the deposition within the allowable limit. If Avidas' counsel believed that the deposition was unnecessarily delayed, her remedy was to seek a protective order.

### d. **The video speaks for itself.**

Avidas argues that it is cynical for La Jolla Spa to point out conduct that violates the Local Rules when it was La Jolla Spa's counsel who engaged in "threatening conduct – looming over the witness, who is an older woman and was ill … is absolutely objectionable … and was horrendously cynical and wrong." The Court need look no further than the video clip at pages 80-82 of the deposition

1  transcript to see that La Jolla Spa's counsel was not engaging in threatening
2  conduct when he asked the witness if she needed to take a break. (Doc. 93-3.) It
3  was Ms. Chovanes who jumped up, raised her voice, leaned over the table,
4  repeatedly pointed at counsel, and stormed out of the room before her client could
5  unhook her microphone.
6      If there were a concern for the well-being of her client, Ms. Chovanes would
7  have insisted on the 30-minute breaks that the Court ordered at Ms. Chovanes'
8  request after a discovery conference that required the Court to examine the witness'
9  medical records. (Doc. No. 82.) By far, the longest recess during the full-day
10  deposition was a 25-minute lunch break, and that was taken at the instance of La
11  Jolla Spa's counsel:
12      MR. RYAN: Okay. So I need to break for lunch now.
13      MS. CHOVANES: Let's keep going.
14      MR. RYAN: Go off the record.
15      THE VIDEOGRAPHER: Time is 12:55 p.m. --
16      MS. CHOVANES: Hold on, hold on. We're not going off the record. What
17      are your plans for the rest of the day that you want to break for lunch
18      arbitrarily?
19      MR. RYAN: My plans are I need to eat lunch.
20      MS. CHOVANES: And what time after lunch? What time do you think
21      you're finishing up here?
22      MR. RYAN: I don't know. I have food that's available, and I'm going to eat
23      it, and then we can start back up in maybe 20 minutes or so?
24      MS. CHOVANES: Okay. I have 12:52, so let's start up at 10 after 1:00.
25      MR. RYAN: Okay.
26      MS. CHOVANES: Okay. We're off. Thank you.
27      (Luncheon recess taken from 1:13 p.m. to 1:17 p.m.)
28      THE VIDEOGRAPHER: Time is now 1:17 p.m. We're back on the video

1  record.

2  MS. CHOVANES: Let the record reflect, we were here at 1:10, as agreed. (Doc. No. 93-6 [128:8-129:13].) The other breaks only lasted an average of 5 to 10 minutes[2] and Ms. Chovanes never objected to the length of the breaks (except the foregoing, which was apparently too long).

### III. THE FULL AMOUNT OF FEES AND EXPENSES REQUESTED SHOULD BE IMPOSED AS MONETARY SANCTIONS.

Avidas does not contest La Jolla Spa's counsel's hourly rate or itemization of amount of fees or expenses[3] set forth in the declarations supporting the motion. Consequently, the Court should find they are reasonable and award monetary sanctions in an amount not less than $28,502.03. *See In Re: Ford Motor Co. DPS Powershift Transmission Prod. Liab. Lit.*, Case No. 18-ml-02814 AB (FFMx) (Doc. No. 338) (C.D. Cal. June 21, 2019) (awarding $18,913.33 in fees and costs as sanctions per Rule 30(d) and Section 1927 where counsel repeatedly made improper objections and instructed the witness not to answer on impermissible grounds).

Dated: July 8, 2019

**JAMES T. RYAN, P.C.**

By  *s/ James T. Ryan*
James T. Ryan, Attorney for Plaintiff

---

[2] There were 7 regular breaks and they were each less than 10 minutes. *See* Doc. No. 93-6 [83:8 (6 min.); 111:13 (9 min.); 166:11 (1 min.); 178:2 (5 min.); 207:2 (6 min.); 240:5 (6 min.); 279:17 (5 min.)].

[3] In an effort to distract, Avidas mentions a supposed contradiction in the re-set travel for the deposition. Mr. Ryan was supposed to fly on May 1 to take the deposition on May 2. His May 1 flight was canceled. His departure was re-set for May 2 with the deposition taking place on May 3. There is no contradiction.