James T. Ryan, Esq. (SBN 210515)
JAMES T. RYAN, P.C.
1110 Glenville Dr. # 307
Los Angeles, California 90035
Tel:  310.990.2889
Email:  jr@jamestryan.com

For Plaintiff LA JOLLA SPA MD, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA JOLLA SPA MD INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>AVIDAS PHARMACEUTICALS, LLC, a limited liability company; and DOES 1 through 10 inclusive,<br><br>    Defendants. | CASE NO. 17-cv-1124-MMA (WVG)<br><br>OPPOSITION TO MOTION FOR DISMISSAL UNDER F.R.C.P. 12(b)(1) AND 12(b)(6), OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT UNDER F.R.C.P. 56<br><br>Judge:  Hon. Michael M. Anello<br>Date:  August 19, 2019<br>Time:  2:30 p.m.<br>Courtroom:  3D |

# **TABLE OF CONTENTS**

I.  SUMMARY OF ARGUMENT ........................................................................ 1

II.  STATEMENT OF DISPUTED FACTS ....................................................... 1

    a.  There is a genuine dispute as to whether La Jolla Spa is a party to the Sales and Distribution Agreement. ........................................................ 1

    b.  There is a genuine dispute as to whether Avidas paid all money owed to La Jolla Spa. ................................................................................... 3

III.  THE MOTIONS TO DISMISS SHOULD BE DENIED. ............................... 3

    a.  The motion to dismiss for lack of subject matter jurisdiction should be denied. .......................................................................................... 4

    b.  The motion to dismiss for failure to state a claim should be denied. .... 5

IV.  THE MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED. ... 6

    a.  Legal standard ................................................................................. 6

    b.  Avidas has not met its initial burden of production to sufficiently demonstrate the absence of a genuine issue of fact. ............................. 7

        i.  Avidas has not produced sufficient evidence negating an essential element of La Jolla Spa's breach of contract claim. ...... 7

        ii.  Avidas has not shown that La Jolla Spa does not have enough evidence of an essential element of its breach of contract claim to carry La Jolla Spa's burden at trial. ........................................ 8

    c.  Even if Avidas has met its burden, there are genuine issues of fact ...... 9

        i.  A genuine issue of fact exists as to whether La Jolla Spa is a party to the Sales and Distribution Agreement ............................. 9

        ii.  A genuine issue of fact exists as to whether Avidas breached the Sales and Distribution Agreement. ............................................. 9

        iii.  A genuine issue of fact exists as to whether Avidas paid all money owed to La Jolla Spa. .................................................... 10

        iv.  A genuine issue of fact exists as to whether La Jolla Spa has been damaged by Avidas' breach of the Sales and Distribution Agreement ..................................................................................... 10

        v.  A genuine issue of fact exists as to whether there were sales of Vitaphenol products after the purported termination. ............... 11

V.  CONCLUSION ............................................................................................ 11

i

1

## <u>TABLE OF AUTHORITIES</u>

2

### CASES

3

*Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d
4
   142 (1970)..............................................................................................10, 11

5

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91
   L.Ed.2d 202 (1986)...............................................................................6

6

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336 (9th Cir. 1996)................................6

7

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d
8
   265 (1986).........................................................................................6, 7

9

*Elvig v. Calvin Presbyterian Church*, 375 F.3d 951 (9th Cir. 2004) .....................4

10

*In re FEMA Trailer Formaldehyde Products Liab. Litig.*, 668 F.3d 281
   (5th Cir. 2012) ....................................................................................5

11

*Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69 (2d
12
   Cir. 1995)............................................................................................6

13

*Katz v. Children's Hosp.*, 28 F.3d 1520 (9th Cir. 1994) .......................................7

14

*Li v. Chertoff*, 482 F.Supp.2d 117 (S.D. Cal. 2007)............................................4

15

*Martin Marietta Corp. v. Int'l Telecom. Satellite Org.*, 991 F.2d 94
   (4th Cir. 1992) ....................................................................................6

16

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d
17
   1099 (9th Cir. 2000) .......................................................................7, 9

18

*Roberts v. Corrothers*, 812 F.2d 1173 (9th Cir. 1987)..........................................5

