James T. Ryan, Esq. (SBN 210515)
JAMES T. RYAN, P.C.
1110 Glenville Dr. # 307
Los Angeles, California 90035
Tel: 310.990.2889
Email: jr@jamestryan.com

For Plaintiff LA JOLLA SPA MD, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA JOLLA SPA MD INC.,<br><br>Plaintiff,<br>vs.<br><br>AVIDAS PHARMACEUTICALS, LLC, a limited liability company; and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO. 17-cv-1124-MMA (WVG)<br><br>RESPONSE TO SEPARATE STATEMENT OF FACTS SUBMITTED IN CONNECTION WITH OPPOSITION TO MOTION FOR DISMISSAL UNDER F.R.C.P. 12(b)(1) AND 12(b)(6), OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT UNDER F.R.C.P. 56<br><br>Judge: Hon. Michael M. Anello<br>Date: August 19, 2019<br>Time: 2:30 p.m.<br>Courtroom: 3D |

Plaintiff La Jolla Spa MD, Inc. hereby responds to the purported undisputed facts submitted by Defendant Avidas Pharmaceuticals, LLC and provides additional undisputed material facts in support of Plaintiff's Opposition.[1]

| Defendant's Fact/Evidence | Plaintiff's Response/Objection |
|---|---|
| 1. The Sales and Distribution Agreement, attached to the TAC as Exhibit 1, is between York-Goldman Enterprises, Inc. and Avidas Pharmaceuticals.<br><br>Evidence: *TAC, ECF No. 87, Ex. 1, Sales and Distribution Agreement, at p. 1.* | DISPUTED. The Sales and Distribution Agreement is "by and between York-Goldman Enterprises, Inc. and La Jolla Spa MD, with a principal place of business at 7630 Fay Avenue, La Jolla, CA (hereinafter referred to as "YGE"), and Avidas Pharmaceuticals, LLC."<br><br>Evidence: Third Amended Complaint ("TAC"), Ex. 1 (Sales and Distribution Agreement, at first paragraph) (Doc No. 87). |
| 2. The Sales and Distribution Agreement shows that York-Goldman Enterprises ("YGE") was the owner of the Inventory conveyed pursuant to that agreement.<br><br>Evidence: *Id.* | DISPUTED. The Sales and Distribution Agreement defines "YGE" as "York-Goldman Enterprises, Inc. and La Jolla Spa MD." York-Goldman Enterprises, Inc. and La Jolla Spa MD, which are jointly defined as "YGE," owned the inventory conveyed pursuant to the Sales and Distribution |

---

[1] Defendant neglected to number its facts, so, for ease of reference, Plaintiff has numbered the facts in the same order presented by Defendant.

| | |
|---|---|
| | Agreement.<br><br>Evidence: TAC, Ex. 1 (Sales and Distribution Agreement, at first paragraph) (Doc No. 87). |
| 3. Avidas purchased the Inventory with free and clear title from YGE.<br><br>Evidence: *Id*. | DISPUTED. The Sales and Distribution Agreement defines "YGE" as "York-Goldman Enterprises, Inc. and La Jolla Spa MD." York-Goldman Enterprises, Inc. and La Jolla Spa MD, which are jointly defined as "YGE," owned the inventory conveyed pursuant to the Sales and Distribution Agreement.<br><br>Evidence: TAC, Ex. 1 (Sales and Distribution Agreement, at first paragraph) (Doc No. 87). |
| 4. YGE represented and warranted to Avidas in the agreement that it had the complete authority to enter this Agreement and that upon delivery of the Inventory to Avidas, Avidas shall receive good and marketable title to the Inventory, free and clear of all security interests, liens, or other encumbrances of any kind or character. | DISPUTED. The Sales and Distribution Agreement defines "YGE" as "York-Goldman Enterprises, Inc. and La Jolla Spa MD." York-Goldman Enterprises, Inc. and La Jolla Spa MD, which are jointly defined as "YGE," owned the inventory conveyed pursuant to the Sales and Distribution Agreement. |

