James T. Ryan, Esq. (SBN 210515)
JAMES T. RYAN, P.C.
1110 Glenville Dr. # 307
Los Angeles, California 90035
Tel:  310.990.2889
Email:  jr@jamestryan.com

For Plaintiff LA JOLLA SPA MD, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA JOLLA SPA MD INC., | CASE NO. 17-cv-1124-MMA (WVG) |
| Plaintiff, | EVIDENTIARY OBJECTIONS SUBMITTED IN CONNECTION WITH OPPOSITION TO MOTION FOR |
| vs. | DISMISSAL UNDER F.R.C.P. 12(b)(1) |
| AVIDAS PHARMACEUTICALS, LLC, a limited liability company; and DOES 1 through 10 inclusive, | AND 12(b)(6), OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT UNDER F.R.C.P. 56 |
| Defendants. | Judge:  Hon. Michael M. Anello Date:  August 19, 2019 Time:  2:30 p.m. Courtroom:  3D |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EVIDENTIARY OBJECTIONS**

**Objection No. 1**

<u>Materials objected to</u>: Ex. J to Chovanes Declar. ISO SJ Motion (A_001001; A_001003 to A_001066).

<u>Basis for objection</u>:  The evidence offered in support of the fact cannot be presented in a form that would be admissible in evidence at trial.  Fed. R. Civ. Pro. 56(c)(2).

There is no foundation laid for the documents contained in Exhibit J (A_001001; A_001003 to A_001066).  Fed. R. Civ. Pro. 56(c)(4).  They are attached to the Declaration of Ms. Chovanes and she does not lay any foundation for the contents of the 60+ pages of correspondence and summaries containing handwriting and copies of checks, including who prepared them or the manner in which they were prepared.  Documents authenticated through personal knowledge must be "attached to an affidavit that meets the requirements of [Federal Rule of Civil Procedure 56(c)] and the affiant must be a person through whom the exhibits could be admitted into evidence." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002) (quotation omitted) ("[U]nauthenticated documents cannot be considered in a motion for summary judgment.").  Ms. Chovanes cannot offer A_001001 or A_001003 to A_001066 into evidence because they were not created or received by her and appear to reference events taking place at least 4 years before her representation began.[1]  "A document can be authenticated [under Rule 901(b)(1)] by a witness who wrote it, signed it, used it, or saw others do so." *Orr*, 285 F.3d at 774, n.8 (citing 31 Wright & Gold, Federal Practice & Procedure:

---

[1] A declarant's mere assertions that she possesses personal knowledge and competency to testify are not sufficient. *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (9th Cir.1990).  A declarant must show personal knowledge and competency "affirmatively," under Rule 56(e), for example, by "the nature of the declarant's position and nature of participation in matter." *Id*.

1  Evidence § 7106, 43 (2000).)[2]

2      The numbers, correspondence and handwriting on various documents are

3  also objectionable as inadmissible hearsay because they were supposedly authored

4  by Avidas and are offered for the truth.  The accounting summaries also contain

5  inadmissible double hearsay because they contain information provided by a third

6  party: SciDerma Medical LLC.  *See* Declaration of James T. Ryan, Ex. 1

7  (Deposition of Avidas at pp. 207:13-210:5).  The summaries are offered for the

8  truth of the statement that "Avidas paid all such royalties."  Fed. R. Evid. 801, 802.

9  There is no explanation of the source information for the numbers that SciDerma

10  Medical LLC reported to Avidas, who created Avidas summaries, or why they are

11  reliable.

12

13                    **Objection No. 2**

14  Materials objected to: Ex. P to Chovanes Declar. ISO SJ Motion (letter from

15  Margaret Gardner to Dianne York dated June 10, 2014).

16  Basis for objection:  The letter lacks foundation and is not properly authenticated.

17  Fed. R. Civ. Pro. 56(c)(4); Fed. R. Evid. 901. In addition, the letter was written by

18  Avidas and contains inadmissible hearsay because it is offered for the truth of the

19  matter.  Fed. R. Evid. 801, 802.

20

21

22

23

24

25      [2] Paragraph 11 of Ms. Chovanes' declaration states that the documents were

26  produced *by Avidas* in discovery, but that is not sufficient to authenticate the

27  documents.  *Cf. Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d
881, 889 n. 12 (9th Cir.1996) (documents produced by a party in discovery were

28  deemed authentic *when offered by the party-opponent*).

1

**Objection No. 3**

2    <u>Materials objected to</u>: Ex. Q to Chovanes Declar. ISO SJ Motion (two accounting

3    summaries following letter from Keith Lange to Avidas dated June 9, 2014 Page ID

4    1628-1629).

5    <u>Basis for objection</u>:  The evidence offered in support of the fact cannot be presented

6    in a form that would be admissible in evidence at trial.  Fed. R. Civ. Pro. 56(c)(2).

7         There is no foundation laid for the two accounting summary documents.

8    Fed. R. Civ. Pro. 56(c)(4).  They are attached to the Declaration of Ms. Chovanes

9    and she does not lay any foundation for the contents of the summaries containing

10   handwriting, including who prepared them or the manner in which they were

11   prepared.  Documents authenticated through personal knowledge must be "attached

12   to an affidavit that meets the requirements of [Federal Rule of Civil Procedure

13   56(c)] and the affiant must be a person through whom the exhibits could be

14   admitted into evidence." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir.

15   2002) (quotation omitted) ("[U]nauthenticated documents cannot be considered in a

16   motion for summary judgment.").  None of the documents were created by Ms.

17   Chovanes, they were not created or received by her, and appear to reference events

18   taking place at least 4 years before her representation began.  (Doc. No. 52.)  "A

19   document can be authenticated [under Rule 901(b)(1)] by a witness who wrote it,

20   signed it, used it, or saw others do so." *Orr*, 285 F.3d at 774, n.8 (citing 31 Wright

21   & Gold, Federal Practice & Procedure: Evidence § 7106, 43 (2000).)

22        In addition, the accounting summaries also contain inadmissible double

23   hearsay.  *See* Declaration of James T. Ryan, Ex. 1 (Deposition of Avidas at pp.

24   207:13-210:5).  The summaries are offered for the truth of the statement that

25   "Avidas paid all such royalties."  Fed. R. Evid. 801, 802.  There is no explanation

26   of the source information for the numbers that SciDerma Medical LLC reported to

27   Avidas, who created Avidas summaries, or why they are reliable.

28

1

**<u>Objection No. 4</u>**

2   <u>Materials objected to</u>: Ex. T to Chovanes Declar. ISO SJ Motion (2017 emails

3   between Joe Kuchta and Margaret Gardner).

4   <u>Basis for objection</u>: The email lacks foundation and is not properly authenticated.

5   Fed. R. Civ. Pro. 56(c)(4); Fed. R. Evid. 901.  In addition, the emails sent by Mr.

6   Kuchta (of SciDerma Medical LLC) contain inadmissible hearsay because they are

7   offered for the truth of the matter that Vitaphenol sales ceased in 2014.  Fed. R.

8   Evid. 801, 802.

9

10

11   Dated: August 5, 2019                                   **JAMES T. RYAN, P.C.**

12                                                        By   *s/ James T. Ryan*
                                                             _____
13                                                           James T. Ryan, Attorney for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28