Jennifer J. McGrath, Esq. (State Bar No. 211388)
THEODORA ORINGHER PC
1840 Century Park East, Suite 500
Los Angeles, California 90067-2120
Telephone: (310) 557-2009
Facsimile: (310) 551-0283

Julie Chovanes, Esq. (pro hac vice)
CHOVANES LAW LLC
P.O. Box 4307
Philadelphia, PA 19119
Telephone:(267) 235-4570
Facsimile: (888) 966-0126

Attorneys for Defendant Avidas
Pharmaceuticals, LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| LA JOLLA SPA MD, INC., | Case No. 3:17-cv-01124-MMA-WVG |
|---|---|
| Plaintiff, | **DEFENDANT AVIDAS PHARMACEUTICALS, LLC'S OBJECTIONS PURSUANT TO RULE 72(A) AND S.D.CAL LOCAL RULE 72.1(b) RE: MAGISTRATE JUDGE'S ORDER DOC. NO. 103** |
| vs. | |
| AVIDAS PHARMACEUTICALS, LLC, | |
| Defendant. | Judge: Hon. Michael M. Anello |

Case No. 3:17-cv-01124-MMA-WVG

*DEFENDANT AVIDAS PHARMACEUTICALS, LLC'S EX PARTE MOTION FOR RECONSIDERATION*

I. <u>Introduction</u>

This Memorandum is being filed in support of Defendant Avidas' Objections pursuant to Fed.R.Civ.Pro. 72(a) and Local Rule 72.1(b) to the Order (Doc. No. 103, the "Order") on the grounds that the Order is clearly erroneous and/or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).[1]

The Order imposed sanctions on Defendant's counsel, including monetary sanctions, under Fed.R.Civ.Pro. 30(d), 28 U.S.C. § 1927, and the inherent power of the Court to control litigation, for Defendant counsel's perceived behavior at a deposition of Defendant's President Ms. Margie Gardner-Hunt. The Order also imposes payment obligations on counsel by September 17, 2019, as well as self-reporting deadlines to Pennsylvania's state bar of the Order and associated materials by September 24, 2019 with verification to the Court by October 1, 2019.

These Objections are being filed because it is submitted the Order fails to properly apply the law and the facts in this case.

<u>2. The Order Fails to Consider Recent Controlling Supreme Court Authority</u>

The Order fails to properly apply the law because it fails to consider recent controlling authority from the Supreme Court: *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017). *Goodyear* is unmentioned in

---

[1] Chambers instructed local counsel's office today to file this paper in this form, rather than as a motion. Defendant's counsel conferred with opposing counsel, James T. Ryan, Esq. prior to filing this paper, and if, after review, Plaintiff does oppose the parties agreed to the following briefing schedule: Plaintiff's Opposition due on or before September 30, 2019; Defendant's Reply on or before October 7, 2019.

the Order, yet directly on point, as it addressed the need to establish "but for" test for sanctions, requiring any monetary sanctions pursuant to a finding of bad faith and the Court's inherent powers be compensatory rather than punitive:

> This Court has made clear that such a sanction, when imposed pursuant to civil procedures, must be compensatory rather than punitive in nature….In other words, the fee award may go no further than to redress the wronged party "for losses sustained"; it may not impose an additional amount as punishment for the sanctioned party's misbehavior. To level that kind of separate penalty, a court would need to provide procedural guarantees applicable in criminal cases, such as a "beyond a reasonable doubt" standard of proof. When (as in this case) those criminal-type protections are missing, a court's shifting of fees is limited to reimbursing the victim.

*Id.* at 1186. (citations, quotations omitted.)

Sanctions must be awarded under "a but-for test": a party "may recover 'only the portion of his fees that he would not have paid but for' the misconduct." *Id.* at 1187. If an expense would have been incurred even absent any bad faith conduct, it cannot be part of a bad faith fee award, and a court may not shift fees if "the same work would have been done (for example, the same deposition taken) to contest the non-frivolous claims in the suit." *Id.*

Moreover, *Goodyear* addressed the other bases for the Court's award that are relevant here as well, both under the Federal Rules of Civil Procedure (such as Rule 30(d) used by the Order) and 28 U.S.C. § 1927:

> Rule-based and statutory sanction regimes similarly require courts to find such a causal connection before shifting fees. For example, the Federal Rules of Civil Procedure provide that a district court may order a party to pay attorney's fees "caused by" discovery misconduct, Rule 37(b)(2)(C), or "directly resulting from" misrepresentations in pleadings, motions, and other papers, Rule 11(c)(4). And under 28 U. S. C. §1927, a court may require an attorney who unreasonably multiplies proceedings to pay attorney's fees incurred "because of" that misconduct. Those provisions confirm the need to establish a causal link between misconduct and fees when acting under inherent authority, given that such undelegated powers should be exercised with especial restraint and discretion.

