# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA JOLLA SPA MD, INC,<br><br>                               Plaintiff,<br><br>v.<br><br>AVIDAS PHARMACEUTICALS, LLC,<br><br>                              Defendant. | Case No. 3:17-CV-01124-MMA-WVG<br><br>**ORDER RE: OBJECTION TO MAGISTRATE JUDGE'S SANCTIONS ORDER**<br><br>[Doc. No. 105] |

Defense Counsel Julie Chovanes ("Defense Counsel") for Avidas Pharmaceuticals, LLC ("Defendant") filed an objection to Magistrate Judge William V. Gallo's Order Granting Plaintiff's Motion for Sanctions. Doc. No. 93.[1] La Jolla Spa MD, Inc. ("Plaintiff") filed an opposition to the objection. Doc. No. 107. Defense Counsel did not

---

[1] The Court refers to Julie Chovanes as "Defense Counsel" even though it received two ex parte communications on October 7, 2019, noting that Defendant terminated the attorney-client relationship and intends to retain new counsel. *See* Doc. No. 110. However, she is still counsel of record for Defendant. As such, the Court refers to her as "Defense Counsel" for the purposes of this Order.

Further, despite Ms. Chovanes filing the objection on behalf of Defendant, an ex parte communication received from President of Defendant states that Chovanes filed the objection "without any consultation of me, and despite the fact that the sanctions order was directed against her personally without contribution by Avidas." Therefore, the Court treats the objection as an objection made personally by Ms. Chovanes.

1

file a reply.[2] For the reasons set forth below, the Court finds the objection untimely and declines to rule on the merits of Defense Counsel's objection to the Magistrate Judge's order.

## BACKGROUND

Defense Counsel objects to a sanctions order issued by the Magistrate Judge on August 30, 2019. The underlying dispute centers on the deposition of Margaret Gardner on May 3, 2019, in Philadelphia, Pennsylvania. Doc. No. 103 at 3–4. The Magistrate Judge found that Defense Counsel went beyond the bounds of professionalism and "continuously interrupted, lodged frivolous objections, improperly instructed Gardner to not answer questions, and extensively argued with [Plaintiff's Counsel] Ryan." *Id.* at 2, 4.

After a hearing on Friday, August 16, 2019, the Magistrate Judge issued an Order Granting Plaintiff's Motion for Sanctions. Doc. No. 103. The Magistrate Judge ordered as follows:

> Plaintiff's motion for sanctions is GRANTED, and Chovanes is sanctioned for the conduct, reasons, and under the authority set forth above. Accordingly:
>
> 1. Without reimbursement from Defendant, Chovanes is sanctioned in the amount of $28,502.03 payable to Ryan's trust account **on or before September 17, 2019**.
>
> 2. Chovanes shall self-report to the State Bar of Pennsylvania **on or before September 24, 2019**. The reporting shall consist of a copy of this Order, the full transcript of the Gardner deposition, the full transcript of the August 16, 2019 sanctions hearing, and the 128 video clips submitted as part

---

[2] The Court's Minute Order on September 17, 2019, established the briefing schedule for the objection. Doc. No. 106. The Minute Order called for a reply brief due on or before October 7, 2019. *Id.* Defense Counsel failed to file a reply, apparently due to the breakdown in the attorney-client relationship. Regardless, no reply brief is necessary because the Court disposes of the matter on procedural grounds. *See infra*.

of Plaintiff's sanctions motion. **On or before October 1, 2019**, Chovanes shall file a declaration under oath that confirms compliance with this Order and that all documents and video clips were submitted to the State Bar of Pennsylvania.

3. Chovanes shall henceforth attach a copy of this Order as an exhibit to any pro hac vice application for admission to practice before the United States District Court for the Southern District of California. This requirement shall have no expiration date and shall remain in effect *in perpetuity*.

Doc. No. 103 at 47. The Magistrate Judge found sanctions appropriate based on the power conferred by Federal Rule of Civil Procedure 30(d)(2), 28 U.S.C. § 1927, and the inherent power of federal courts to levy sanctions. *Id.* at 7–10, 20, 40–44. Defense Counsel filed her Rule 72(a) objection on Monday, September 16, 2019. Doc. No. 105. Defense Counsel argues that the Magistrate Judge failed to consider a recent Supreme Court case, which would have rendered the sanctions improper. *See* Doc. No. 105 at 2–4. Additionally, Defense Counsel claims that the Magistrate Judge's previous discovery orders made her conduct permissible. *See* Doc. No. 105 at 4–6.

### LEGAL STANDARD

A district judge's review of a magistrate judge's order on a nondispositive motion is limited. "[A] party may serve and file objections to the order *within 14 days* after being served with a copy. *A party may not assign as error a defect in the order not timely objected to*. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a) (emphasis added); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) ("The district court shall defer to the magistrate's orders unless they are clearly erroneous or contrary to

law."). Under Rule 72, the reviewing district judge may not supplant his or her own judgment in place of the deciding magistrate judge. *Grimes*, 951 F.2d at 241.

