# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA JOLLA SPA MD, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVIDAS PHARMACEUTICALS, LLC, <br><br> Defendant. | Case No. 17cv1124-MMA (WVG) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S EX PARTE MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSES AND TO AMEND THE PRETRIAL SCHEDULING ORDER** <br><br> [Doc. No. 118] |

On October 24, 2019, Avidas Pharmaceuticals, LLC ("Defendant") filed an ex parte motion to reopen discovery for limited purposes and to amend the Court's Pretrial Scheduling Order dated October 7, 2019. Doc. No. 118.[1] Pursuant to its Civil Chamber's Rules, the Court granted La Jolla Spa MD, Inc.'s ("Plaintiff") request for additional time to respond to the motion. Doc. No. 119. Plaintiff responded on October 31, 2019. Doc. No. 120. For the reasons set forth below, the Court **GRANTS in part and DENIES in part** Defendant's ex parte motion.

---

[1] All citations refer to the pagination assigned by the CM/ECF system.

# I. MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSES

## A. Legal Standard

Courts examine multiple factors when deciding whether to amend a Rule 16 scheduling order reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), *vacated and remanded on other grounds sub nom. Hughes Aircraft Co. v. U.S. ex rel. Schumer*, 520 U.S. 939 (1997)).

"It's 'significantly' harder to reopen discovery once it's closed than to extend a discovery deadline." *Anderson v. Loma Linda Cmty. Hosp.*, 996 F.2d 1223 (9th Cir. 1993) (citing *West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1524 (9th Cir.1990)). In determining whether to reopen discovery, "[d]istrict courts have 'wide latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a clear abuse of discretion.'" *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) (citations omitted). "A district court abuses its discretion *only if the movant diligently pursued previous discovery opportunities*, and if the movant can show how allowing additional discovery would have precluded summary judgment." *Id.* at 1026 (emphasis added) (citations omitted). The Ninth Circuit "decline[s] to limit the district court's ability to control its docket by enforcing a discovery termination date, even in the face of requested supplemental discovery that might have revealed highly probative evidence, when the plaintiff's prior discovery efforts were not diligent." *Id.* at 1027.

**B. Discussion**

Defendant moves to reopen discovery for limited purposes: "(1) to take half-day depositions of Diane York-Goldman, Mitchel Goldman, and Plaintiff's expert—Robert Taylor; and (2) to propound an additional three interrogatories and four requests for admissions." Doc. No. 118-1 at 21. Arguing that Defendant fails to meet the standard to reopen discovery, Plaintiff emphasizes that Defendant must carry the consequences of its failure to depose the witnesses given that it has been two-and-a-half years since the case was filed to conduct discovery, and it knew of the importance of the witnesses it seeks to depose. Doc. No. 120 at 12.

The first factor—imminence of trial—weighs in favor of Defendant in light of the Court granting Defendant's motion to amend the Pretrial Scheduling Order. *See infra* Part II.B. Given that this Order pushes the trial date to May 2020, trial is no longer as imminent as it would have been under the Court's previous Order.

The second factor—opposition to the request—clearly weighs in favor of Plaintiff because it opposes the ex parte motion. *See* Doc. No. 120.

The third factor—prejudice to the nonmoving party—weighs in favor of Plaintiff because of the additional fees and costs associated with the depositions and written discovery coupled with the undue delay associated with the request. Defendant points to a district court order that found "in the absence of undue delay, the need for additional discovery and postponement of trial do not constitute prejudice to the defendant." *Bear, LLC v. Marine Grp. Boat Works, LLC*, No. 14CV2960 BTM(BLM), 2016 WL 3667152, at *3 (S.D. Cal. July 11, 2016). However, here, there is undue delay.

Defendant, through its prior attorneys, had two opportunities to conduct discovery. The Magistrate Judge's April 19, 2018 Scheduling Order called for all fact discovery to be completed on or before June 18, 2018, and for all expert witness discovery to be completed on or before August 27, 2018. Doc. No. 24 at 2. On January 9, 2019, the Magistrate Judge issued an Amended Scheduling Order providing for limited discovery for all fact discovery to be completed on or before April 8, 2019, and for all expert

witness discovery to be completed on or before June 17, 2019.  Doc. No 54 at 2.  These discovery deadlines involved overlap of at least three of Defendant's previous counsel—not solely previous defense counsel Julie Chovanes ("Chovanes") whose actions Plaintiff extensively claims was "egregious" and prejudicial to Defendant. *See, e.g.*, Doc. No. 118-1 at 5, 16, 18, 22, 23