19

*Savage v. Glendale Union High Sch.*, 343 F.3d 1036 (9th Cir. 2003) ...................4

20

*United States v. One 1997 Mercedes E420*, 175 F.3d 1129 (9th Cir.
   1999)...............................................................................................4, 5

21

*Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136 (9th Cir. 2003)................4

22

### STATUTES

23

Fed. R. Civ. P. 12..............................................................................................3

24

Fed. R. Civ. P. 56..............................................................................................6

25

Fed. R. Civ. P. 36..............................................................................................9

26

### OTHER AUTHORITIES

27

Civ. Chambers R. IV ........................................................................................11

28

OPPOSITION TO MOTION FOR DISMISSAL/SUMMARY JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   SUMMARY OF ARGUMENT

Defendant Avidas Pharmaceuticals, LLC's ("Avidas") motion is based on a false premise, namely, that Plaintiff La Jolla Spa MD, Inc. ("La Jolla Spa") is not a party to one of the two contracts that serve as the basis for La Jolla Spa's breach of contract claim.  Avidas' false premise is not only belied by the plain language of the contract, but Avidas has repeatedly admitted in discovery and pleadings that it entered into the Sales and Distribution Agreement with La Jolla Spa.  Because Avidas' premise is incorrect, its arguments about La Jolla Spa's lack of standing are incorrect.  Accordingly, the Rule 12(b)(1) and 12(b)(6) motions fail.

Avidas' summary judgment motion also fails because it is built, in part, on the false premise.  It also fails because there are many disputed issues of fact that should be tried by a jury.  Accordingly, the Court should deny Avidas' motion in its entirety.

### II.   STATEMENT OF DISPUTED FACTS

Avidas essentially only presents two facts that it contends are undisputed. First, Avidas contends that La Jolla Spa was not a party to the Sales and Distribution Agreement.  Second, Avidas contends that it paid "all" royalties owed under the Sales and Distribution Agreement.  As set forth in La Jolla Spa's response to the Separate Statement, those two essential facts are genuinely disputed, as summarized below.

### a.   There is a genuine dispute as to whether La Jolla Spa is a party to the Sales and Distribution Agreement.

Avidas contends that La Jolla Spa is not a party based on an incorrect reading of the plain language of the agreement.  The undisputed evidence proves otherwise.

First, the first paragraph of the Sales and Distribution Agreement states that it is "by and between York-Goldman Enterprises, Inc. and La Jolla Spa MD, with a principal place of business at 7630 Fay Avenue, La Jolla, CA (hereinafter referred

1

to as "YGE"), and Avidas Pharmaceuticals, LLC."  [Disputed Facts 1-7;

Undisputed Fact 11.]  "YGE" is expressly defined to include both York-Goldman

Enterprises, Inc. and La Jolla Spa.   [Undisputed Fact 12.]

Second, Avidas has repeatedly admitted that it entered into the Sales and

Distribution Agreement with La Jolla Spa.  [Undisputed Fact 13.]  For example, in

deposition, Avidas admitted the following:

> Q.    You mentioned that Avidas entered into three agreements with
>        La Jolla Spa regarding the Vitaphenol products; correct?
> A.    Correct.
> Q.    Is one of those agreements called the sales and distribution
>        agreement?
> A.    Yes.

[Undisputed Fact 13 (Ryan Decl., Ex. 1 (35:9-15)).]

Avidas also admitted that it entered into the Sales and Distribution

Agreement with La Jolla Spa in its Opposition to Plaintiff's Motion for Leave to

File a Third Amended Complaint:

> In late 2008, Plaintiff LaJolla Spa MD, Inc. ("LaJolla") and Defendant
> Avidas Pharmaceuticals, LLC ("Avidas") entered into two separate
> Agreements, one entitled "Know-How and Trademark License and
> Purchase Agreement" ("Know-How and Trademark Agreement" dated
> August 19, 2008, Ex. A to Chovanes Declaration hereto) and one titled
> "Sales and Distribution Agreement" ("Sales and Distribution
> Agreement" dated August 19, 2008, Ex. B).

[Doc. No. 47 at 4:12-17.]