| | |
|---|---|
| Evidence: *Id*. | Evidence: TAC, Ex. 1 (Sales and Distribution Agreement, at first paragraph) (Doc No. 87). |
| 5. The Inventory was delivered to Avidas and Avidas received good, free and clear title.<br><br>Evidence: *Id*. | UNDISPUTED that the inventory specified in the Sales and Distribution Agreement was delivered to Avidas and that Avidas received good, free and clear title to the inventory from York-Goldman Enterprises, Inc. and La Jolla Spa MD.<br><br>Evidence: TAC, Ex. 1 (Sales and Distribution Agreement, at first paragraph) (Doc No. 87). |
| 6. LaJolla is an "affiliated company" and has nothing to do with the sale of the Inventory and transfer of title for the Inventory by YGE to Avidas.<br><br>Evidence: *Id*. | UNDISPUTED that La Jolla Spa is an "affiliated company" of York-Goldman Enterprises, Inc.<br><br>DISPUTED that La Jolla Spa has "nothing to do" with the sale of the inventory and transfer of title to Avidas. The Sales and Distribution Agreement is "by and between York-Goldman Enterprises, Inc. and La Jolla Spa MD, with a principal place of business at 7630 Fay Avenue, La Jolla, CA (hereinafter referred to as "YGE"), |

| | |
|---|---|
| | and Avidas Pharmaceuticals, LLC." <br><br> Evidence: TAC, Ex. 1 (Sales and Distribution Agreement, at first paragraph) (Doc No. 87). |
| 7. Plaintiff LaJolla was not a signatory to the Sales and Distribution Agreement. <br> Evidence: *Id*. | DISPUTED. The Sales and Distribution Agreement is "by and between York-Goldman Enterprises, Inc. and La Jolla Spa MD, with a principal place of business at 7630 Fay Avenue, La Jolla, CA (hereinafter referred to as "YGE"), and Avidas Pharmaceuticals, LLC." The agreement was signed by Receiver M. Daniel Close on behalf of both York-Goldman Enterprises, Inc. and La Jolla Spa MD under the defined term "YGE". <br><br> Evidence: TAC, Ex. 1 (Sales and Distribution Agreement, at first paragraph) (Doc No. 87). <br><br> FURTHER DISPUTED. Avidas entered into the Sales and Distribution Agreement with La Jolla Spa MD, Inc. <br><br> Evidence: Declaration of James T. |

| | |
|---|---|
| | Ryan (Ryan Decl.), Ex. 1 (Deposition of Avidas, 32:18-33:8; 35:9-15; 38:3-6; 43:17-23; 49:13-24; 210:19-211:6); Avidas' Opp. to Motion for Leave to File a Third Amended Complaint, at 4:12-17, 5:3-4, 6:12-14 (Doc. No. 47); Avidas' Answer to Third Amended Complaint, at 1:14-19 (Doc. No. 90). |
| 8. Avidas shall pay YGE a royalty of 8% of Avidas's Profit on its sales of such Inventory.<br><br>Evidence: *Id*. | UNDISPUTED that Avidas was contractually obligated to, *inter alia*, pay a royalty of 8% of Avidas' Profit on its sales of the inventory it received pursuant to Paragraph 3.f of the Sales and Distribution Agreement.<br><br>DISPUTED that the royalty payment was supposed to be made to York-Goldman Enterprises, Inc. The Sales and Distribution Agreement defines "YGE" as "York-Goldman Enterprises, Inc. and La Jolla Spa MD."<br><br>Evidence: TAC, Ex. 1 (Sales and Distribution Agreement, at first paragraph) (Doc No. 87).<br><br>FURTHER DISPUTED because in |

| | |
|---|---|
| | addition to payment of an 8% royalty, Avidas was supposed to pay La Jolla Spa for the cost of the inventory.<br><br>Evidence: TAC, Ex. 1 (Sales and Distribution Agreement, at 3.b, 3.c. & 3.f.) (Doc No. 87). |
| 9. Avidas paid all such royalties.<br><br>Evidence: *Ex. J to Chovanes Declar. ISO SJ Motion at A_001001; A_001003 to A_001066.* | DISPUTED for multiple reasons. First, the evidence offered in support of the fact cannot be presented in a form that would be admissible in evidence. *See* Evidentiary Objections No. 1.<br><br>Second, it is unclear what "such royalties" are intended to describe. In addition to payment of an 8% royalty, Avidas was supposed to pay La Jolla Spa for the cost of the inventory.<br><br>Evidence: TAC, Ex. 1 (Sales and Distribution Agreement, at 3.b., 3.c. & 3.f) (Doc No. 87).<br><br>Third, Avidas did not pay any money to La Jolla Spa when it sold inventory to SciDerma Medical, LLC in August 2010. |