*Goodyear*, 137 S. Ct. at n. 5, cite, quotations omitted.)

The Order did not apply the "but for" test and did not even mention the test nor *Goodyear*. It is submitted that the but for test would have shown the proposed sanctions are improper, as Plaintiff was to take the deposition anyway – and Plaintiff's conclusion of the deposition provides ample evidence that there is no prejudice to Plaintiff under the controlling "but for" test of *Goodyear*. Therefore, it is submitted, the Order is contrary to controlling law in analyzing the availability of sanctions, and in imposing the sanctions it did impose, and should be withdrawn in its entirety.[2]

---

[2] *Goodyear* specifically regrejected the egregious kind of behavior analysis the Order employed. *Id*. at 1185-1187.

### 3. The Order Fails to Consider the Limiting Authorities in This Case

The Order is also clearly erroneous because it fails to take into effect, or even mentions, the prior limiting Orders and instructions on discovery in this case.

This case began with the filing of a ten count Complaint. The Court dismissed nine of the counts. (Doc. No. 10). On January 9, 2019, the Court held its first hearing with present counsel, holding:

> I think the more prudent course is to allow some discovery. Not -- not the -- the discovery that Mr. Ryan is suggesting that he needs, that go well beyond what's allowed in the rules. And there's nothing in this case that would even lead me to believe that as -- the relaxation in these - in the numbers and the limitations provided by the rules is justified. Certainly not on this record.
>
> Because I do believe that Ms. York, on behalf of La Jolla Spa and La Jolla Spa the party, needs to understand that there are consequences for prior counsel's failure to do his job. And, you know, the sins of prior counsel are now visited upon you, Mr. Ryan. And you're going to have to make due with the -- with the limitations that I'm going to set. And you're going to have to be laser-like focused in your discovery requests to get exactly what you need.
>
> So I'm going to allow some discovery. I'm going put this on an expedited schedule. I'm going to limit the -- the discovery as well…
>
> I know you've got other cases that you're working on but this case is going to be litigated. It's a 2017 case. It's now 2019. This

case should have been wrapped up a long time ago. And so we're going to -- we're going to move it along. But, Mr. Ryan, you're going to be hamstrung in the requests you can make for discovery, and you are going to have to live with those limitations. And so you're going to have to be very, very precise in what you're asking for.

*See also* the Order Dismissing nine of the ten Counts of the first Complaint (Doc. No. 10), Order Denying Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. No. 49), and the ruling on proportionality in this case:

THE COURT: And Rule 26B that talks about the discovery scope and limits says:  Unless otherwise limited by the court -- by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to these of the case.  And then it goes on and lists a number of criteria to  determine proportionality.

So I'm guided by the pleadings.

(Tr. February 7, 2019, Doc. No. 61 at p. 33, lines 11-21.)

The Order does not cite that limiting instruction, however, that limiting instruction and the other limiting Orders in this case define the scope – and every single incident the Court cites in the Order, at pages 10-40 is outside the scope and fails to supply the precision the Court noted was necessary in this case.

Further, the fact that there is no prejudice to plaintiff, that there are no damages according to the "but for" test confirms that the Chovanes acted precisely within the scope of the case as defined by the limiting Orders. Otherwise the Order and/or Plaintiff would have noted the need to return and

answer questions – but since they all were answered within the boundaries defined by the Court the deposition was declared complete by Plaintiff.[3]

### 4. Conclusion

For the reasons given herein and the related papers in this case, the Order should be withdrawn. Any subsequent proceedings should take into account the Supreme Curt's opinion in *Goodyear* mandating the form of sanctions here, as well as the prior limiting Orders and instructions in this case, as well as the fact there is no harm nor delay to Plaintiff's case nor intent to cause harm, as well as the potential dismissal of the case under the papers currently *sub judice*.

DATED: September 15, 2019                           RESPECTFULLY SUBMITTED

                                                    Chovanes Law LLC

                                                    By: /s/ Julie Chovanes

                                                    Attorney for Plaintiff

---

[3] The Order also made numerous references to "hostile" and other conduct by counsel in conferences before the Court. Counsel is simply baffled by this assertion. The Court has never indicated that counsel was hostile or created a hostile environment and only met counsel for the first time at the settlement conference, where nothing was said about counsel creating a hostile environment. Moreover, counsel believes that it is simply impossible for her to have created a hostile environment by the "tone of her voice" at the deposition, as the Order states at n. 4. The deposition took place at Plaintiff's counsel's supplied office, in an environment totally controlled by Plaintiff and counsel had no ability to create a hostile environment by the tone of her voice. Moreover, the Court did not consider ability to pay and Chovanes notes here that she has no ability to pay.