The decision whether to impose sanctions is a nondispositive matter. *See* 28 U.S.C. § 636(b)(1)(A); Civ. Loc. R. 72.1(b); *see also Grimes*, 951 F.2d at 241 (noting that discovery sanctions are nondispositive and thus magistrate judges may "may impose prospective sanctions pursuant to Rule 37 where such sanctions are necessary to enforce compliance with a valid discovery order"); *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 985–89 (N.D. Cal. 2012) (holding that a magistrate judge has the inherent power to issue spoliation sanctions); *Keithley v. Homestore.com, Inc.*, 629 F. Supp. 2d 972, 974 (N.D. Cal. 2008) (deeming monetary sanctions for attorneys' fees and costs to be a nondispositive ruling).

## DISCUSSION

Plaintiff argues Defense Counsel's objection is untimely because she failed to seek relief within the 14-day deadline under Rule 72(a). Doc. No. 107 at 5. Plaintiff asserts that Defense Counsel was thirty (30) days late based on the Magistrate Judge's oral ruling at the August 16, 2019 hearing. *Id.* at 6.

As noted above, an objecting party under Rule 72(a) must "file objections to the order within 14 days" of the magistrate judge's order. Fed. R. Civ. P. 72(a). In computing time, the Court must "(A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." *Id.* at 6(a)(1).

Here, the Magistrate Judge issued a written ruling granting Plaintiff's Motion for Sanctions on Friday, August 30, 2019. Doc. No. 103. Defense Counsel filed her objection on Monday, September 16, 2019. Doc. No. 105.

As a preliminary matter, Plaintiff's argument that that the objection is 30 days late based on the August 16, 2019, hearing is unavailing. The date of the hearing did not start

4

the 14-day objection window because Rule 72(a) addresses "objections to the order." Fed. R. Civ. P. 72(a). Thus, the Magistrate Judge's August 30 Order triggered the 14-day objection window. To be certain, the Magistrate Judge stated at the hearing: "What I've placed on the record here is not the written order. A written order will issue shortly." Doc. No 104 at 27:17–19. Therefore, the "order" prompting the 14-day objection window is the August 30, 2019 order.

Pursuant to Federal Rule of Civil Procedure 6, the 14-day period in which to object began the following day on Saturday, August 31, 2019. *See* Fed. R. Civ. P. 6(a)(1)(A). Starting the computation on Saturday August 31, 2019, the Court counts each day. The final day of the 14-day objection window fell on Friday, September 13, 2019— a weekday and nonholiday that does not trigger the Rule 6(a)(1)(C) tolling provision. Therefore, because the objection was due Friday, September 13, 2019, and Defense Counsel filed her objection on Monday, September 16, 2019, Defense Counsel's objection is untimely.

An untimely objection to a nondispositive magistrate judge's order is a procedural defect that forecloses relief under Rule 72(a). *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to."); *CNPq-Conselho Nacional de Desenvolvimento Cientificoe Technologico v. Inter-Trade, Inc.*, 50 F.3d 56, 59 (D.C. Cir. 1995) (holding that a Rule 72 objection made one day late fails to preserve the objection for appeal); *Baker v. Ensign*, No. 11-CV-2060-BAS WVG, 2014 WL 4055353, at *6 (S.D. Cal. Aug. 14, 2014) (holding an untimely Rule 72(a) objection did not entitle the objecting party to relief under a Rule 60(b) motion and also relief was not warranted on the merits); *Maisonet v. Genett Grp., Inc.*, 863 F. Supp. 2d 138, 143 (D.P.R. 2012) ("Because a district court is under no obligation to review a portion of a magistrate judge's report unless an objection to it has been filed, the belated submission of plaintiff's objection is enough to preclude reexamination of those relevant portions of the R & R."); *see also Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) (finding that a failure to file a Rule 72(a) objection at the district court forecloses

appellate review of discovery sanctions); *Stemler v. City of Florence*, 126 F.3d 856, 866 n.9 (6th Cir. 1997) (stating that failure to make a Rule 72(a) objection waives the objection on appeal). Because Defense Counsel failed to timely object, she forfeited the availability of any relief under Rule 72(a).[3]

## CONCLUSION

Based on the foregoing, the Court finds the objection untimely and declines to rule on the merits of Defense Counsel's objection to the Magistrate Judge's sanctions order. Accordingly, the Magistrate Judge's order remains in full force and effect.

**IT IS SO ORDERED**.

Dated: October 10, 2019

Hon. Michael M. Anello
United States District Judge

---

[3] Plaintiff further requests the Court impose additional monetary sanctions of at least $4,600 against Defense Counsel pursuant to 28 U.S.C. § 1927 and the Court's inherent authority to levy sanctions. Doc. No. 107 at 13–14. Given that Defense Counsel's objection is procedurally deficient, the Court declines to address the merits of the objection and, additionally, declines to entertain Plaintiff's request for additional sanctions.