In the parties' joint discovery plan signed January 15, 2018, Defendant anticipated "approximately 3-4 depositions including the potential for depositions of out-of-state witnesses.  These depositions will include at least Dianne York-Goldman, Mitchell Goldman, and the representatives of Perfume AZ Warehouse and the entity that sold Vitaphenol products to Perfume AZ Warehouse." Doc. No. 120-3 at 5.  This document was signed by previous defense counsel Gary Brucker ("Brucker"). *Id.* at 7.  Under a later joint discovery plan signed January 4, 2019, by previous defense counsel Jennifer McGrath ("McGrath"), Defendant states the following: "Defendant believes discovery is complete"; "Defendant believes no changes [to the limitations of discovery] are necessary and discovery is over"; and "[a]s noted herein Defendant believes no further discovery is necessary." Doc. No. 120-4 at 4, 5, 10, 13.  At the subsequent January 9, 2019 discovery conference—where McGrath and Chovanes appeared on behalf of Defendant—Chovanes made the following representations:

> [Ms. Chovanes] As we pointed out in our opposition to the motion to amend the -- the -- or to their motion to -- to amend -- to present a third amended complaint, as we pointed out in their discovery, their responses to our discovery were complete.
>
> [. . .]
>
> [Ms. Chovanes] That the time for dispositive motions -- and specifically we would like to file a summary judgment motion based on the fact that *we have everything the plaintiff has produced and will produce*.

4

Doc. No. 55 at 13:7–10, 15:25–16:3 (emphasis added). The Magistrate Judge explained that the Court would allow for very limited discovery:

> Discovery was open. Discovery was closed. No effort to bring to the Court's attention any disputes was -- was attempted by Mr. Pfund, nor by Mr. Bruckner, if he was unhappy with the plaintiff's discovery.
>
> And I'm reading the joint discovery plan. *And this defendant now, Avidas, is contending that no discovery needs to be done*. And I certainly understand that because, you know, the plaintiff has the burden. And if the plaintiff doesn't have any evidence, then, you know, it's going to be a tough uphill battle for the plaintiff.
>
> [. . .]
>
> Because I do believe that Ms. York, on behalf of La Jolla Spa and La Jolla Spa the party, needs to understand that *there are consequences for prior counsel's failure to do his job*. And, you know, the sins of prior counsel are now visited upon you, Mr. Ryan. And you're going to have to make due with the -- with the limitations that I'm going to set. And you're going to have to be laser-like focused in your discovery requests to get exactly what you need.
>
> So I'm going to allow some discovery. I'm going to put this on an expedited schedule. I'm going to limit the -- the discovery as well. I'm going to limit the time in which the parties have to respond, as I did previously, back in my 2018 scheduling order in April.
>
> I'm going to limit the time in which any disputes must be brought to my attention. And both sides are going to have to turn their -- their attention to this case. I know you've got other cases that you're working on *but this case is going to be litigated. It's a 2017 case. It's now 2019. This case should have been wrapped up a long time ago. And so we're going to -- we're going to move it along*. But, Mr. Ryan, you're going to be hamstrung in the requests you can make for discovery, and you are going to have to live with those limitations. And so you're going to have to be very, very precise in what you're asking for.
>
> *And, Ms. Chovanes or Ms. McGrath, you're going to have to respond to discovery. You have a right to propound discovery, too*. And both sides are

> going to have to be -- to be prepared to respond quickly, efficiently, meet and confer immediately if there are disputes, and bring those disputes immediately to my attention by jointly calling the Court and advising the Court that there is a dispute.

*Id.* at 20:4–13, 22:17–23:22 (emphasis added). Despite having two opportunities to conduct discovery between at least three different attorneys and indicating the desire to depose two of the three sought deponents, Defendant neglected to conduct such discovery. In light of the case's history, Defendant's desire to reopen discovery for limited purposes constitutes undue delay. Coupled with Defendant's undue delay, reopening discovery would prejudice Plaintiff by requiring expending time and resources to something both parties were already given two opportunities to complete.