Avidas also admitted in its Answer to the Third Amended Complaint that it

entered into the Sales and Distribution Agreement with La Jolla Spa:

> Avidas further admits that it entered into two separate agreements with
> Plaintiff, one agreement entitled Sales and Distribution Agreement
> dated August 19, 2008 and one agreement with Plaintiff entitled Know-
> How and Trademark License and Purchase Agreement dated August
> 19, 2008 and signed by Avidas on September 29, 2008 (the
> "Agreement").

1   [Doc. No. 90 at ¶2.]

2       In light of the foregoing, at a minimum, there is a genuine dispute as

3   to whether La Jolla Spa is a party to the Sales and Distribution Agreement.

4         **b.**  **There is a genuine dispute as to whether Avidas paid all money**

5             **owed to La Jolla Spa.**

6       Avidas contends that it paid "all" royalties owed.  [Disputed Fact 9.]  The

7   evidence offered by Avidas in support of the fact cannot be presented in a form

8   that would be admissible in evidence.  *See* Evidentiary Objection No. 1.  However,

9   even if Avidas' evidence was admissible, there is a genuine dispute for several

10  reasons.

11      First, Avidas merely states that it "paid all such royalties" and then cites to

12  60+ pages of documents that are a combination of accounting summaries, checks,

13  and correspondence.  [*See* Ex. J to Chovanes Decl. ISO SJ Motion.]  These

14  documents do not establish the amount of royalties that were *owed* or the amount

15  that was *paid*.  There is no foundation for any of the information contained in the

16  60+ pages cited and the accounting statements, at the very least, are inadmissible

17  hearsay.  Because Avidas has not carried its burden to prove all money was paid,

18  La Jolla Spa is not required to respond.

19      Second, even if the burden has shifted, Avidas did not pay any money, let

20  alone royalties, to La Jolla Spa at the time Avidas sold its Vitaphenol inventory to

21  SciDerma Medical, LLC in August 2010.  [Disputed Fact 9; Undisputed Fact 17.]

22  As such, there is a genuine dispute as to whether Avidas paid "all" royalties owed.

23  **III.**   **THE MOTIONS TO DISMISS SHOULD BE DENIED.**

24      A Rule 12(b) motion must be made before the responsive pleading.  Fed. R.

25  Civ. P. 12(b).  Avidas has brought motions to dismiss after filing its answer.  (Doc.

26  No. 90.)  Thus, if the Court is going to consider the belated challenge, the motion

27  should be treated as a motion for judgment on the pleadings, pursuant to Rule 12(c)

28

1   or 12(h)(2).  *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir.
2   2004).

3           **a.  <u>The motion to dismiss for lack of subject matter jurisdiction</u>**
4                **<u>should be denied.</u>**

5        Avidas previously invoked this Court's subject matter jurisdiction when it
6   removed the case on diversity grounds from the San Diego County Superior Court.
7   (Doc. No. 1.)  Avidas now contends that the Third Amended Complaint should be
8   dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because the Court
9   lacks subject matter jurisdiction.

10       There are two permissible jurisdictional attacks under Rule 12(b)(1): a facial
11  attack, where the Court's inquiry is limited to the allegations in the complaint; or a
12  factual attack, which permits the Court to look beyond the complaint at affidavits or
13  other evidence.  *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2
14  (9th Cir. 2003) . "In a facial attack, the challenger asserts that the allegations
15  contained in a complaint are insufficient on their face to invoke federal jurisdiction,
16  whereas in a factual attack, the challenger disputes the truth of the allegations that,
17  by themselves, would otherwise invoke federal jurisdiction." *Li v. Chertoff*, 482
18  F.Supp.2d 1172, 1175 (S.D. Cal. 2007) (internal citations omitted).

19       Here, Avidas has brought both a "facial" and "factual" attack.  The "facial"
20  attack is based on Avidas misinterpreting the language of the Sales and Distribution
21  Agreement, which is attached to the Third Amended Complaint.  The "factual"
22  attack is based on Avidas' request that the Court take judicial notice of the
23  corporate suspension of non-party York-Goldman Enterprises, Inc.