|  |  |
|---|---|
|  | Evidence: Ryan Decl., Ex. 1 (Deposition of Avidas, 102:21-106:11; 112:9-21; 200:13-23; 201:21-204:14); Ryan Decl., Ex. 2 (Deposition of Avidas, Ex. 56 [Inventory and License Agreement, pp. 1, 3-4]); Ryan Decl., Ex. 3 (Deposition of Avidas, Ex. 61 at p. A_1042); Declaration of Robert Taylor (Report of Robert A. Taylor dated May 20, 2019, pp. 3-6). |
| 10. YGE is recorded as having "Suspended" status in the California Business Records maintained by the Secretary of State.<br><br>Evidence: *Ex. A to Chovanes Declar. ISO MTD* | UNDISPUTED and irrelevant. |
| **Plaintiff's Additional Material Facts** | **Defendant's Response** |
| 11. The Sales and Distribution Agreement is "by and between York-Goldman Enterprises, Inc. and La Jolla Spa MD, with a principal place of business at 7630 Fay Avenue, La Jolla, CA (hereinafter referred to as "YGE"), and Avidas Pharmaceuticals, LLC." |  |

8

| | |
|---|---|
| Evidence: TAC, Ex. 1 (Sales and Distribution Agreement, at first paragraph) (Doc No. 87). | |
| 12. The Sales and Distribution Agreement defines "YGE" as "York-Goldman Enterprises, Inc. and La Jolla Spa MD." <br><br> Evidence: TAC, Ex. 1 (Sales and Distribution Agreement, at first paragraph) (Doc No. 87). | |
| 13. Avidas entered into the Sales and Distribution Agreement with La Jolla Spa MD, Inc. <br><br> Evidence: Ryan Decl., Ex. 1 (Deposition of Avidas, 32:18-33:8; 35:9-15; 38:3-6; 43:17-23; 49:13-24; 210:19-211:6); Avidas' Opp. to Motion for Leave to File a Third Amended Complaint, at 4:12-17, 5:3-4, 6:12-14 (Doc. No. 47); Avidas' Answer to Third Amended Complaint, at 1:14-19 (Doc. No. 90). | |
| 14. When Avidas did pay some royalties for Vitaphenol sales, it paid those royalties to La Jolla Spa, not | |

| | |
|---|---|
| York-Goldman Enterprises, Inc.<br><br>Evidence: Avidas' Motion for Summary Judgment at 15:6 ("royalties were duly paid by Avidas to LaJolla on the units") & 16:16-17 ("royalties were duly paid by Avidas to LaJolla on the units"). | |
| 15. Avidas sold about 26,969 units of Vitaphenol product to SciDerma Medical LLC in or about August 2010.<br><br>Evidence: Avidas' Motion for Summary Judgment, 14:16-22; Declaration of Julie Chovanes ISO SJ Motion, Ex. L; Ryan Decl., Ex. 1 (Deposition of Avidas, 108:11-19, 173:6-15). | |
| 16. Avidas was contractually obligated to pay the cost of each item of inventory and a royalty of 8% of Avidas' Profit on its sales of the Vitaphenol inventory.<br><br>Evidence: TAC, Ex. 1 (Sales and Distribution Agreement, at 3.b., 3.c. & | |

| | |
|---|---|
| 3.f.) (Doc No. 87). | |
| 17. Avidas did not pay La Jolla Spa for the cost of each item of inventory or a royalty of 8% when Avidas sold its Vitaphenol inventory to SciDerma Medical LLC in August 2010.<br><br>Evidence: Ryan Decl., Ex. 1 (Deposition of Avidas, 102:21-106:11; 112:9-21; 200:13-23; 201:21-204:14); Ryan Decl., Ex. 2 (Deposition of Avidas, Ex. 56 [Inventory and License Agreement, pp. 1, 3-4]); Ryan Decl., Ex. 3 (Deposition of Avidas, Ex. 61 at p. A_1042); Declaration of Robert Taylor (Report of Robert A. Taylor dated May 20, 2019, pp. 3-6). | |
| 18. La Jolla Spa suffered damages by Avidas' failure to pay money owed to La Jolla Spa when it sold its Vitaphenol inventory to SciDerma Medical, LLC in August 2010.<br><br>Evidence: Declaration of Robert Taylor (Report of Robert A. Taylor dated May 20, 2019, pp. 3-6). | |