The fourth factor—diligence of the moving party—weighs strongly in favor of Plaintiff for the same reasons addressed for the third factor. Defendant was not diligent in obtaining discovery, even if Defendant's new counsel was diligent after being appointed. As noted above, Defendant was aware of the discovery it now seeks but ultimately failed to conduct such discovery. As the executed January 4, 2019 joint discovery plan demonstrates, failure to take discovery appears to have been a result of necessity or tactics given that Brucker "did not receive the guidance and approvals needed to defend the action" for the discovery deadlines and McGrath represented that "Defendant believes no further discovery is necessary." Doc. No. 27-2 at 2; Doc. No. 120-4 at 10. Indeed, it appears Defendant's strategy was to focus on dispositive motion practice to reach a favorable judgment. *See* Doc. No. 55 at 15:25–16:3; Doc. No. 120-4 at 5, 11–12. The Court finds that Defendant—through its prior counsel—was not diligent in obtaining the discovery given that it anticipated the now sought depositions, requests for admission, and written interrogatories, *see* Doc. No. 120 at 4–5, but failed to conduct the discovery.

The fifth factor—foreseeability—similarly weighs in favor of Plaintiff. The depositions of Diane York-Goldman and Mitchel Goldman as well as the written

discovery were entirely foreseeable given the January 2018 joint discovery plan submitted by Brucker. *See* Doc. No. 120-3 at 5. A deposition of Robert Tyler, Plaintiff's expert, was similarly foreseeable in light of the April 2019 Scheduling Order and subsequent January 2019 Amended Scheduling Order that required the parties to "exchange with all other parties a list of all expert witnesses expected to be called at trial to present evidence." Doc. No. 24 at 1; Doc. No. 54 at 2. The Court finds that the requested written discovery was foreseeable, given that both parties were given two opportunities to engage in discovery. *See* Doc. No 54 at 1. The Court is not inclined to give Defendant a third opportunity.

The sixth factor—likelihood of relevant evidence—weighs in favor of Defendant as to two of the sought depositions but weighs in favor of Plaintiff for the remainder of the sought discovery. Defendant argues that the depositions of York-Goldman and Mitchel Goldman relate "to Plaintiff's business, and the performance of the contract at issue." Doc. No. 118-3 at 8. The Court finds that this meets the low bar of relevance. *See* Fed. R. Evid. 401. However, as to the expert deposition, Defendant does not explain how the deposition "has any tendency to make a fact more or less probable than it would be without the evidence." *Id.* at 401(a). Instead, it claims the deposition "would balance Avidas['s] need for expert discovery with the circumstances that we are now left with because of Ms. Chovanes['s] failure to conduct expert discovery in any way." Doc. No. 118-3 at 8. This explanation fails to highlight facts that would be made more or less probable as a result of the deposition. The Court applies the same reasoning to the request for additional written discovery based on Plaintiff's similar argument.

After assessing the various factors, the Court finds Defendant has failed to carry its burden to reopen discovery. Therefore, the Court **DENIES** Defendant's motion to reopen discovery for limited purposes.

## II. MOTION TO AMEND THE PRETRIAL SCHEDULING ORDER

**A. Legal Standard**

7

A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). A pre-trial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" necessary to modify a scheduling order focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (citing *Johnson*, 975 F.2d at 609); *see also* Fed. R. Civ. P. 16 Notes of Advisory Committee on Rules— 1983 Amend. ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. Despite the inquiry's focus on the moving party's rationale for the proposed modification, prejudice to the opposing party "might supply additional reasons to deny a motion." *Id.* Additionally, "extraordinary circumstances is a close correlate of good cause." *Id.* at 610.

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that [it] was diligent in assisting the Court in creating a workable Rule 16 order; (2) that [its] noncompliance with a Rule 16 deadline occurred or will occur notwithstanding [its] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [it] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [the movant] could not comply with the order.

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (internal citations omitted).

As to the third factor, "[t]he arrival of new counsel [typically] does not entitle parties to conduct additional discovery or otherwise set aside valid and binding orders of the court, regardless of the efficacy of any new strategy counsel seeks to follow."

*Alvarado Orthopedic Research, L.P. v. Linvatec Corp.*, No. 11cv0246 IEG(RBB), 2012 WL 6193834, at *3 (S.D. Cal. Dec. 12, 2012) (internal citations and quotations omitted). *But see Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1169 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 24, 2002) ("We join [several] Circuits in holding that where the client has demonstrated gross negligence on the part of his counsel, a default judgment against the client may be set aside pursuant to Rule 60(b)(6)"). In addition, "[t]he good cause standard typically will not be met where the [movant] has been aware of the facts and theories supporting amendment since the inception of the action." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013).