24       If the defendant brings a "facial" attack, the Court must assume that the
25  factual allegations in the complaint are true and construe them in the light most
26  favorable to the plaintiff.  *See United States v. One 1997 Mercedes E420*, 175 F.3d
27  1129, 1130–31 & n. 1 (9th Cir. 1999); *see also Warren v. Fox Family Worldwide,*
28  *Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  Where jurisdiction is intertwined with

the merits, the Court must "assume [ ] the truth of the allegations in a complaint ... unless controverted by undisputed facts in the record." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  A Rule 12(b)(1) motion should only be granted if it "appears certain" that the plaintiff cannot prove any set of facts in support of its claim entitling plaintiff to relief.  *In re FEMA Trailer Formaldehyde Products Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012).

Avidas' "facial" attack fails for several reasons.  First, La Jolla Spa has alleged that it entered into the Sales and Distribution Agreement with Avidas. (Doc. No. 87, ¶ 2.)  These allegations must be accepted as true.  *United States v. One 1997 Mercedes E420*, 175 F.3d at 1130–31 & n. 1.  Second, the face of the Sales and Distribution Agreement confirms that La Jolla Spa is a party to the agreement.  (Doc. No. 87, Ex. 1 [first paragraph].)  Third, Avidas has admitted that it entered into the Sales and Distribution Agreement with La Jolla Spa.  (Doc. No. 90, ¶2.)  Fourth, in addition to the Sales and Distribution Agreement, La Jolla Spa has alleged that Avidas entered into and breached the Know-How Agreement. (Doc. No. 87 [¶¶2, 12, 19 & Ex. 1].)  Avidas does not dispute that La Jolla Spa is a party to the Know-How Agreement, which, in and of itself, would be sufficient for this Court to have subject matter jurisdiction.  (Doc. No. 90, ¶2.)

Avidas "factual" attack fails because the extrinsic evidence submitted from the California Secretary of State's website only concerns York-Goldman Enterprises, Inc., which is not a party to this case.

Because Avidas' "facial" and "factual" attacks fail, the Court should deny the motion to dismiss for lack of subject matter jurisdiction.

### b.  <u>The motion to dismiss for failure to state a claim should be denied.</u>

Avidas contends that the Court should dismiss the breach of contract cause of action in its entirety because Avidas believes that La Jolla Spa is not a party to the Sales and Distribution Agreement.

For the reasons stated above, La Jolla Spa is a party to the Sales and

1  Distribution Agreement.  Even if there is a genuine dispute on this issue, it does not

2  matter.  On a motion to dismiss, "[the Court must] strive to resolve any contractual

3  ambiguities in the [non-moving party's] favor." *Int'l Audiotext Network, Inc. v.*

4  *Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995); *Martin Marietta Corp. v. Int'l*

5  *Telecom. Satellite Org.*, 991 F.2d 94, 97 (4th Cir. 1992) (dismissing claim is error

6  when contractual provisions at issue are ambiguous).

7      Avidas also contends that "other elements are missing – including damages."

8  Avidas is wrong.  La Jolla Spa has alleged that it suffered damages.  [Doc. No. 90

9  at ¶¶5, 11, 19-20.]   In reviewing a motion to dismiss under Rule 12(b)(6), the Court

10 must assume the truth of all factual allegations and must construe them in the light

11 most favorable to the nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d

12 336, 337-38 (9th Cir. 1996).

13     Finally, the Court cannot dismiss the breach of contract claim because La

14 Jolla Spa has also stated a valid claim for breach of the Know-How Agreement,

15 which Avidas does not attack.  (Doc. No. 10 at pp. 10-11.)

16 **IV.    THE MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED.**

17          **a. Legal standard**

18     When a party moves for summary judgment under Fed. R. Civ. P. 56(b), the

19 motion should only be granted if "under the governing law, there can be but one

20 reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

21 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

22     The party seeking summary judgment bears the initial burden of establishing

23 the basis of its motion and of identifying the portions of the declarations, pleadings,

24 and discovery that demonstrate absence of a genuine issue of material fact. *Celotex*

25 *Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  "[A]

26 moving party without the ultimate burden of persuasion at trial thus may carry its

27 initial burden of production by either of two methods. The moving party may

28 produce evidence negating an essential element of the nonmoving party's case, or,

after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000). "A moving party may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence." *Id*. at 1105 (citing *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) ["Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial."]).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. *Nissan Fire & Marine*, 210 F.3d at 1103.