| | |
|---|---|
| 19. Paragraph 4.c. of the Sales and Distribution Agreement states: "Avidas may terminate this Agreement early upon sixty days prior written notice in the event it determines in its sole discretion that continuation of its efforts to promote and sell the Inventory is no longer in its best business interest."<br><br>Evidence: TAC, Ex. 1 (Sales and Distribution Agreement, at 4.c.) (Doc No. 87). | |
| 20. By letter dated May 8, 2014, Avidas gave sixty days' notice to La Jolla Spa (not York-Goldman Enterprises, Inc.) that it had decided it was no longer in the best interest of Avidas to promote and sell Vitaphenol and was terminating the agreement effective July 11, 2014.<br><br>Evidence: Declaration of Julie Chovanes ISO SJ Motion, Ex. O. | |
| 21. Avidas and its licensee, SciDerma Medical LLC, continued efforts to sell Vitaphenol products in | |

| | |
|---|---|
| inventory after July 11, 2014.<br><br>Evidence: Ryan Decl., Ex. 10 (Email from Margaret Gardner (President of Avidas) to Joe Kuchta dated July 18, 2014 discussing "inventory sell off"); Ryan Decl., Ex. 11 (Email from Margaret Gardner (President of Avidas) to Joe Kuchta dated July 24, 2014); Ryan Decl., Ex. 1 (Avidas Depo., 253:14-254:13). | |
| 22. The e-commerce website used to sell Vitaphenol products (vitaphenol.americommerce.com) was operational until in or about June 2017.<br><br>Evidence:  Ryan Decl., Ex. 9 (EPI May 16, 2017 request to cancel website) | |
| 23. Sales of Vitaphenol products occurred after July 11, 2014.<br><br>Evidence:  Ryan Decl., Ex. 8 (Deposition of Craig Langbo on behalf of EPI Printers, Inc., 4:20-25, 6:15-18, 8:4-15, 9:14-21, 18:13-20, 20:19-21:19, 37:12-38:3, 51:22-52:9.) | |

| | |
|---|---|
| 24. Paragraph 4.g of the Sales and Distribution Agreement states: "In the event of termination in whole or in respect of any product, Avidas shall return all unsold Inventory to YGE or unsold Inventory of terminated product(s) (SKUs) if the Agreement is terminated in respect of fewer than all products."<br><br>Evidence: TAC, Ex. 1 (Sales and Distribution Agreement, at ¶4.g.) (Doc No. 87). | |
| 25. Avidas did not return the remaining unsold Vitaphenol inventory to La Jolla Spa after May 8, 2014.<br><br>Evidence: Declaration of Peter J. Pfund, ¶¶ 2-7, Ex. 1 (La Jolla Spa's Request for Admission No. 6) & Ex. 2 (Avidas' untimely response to Request for Admission No. 6); Ryan Decl., Ex. 10 (Email from Margaret Gardner (President of Avidas) to Joe Kuchta dated July 18, 2014 discussing "inventory sell off"); Ryan Decl., Ex. 11 (Email from Margaret Gardner | |

| | |
|---|---|
| (President of Avidas) to Joe Kuchta dated July 24, 2014); Ryan Decl., Ex. 1 (Avidas Depo., 253:14-254:13, 262:8-12, 263:19-264:11). | |
| 26. Avidas breached Paragraph 4.g of the Sales and Distribution Agreement by not returning all unsold inventory of Vitaphenol products to La Jolla Spa MD, Inc. after May 8, 2014.<br><br>Evidence: Ryan Decl., ¶¶6-9 & Exs. 6 & 7. | |
| 27. La Jolla Spa suffered damages when Avidas did not return, and instead allowed for the destruction of, existing inventory after Avidas purported to terminate the agreements with La Jolla Spa.<br><br>Evidence: Declaration of Robert Taylor (Report of Robert A. Taylor dated May 20, 2019 at pp. 7-10). | |

Dated: August 5, 2019                 **JAMES T. RYAN, P.C.**

                                        By   *s/ James T. Ryan*
                                              James T. Ryan, Attorney for Plaintiff