**B. Discussion**

Defendant moves to amend the Pretrial Scheduling Order because it argues that it has met the good cause standard given that Chovanes's "behavior justifies an exception to the general rule that clients should be held to the conduct of their attorneys." Doc. No. 118-1 at 16. Defendant further adds that current defense counsel has acted diligently despite Chovanes's shortcomings but, despite this, "does not have time to obtain the entire case file, and then review it, all while preparing for pre-trial proceedings and trial and reasonably meeting these upcoming deadlines." *Id.* at 20. Plaintiff responds that Defendant has not demonstrated "good cause" or that it cannot comply with the Pretrial Scheduling Order deadlines. Doc. No. 120 at 5–6. Arguing that Chovanes's actions do not prevent current defense counsel from complying with the Pretrial Scheduling Order, Plaintiff states that new defense counsel does not detail what documents it needs given that documents are available through PACER and files can be turned over from Chovanes; the first deadline is in January and counsel only needs to prepare for trial; Defendant "chose to 'start anew' even though it only complains about Ms. Chovanes['s] conduct"; and Defense counsel does not identify deadlines that conflict with his schedule. *Id.* Plaintiff points to further evidence that amending the Order is improper. Chovanes diligently litigated the case and would have been prepared for trial. *Id.* at 6–7.

Defendant also had experienced local defense counsel, McGrath, partnered with Chovanes but deliberately had McGrath take a limited role in the litigation. *Id.* at 7–8. Further, recently retaining new counsel is not grounds to establish good cause. *Id.* at 8. Finally, Plaintiff argues Defendant's own actions created its current predicament, which forecloses any possible showing of good cause. *See id.* at 10–11.

As the docket history shows, both parties have shuffled through new counsel since the case's inception in 2017. In its Order Denying in Part Plaintiff's Motion to Amend the Scheduling Order, the Court found Plaintiff was not diligent in seeking amendment to a Rule 16 order because, in part, replacing counsel does not entitle a party to modify deadlines or constitute good cause under Rule 16. *See* Doc. No. 49 at 6; *see also Alvarado Orthopedic Research, L.P.*, 2012 WL 6193834, at *3. The Court now holds Defendant to the same standard.

Any noncompliance with the Order's deadlines—despite new defense counsel's diligence—springs from matters that could have been foreseen or anticipated when the Court issued the Order. *See supra* Section I.B (detailing the foreseeability, lack of diligence, and lack of good faith issues in denying Defendant's request to reopen discovery). Given that Defendant only blames Chovanes for the deficient representation, Defendant's choice to replace Chovanes *and* McGrath with new counsel cannot serve as a means to give Defendant more time to recover from its litigation strategy. Changing attorneys as the case enters the trial stage would foreseeably cause compliance problems. Moreover, any allegations regarding Chovanes's carelessness "is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. Despite Chovanes not taking discovery satisfactory to new defense counsel's preference, the Court notes that Defendant had different counsel before retaining Chovanes who also did not take the discovery now sought. *See supra* Section I.B. The Court finds placing the blame on Chovanes alone ignores the broader context of the case and the tactical choices of several defense counsellors. *See supra* Section I.B. Thus, the Court finds Defendant has not acted diligently, which forecloses relief.

Additionally, Defendant relies on *Tani* to argue that Chovanes's alleged gross negligence in litigating the case constitutes "extraordinary circumstances," a close correlate of "good cause," that warrants amendment of the Order. Doc. No 118-1 at 15–16; *see also Tani*, 282 F.3d at 1168–72. Defendant's argument is unavailing.

The *Tani* court held that a client may seek relief under Rule 60(b)(6) when an attorney "engages in grossly negligent conduct" resulting in default judgment. *Tani*, 282 F.3d at 1172. The Ninth Circuit held that the attorney had been grossly negligent because he "virtually abandoned his client by failing to proceed with his client's defense despite court orders to do so." *Id.* at 1170. The court further noted that the attorney "failed to contact [the opposing party] for preliminary settlement discussions despite being ordered to do so, failed to oppose [the opposing party's] motion to strike the answer, and failed to attend various hearings." Despite these shortcomings, the attorney represented to his client that the case was progressing well. *Id.* at 1171.