## b. <u>Avidas has not met its initial burden of production to sufficiently demonstrate the absence of a genuine issue of fact.</u>

Avidas has not moved for partial summary judgment in the alternative. (Doc. No. 96.) "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex*, 477 U.S. at 323; *Katz v. Children's Hosp.*, 28 F.3d 1520, 1534 (9th Cir. 1994). As such, the Court should only consider whether summary judgment as to the entire claim for breach of contract is appropriate.

### i. <u>Avidas has not produced sufficient evidence negating an essential element of La Jolla Spa's breach of contract claim.</u>

Avidas contends that the elements of (1) existence of a contract and (2) La Jolla Spa's performance are "missing." Avidas' contention relies entirely on the argument that La Jolla Spa was not a party to the Sales and Distribution Agreement.

As explained above, the face of the Sales and Distribution Agreement confirms that La Jolla Spa is a party thereto. As such, Avidas has not carried its burden to negate the existence of one of the two agreements that is the subject of

7

1  the breach of contract claim.

2      Also relying on its argument about the parties to the Sales and Distribution

3  Agreement, Avidas contends that La Jolla Spa (as a purported non-party) was not

4  obligated to perform.  As explained above, on its face, La Jolla Spa is a party to the

5  Sales and Distribution Agreement.  Because Avidas has not demonstrated that La

6  Jolla Spa failed to perform its obligations under the Sales and Distribution

7  Agreement, Avidas has failed to carry its burden as to the second element.[1]

8      Additionally, Avidas makes no mention of the existence of Know-How

9  Agreement, which is also the subject of La Jolla Spa's breach of contract claim.  As

10  such, Avidas has not carried its burden to negate the existence of the other

11  agreement that is the subject of the breach of contract claim.

12          ii.  <u>Avidas has not shown that La Jolla Spa does not have enough

13              evidence of an essential element of its breach of contract claim

14              to carry La Jolla Spa's burden at trial.</u>

15      Avidas contends that there is not "a scintilla of evidence proving any material

16  facts underlying" the third and fourth elements for breach of contract.  In doing so,

17  Avidas argues that La Jolla Spa cannot prove a breach or damages because there

18  have been no sales of Vitaphenol products after the purported termination and that

19  La Jolla Spa has no proof of sales after the termination.  As explained below, there

20  is a genuine issue of fact as to sales and efforts to sell occurring after termination.

21  However, La Jolla Spa has alleged two other breaches in the Third Amended

22  Complaint that Avidas does not address at all.

23      First, La Jolla Spa alleges that Avidas breached by not paying La Jolla Spa

24  for the inventory purchased by SciDerma Medical LLC in August 2010, i.e., before

25

26  _____

27      [1] Avidas admits that (the defined term) "YGE" performed by selling in excess
    of 17,000 units of inventory to Avidas pursuant to the Sales and Distribution

28  Agreement.  (Doc. No. 96-1 at 11-12.)

the May 2014 termination.  (Doc. No. 87, ¶11.)  Avidas has not met its initial burden of production to sufficiently demonstrate the absence of a genuine issue of fact as to this breach.

Second, La Jolla Spa alleges that Avidas breached by not returning, and instead allegedly destroying, some or all of the unsold inventory to La Jolla Spa in violation of Paragraph 4.g. of the Sales and Distribution Agreement.  (Doc. No. 87, ¶¶13, 19.)  Avidas has not met its initial burden of production to sufficiently demonstrate the absence of a genuine issue of fact as to this breach.

Because Avidas did not meet its burden of production as to the latter two breaches, La Jolla Spa is not required to respond.  *See Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1105.