The Court finds *Tani* distinguishable from the present case. The facts here do not show that Chovanes abandoned Defendant. Rather, Chovanes appeared at conferences, filed motions, and opposed motions. As to Defendant's argument that Chovanes took "over a year to deliver her Motion to Dismiss and Motion for Summary Judgment," Doc. No. 118-1 at 17, Plaintiff correctly notes that she did file when the timing was later appropriate given that Plaintiff had filed its Motion for Leave to File Third Amended Complaint, which Chovanes appears to have opposed on behalf of Defendant. *See* Doc. Nos. 47-1; Doc. No. 83-1; Doc. No. 83-2. In May 2019, Chovanes filed an answer to the Amended Complaint. *See* Doc. No. 90. In July 2019, Chovanes filed Defendant's Motion to Dismiss and, in the Alternative, for Summary Judgment. *See* Doc. No. 96. Thus, based on the case's history, the Court does not find Chovanes virtually abandoned Defendant to the degree shown in *Tani*.

Moreover, *Tani* involved a party seeking relief from default judgment, an "extreme measure," and the court noted that a case should, "whenever possible, be decided on the merits." *Tani*, 282 F.3d at 1170 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)

(per curiam)). Here, Defendant has not been deprived of relief without disposition on the merits. The scheduling order it seeks to amend pertains to the trial schedule. Thus, even if Chovanes's behavior did rise to the grossly negligent standard under *Tani* for Defendant to now have good cause to amend the Court's Order, Defendant is not "forced to suffer the drastic consequences" of default judgment: it is still entitled to a decision on the merits. *Id.*

However, despite Defendant's unsuccessful arguments, the Court has a scheduling conflict that necessitates moving the trial date. Therefore, the Court **GRANTS** Defendant's motion to amend the Pretrial Scheduling Order to the extent necessary to avoid a conflict with the Court's calendar and to ensure the availability of counsel as noted in the briefs.

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's ex parte motion to reopen discovery for limited purposes and **GRANTS** Defendant's motion to amend the Court's Pretrial Scheduling Order. Accordingly, the Court **AMENDS** the previously issued Order as follows:

1. **Trial Date**: The jury trial of this matter will begin on **May 26, 2020** at **8:30 a.m**. in Courtroom 3D.

2. **Pretrial Disclosures**: Counsel must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **March 16, 2020**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

3. **Motions In Limine**: The parties must file their motions in limine on or before **March 16, 2020**. The parties must file their opposition briefs on or before **March 30, 2020**. No reply briefs will be accepted. *See* Civ. Cham. R. IX. Motions in limine will be heard at the Final Pretrial Conference. The parties should consult the undersigned's Civil Chambers Rules, available on the Court's website, for further information and instructions regarding motions in limine.

4. **Memoranda of Contentions of Fact and Law**: The parties must file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) on or before **March 16, 2020**.

5. **Final Pretrial Conference**: The Final Pretrial Conference is scheduled for **April 13, 2020** at **2:30 p.m.** in Courtroom 3D.

6. **Pretrial Order**: The parties must submit a joint proposed final pretrial order via email to the undersigned's official e-file email address, efile_anello@casd.uscourts.gov, on or before **April 21, 2020**. *See* Civ. Cham. R. X.B. The parties should consult Civil Local Rule 16.1.f.6.c regarding proper form and content.[2]

7. **Proposed Jury Instructions**: The parties must file proposed jury instructions and verdict forms no later than **5:00 p.m.** on **May 21, 2020**. *See* Civ. Cham. R. X.C. The parties must simultaneously email an electronic copy (Microsoft Word or Word Perfect format) to efile_anello@casd.uscourts.gov.

8. **Trial Exhibits**: The parties must provide the Court with two copies of their exhibits no later than **3:00 p.m.** on **May 22, 2020**. *See* Civ. Cham. R. X.D. The parties must deliver their exhibits directly to Chambers on the third floor of the Edward J. Schwartz United States Courthouse.

**IT IS SO ORDERED**.

Dated: November 27, 2019

Hon. Michael M. Anello
United States District Judge

---

[2] Per the Undersigned's Civil Chambers Rule X, "[t]his rule modifies and supersedes the deadlines set forth in Civil Local Rule 16.1.f.6.b, as well as any inconsistent terms of a scheduling/case management order issued in a case by the assigned magistrate judge. Judge Anello **does not** require the parties to submit a joint proposed pretrial order *prior* to the final pretrial conference, and thus the requirement of Local Rule 16.1.f.6.b is **waived**. This policy allows for the parties to take into account the Court's rulings on motions in limine when preparing the joint proposed pretrial order."