  **c.  <u>Even if Avidas has met its burden, there are genuine issues of fact.</u>**

    i.  <u>A genuine issue of fact exists as to whether La Jolla Spa is a party to the Sales and Distribution Agreement.</u>

Not only does the Sales and Distribution Agreement identify La Jolla Spa as a party, but Avidas has admitted that La Jolla Spa is a party.  [Disputed Facts 1, 7; *see also* Undisputed Facts 11-13.]  In addition, when Avidas paid some royalties, it paid them to La Jolla Spa.  [Undisputed Fact 14.]  As such, there is a genuine issue of fact for a jury to decide.

    ii.  <u>A genuine issue of fact exists as to whether Avidas breached the Sales and Distribution Agreement.</u>

Avidas has admitted that it breached Paragraph 4.g of the Sales and Distribution Agreement by not returning all unsold inventory of Vitaphenol products to La Jolla Spa MD, Inc. after May 8, 2014.  [Undisputed Facts 25-26.]  Avidas made this admission, in part, by not timely serving a response request for admission regarding the same.  Avidas' failure to timely respond resulted in an automatic admission to the breach.  Fed. R. Civ. P. 36(a)(3).

iii.   <u>A genuine issue of fact exists as to whether Avidas paid all</u>
       <u>money owed to La Jolla Spa.</u>

Avidas attempts to claim that it paid all royalties owed [Disputed Fact 9], but Avidas does not provide a measuring stick.  Instead, Avidas relies on a combination of unauthenticated accounting summaries, checks and correspondence.  [*See* Ex. J to Chovanes Decl. ISO SJ Motion.]  The evidence offered by Avidas in support of the Disputed Fact 9 cannot be presented in a form that would be admissible in evidence.  *See* Evidentiary Objections No. 1.

Even if it could, the evidence does not establish how much royalties were *owed* and how much was *paid* in order to prove that "all" royalties were paid. Without additional evidence showing what was owed and what was paid, the Court should find that summary judgment on this breach is not appropriate.  *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) ("Given these unexplained gaps in the materials submitted by [the moving party], we conclude that [the moving party] failed to fulfill its initial burden of demonstrating ... a critical element in this aspect of the case ...").

In any event, the fact is disputed because Avidas did not pay any royalties to La Jolla Spa when it sold inventory to SciDerma Medical, LLC in August 2010. [Undisputed Fact 17.]  As such, there is a genuine dispute for a jury to decide.

iv.   <u>A genuine issue of fact exists as to whether La Jolla Spa has</u>
      <u>been damaged by Avidas' breach of the Sales and Distribution</u>
      <u>Agreement.</u>

La Jolla Spa has offered additional undisputed material facts establishing it has incurred damages resulting from Avidas' breaches of the Sales and Distribution Agreement.  More specifically, La Jolla Spa suffered damages by Avidas' failure to pay La Jolla Spa any money (including the cost of inventory and royalties) when Avidas sold its inventory to SciDerma Medical, LLC in August 2010.  [Undisputed Fact 18.]  In addition, La Jolla Spa suffered damages when Avidas did not return,

1    and instead allowed for the destruction, existing inventory after Avidas purported to

2    terminate the agreements with La Jolla Spa.   [Undisputed Fact 27.]

3                    v.   <u>A genuine issue of fact exists as to whether there were sales of</u>

4                         <u>Vitaphenol products after the purported termination.</u>

5         Avidas contends La Jolla Spa cannot prove any Vitaphenol sales occurred

6    after July 11, 2014, the effective termination date.  In support of its contention,

7    Avidas makes a convoluted argument about 10 bottles and cartons that were

8    purchased off the Internet by La Jolla Spa after July 11, 2014 and how the markings

9    on the documents somehow establish that those products were actually sold before

10   November 15, 2012.

11        Avidas has not set forth any evidence or facts regarding the bottles,

12   markings, or sales dates in its Separate Statement.  *See* Civ. Chambers R. IV ("All

13   motions for summary judgment must be accompanied by a separate statement of

14   undisputed material facts.")  Therefore, because it is unclear what "fact" or

15   "evidence" La Jolla Spa has to dispute, the Court should not consider the argument

16   at all. *See Adickes*, 398 U.S. at 158.

17        Even if the Court were to entertain the argument, it misses the mark because

18   there were efforts to sell and sales of Vitaphenol products after July 11, 2014.

19   [Undisputed Facts 21-23.]

20   **V.    CONCLUSION**

21        The Court should deny all motions in their entirety.

22

23   Dated: August 5, 2019                    **JAMES T. RYAN, P.C.**

24                                     By   *s/ James T. Ryan*
                                           _____
25                                         James T. Ryan, Attorney for Plaintiff

26

27

28

OPPOSITION TO MOTION FOR DISMISSAL/SUMMARY JUDGMENT